IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAMBDA OPTICAL SOLUTIONS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALCATEL-LUCENT SA, ALCATEL- ) <br> LUCENT USA, INC.; ALCATEL-LUCENT ) <br> HOLDINGS, INC.; ALCATEL-LUCENT ) <br> MARKETING, INC.; ADVA AG OPTICAL ) <br> NETWORKING, MEININGEN; ADVA ) <br> OPTICAL NETWORKING NORTH ) <br> AMERICA, INC.; CIENA CORPORATION; ) <br> CISCO SYSTEMS, INC.; ECI TELECOM, ) <br> LTD.; ECI TELECOM AMERICAS, INC.; ) <br> NEC CORPORATION; NEC ) <br> CORPORATION OF AMERICA, INC.; ) <br> TELLABS, INC.; FUJITSU LTD.; FUJITSU ) <br> AMERICA, INC.; FDK AMERICA, INC.; ) <br> FUJITSU COMPUTER PRODUCTS OF ) <br> AMERICA, INC.; FUJITSU FRONTECH ) <br> NORTH AMERICA, INC.; FUJITSU ) <br> NETWORK COMMUNICATIONS, INC.; ) <br> and NOKIA-SIEMENS NETWORKS, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No: _____ <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Lambda Optical Solutions, LLC ("Lambda"), a Delaware limited liability company, by and through its undersigned attorneys alleges as follows:

### The Parties

1. Lambda is a limited liability company duly organized under the laws of the State of Delaware, with its principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, CA 92660.

2. Lambda is informed and believes and thereon alleges that defendant ALCATEL-LUCENT, SA is a corporation duly organized under the laws of France, with its principal place

of business at 54, Rue La Boetie, 75008 Paris, France. ALCATEL-LUCENT, SA maintains executive offices in the United States at 600 Mountain Ave., Murray Hill, NJ 07974.

3. Lambda is informed and believes and thereon alleges that defendant ALCATEL-LUCENT USA, INC., is a corporation duly organized under the laws of the State of Delaware, with its principal place of business at 600 Mountain Ave., Murray Hill, NJ 07974.

4. Lambda is informed and believes and thereon alleges that defendant ALCATEL-LUCENT HOLDINGS, INC., is a corporation duly organized under the laws of the State of Delaware, with its principal place of business at 3400 W. Plano Parkway, Plano, Texas 75075.

5. Lambda is informed and believes and thereon alleges that defendant ALCATEL-LUCENT MARKETING, INC. is a corporation duly organized under the laws of the State of Delaware, with its principal place of business at 3400 W. Plano Parkway, Plano, Texas 75075.

6. Defendants ALCATEL-LUCENT; ALCATEL-LUCENT USA, INC.; ALCATEL-LUCENT HOLDINGS, INC.; and ALCATEL-LUCENT MARKETING, INC.; are collectively referred to herein as "Alcatel-Lucent."

7. Lambda is informed and believes and thereon alleges that defendant ADVA AG OPTICAL NETWORKING, MEININGEN is a corporation duly organized under the laws of Germany, with its principal place of business at Campus Martinsride, Fraunhoferstrasse 9a, 82152 Martinsride/Munich, Germany. ADVA AG OPTICAL NETWORKING, MEININGEN maintains executive offices in the United States at 1 Technology Parkway South, Norcross, Georgia.

8. Lambda is informed and believes and thereon alleges that defendant ADVA OPTICAL NETWORKING NORTH AMERICA, INC. is a corporation duly organized under the laws of the State of Delaware, with its principal place of business at 2301 N. Greenville Avenue, Suite 300, Richardson, Texas 75082.

9. Defendants ADVA AG OPTICAL NETWORKING, MEININGEN and ADVA OPTICAL NETWORKING NORTH AMERICA, INC., are collectively referred to herein as "Adva."

10. Lambda is informed and believes and thereon alleges that defendant CIENA CORPORATION ("Ciena") is a corporation duly organized under the laws of the State of Delaware, with its principal place of business at 1201 Winterson Road, Linthicum, MD.

11. Lambda is informed and believes and thereon alleges that defendant CISCO SYSTEMS, INC. ("Cisco") is a corporation duly organized under the laws of the State of California, with its principal place of business at 170 West Tasman Drive, San Jose, CA.

12. Lambda is informed and believes and thereon alleges that defendant ECI TELECOM, LTD is a corporation duly organized under the laws of Israel, with its principal place of business at 30 Hasivim Street, Petah Tikva 49133, Israel.  ECI TELECOM, LTD maintains executive offices in the United States at 5100 NW 33rd Avenue, Suite 150, Ft. Lauderdale, Florida 33309.

13. Lambda is informed and believes and thereon alleges that defendant ECI TELECOM AMERICAS, INC. is a corporation duly organized under the laws of Florida, with its principal place of business at 5100 NW 33rd Avenue, Suite 150, Ft. Lauderdale, Florida 33309.

14. Defendants ECI TELECOM, LTD and ECI TELECOM AMERICAS, INC., are collectively referred to herein as "ECI."

15. Lambda is informed and believes and thereon alleges that defendant NEC CORPORATION is a corporation duly organized under the laws of Japan, with its principal place of business at 7-1, Shiba 5-come Minato-Ku, Tokyo, Japan.  NEC CORPORATION maintains executive offices in the United States at 6535 North State highway 161, Irving, Texas 75039.

16. Lambda is informed and believes and thereon alleges that defendant NEC CORPORATION OF AMERICA (formerly known as NEC SOLUTIONS (AMERICA)) is a corporation duly organized under the laws of the State of Delaware, with its principal place of business at 6535 North State highway 161, Irving, Texas 75039.

17. Defendants NEC CORPORATION and NEC CORPORATION OF AMERICA are collectively referred to herein as "NEC."

18. Lambda is informed and believes and thereon alleges that defendant TELLABS, INC. ("Tellabs") is a corporation duly organized under the laws of the State of Delaware, with its principal place of business at One Tellabs Center, 1415 W. Diehl Road Naperville, Ill.

19. Lambda is informed and believes and thereon alleges that defendant FUJITSU LTD. is a corporation duly organized under the laws of Japan, with its principal place of business at Shiodome City Center, 1-5-2 Higashi-Shimbasi, Minato-Ku, Tokyo 105-7123 Japan. FUJITSU LTD. maintains executive offices in the United States at 6660 Hawaii Kai Drive, Honolulu, HI 96825.

20. Lambda is informed and believes and thereon alleges that defendant FUJITSU AMERICA, INC. is a corporation duly organized under the laws of the State of California, with its principal place of business at 1250 E. Arques Ave., Sunnyvale, California 94085-5401.

21. Lambda is informed and believes and thereon alleges that defendant FDK AMERICA, INC. is a corporation duly organized under the laws of the State of California, with its principal place of business at 2270 North First Street, San Jose, California 95131-2022.

22. Lambda is informed and believes and thereon alleges that defendant FUJITSU COMPUTER PRODUCTS OF AMERICA, INC. is a corporation duly organized under the laws of the State of California, with its principal place of business at 1250 E. Arques Ave., Sunnyvale, California 94085-5401.

23. Lambda is informed and believes and thereon alleges that defendant FUJITSU FRONTECH NORTH AMERICA, INC. is a corporation duly organized under the laws of the State of Delaware, with its principal place of business at 25902 Towne Centre Dr., Foothill Ranch, California 92610.

24. Lambda is informed and believes and thereon alleges that defendant FUJITSU NETWORK COMMUNICATIONS, INC. is a corporation duly organized under the laws of the State of California, with its principal place of business at 2801 Telecom Parkway, Richardson, Texas, 75082.

25. Defendants FUJITSU, LTD; FUJITSU AMERICA, INC.; FDK AMERICA, INC.; FUJITSU COMPUTER PRODUCTS OF AMERICA, INC.; FUJITSU FRONTECH NORTH AMERICA, INC.; and FUJITSU NETWORK COMMUNICATIONS, INC. are collectively referred to herein as "Fujitsu."

26. Lambda is informed and believes and thereon alleges that defendant NOKIA-SIEMENS NETWORKS is a corporation duly organized under the laws of Finland, with its principal place of business at Karaportti 3, 02610 Espoo, Finland. NOKIA-SIEMENS NETWORKS maintains executive offices in the United States at 575 Herndon Parkway, Suite 200, Herndon, Virginia 20170.

27. Defendants Alcatel-Lucent, Adva, Ciena, Cisco, ECI, NEC, Tellabs, Fujitsu, Nokia- and Siemens are hereinafter collectively referred to as "Defendants."

## Nature of Claims, Jurisdiction, and Venue

28. This action arises under the Patent Laws of the United States under 35 U.S.C.§§ 271 *et seq.*, and seeks damages, injunctive relief and attorneys' fees under 35 U.S.C. §§ 283, 284, and 285. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

29. This Court has personal jurisdiction over Defendants because Defendants are incorporated in this district and/or because Defendants do business in this judicial district, have purposely availed themselves of the privileges and benefits of the laws of the State of Delaware, have directed continuous and systematic activities at this judicial district, and have, on information and belief, committed acts of patent infringement during the course of their business within this judicial district.

30. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## Count I

### (Patent Infringement & Inducement To Infringe)

31. Plaintiff Lambda incorporates and alleges paragraphs 1-30 above as if fully set forth herein.

32. On December 6, 2005, United States Letters Patent No. 6,973,229 (the "'229 Patent") was duly and properly issued for an invention entitled "Node Architecture For Modularized and Reconfigurable Optical Networks, and Methods And Apparatus Therefore." The '229 Patent was duly and legally issued to Lambda Optical Systems Corporation, assignee of inventors Anastasios Tzathas, Moon W. Kim, and Abdella Battou. A copy of the '229 Patent is attached hereto as Exhibit "A."

33. Lambda is the world-wide exclusive licensee under the '229 Patent by virtue of an Exclusive License Agreement entered into with Lambda Optical Systems Corporation, and has the exclusive right and obligation to enforce the '229 Patent, to bring and maintain this action, and to make, have made, use, import, offer or sell products or services covered by the '229 Patent. The Exclusive License Agreement grants all substantial rights to the '229 Patent to Lambda.

34. The '229 Patent is now, and at all time since its date of issuance has been, valid and enforceable.

35. Despite the fact that plaintiff Lambda has exclusive rights in the invention of the '229 Patent, defendant Alcatel-Lucent has infringed, and/or has induced infringement of, literally or under the doctrine of equivalents, the '229 Patent by making, using, offering to sell, and/or selling at least the following product: Alcatel model 1696 Metrospan Optical Network Switch, which embodies one or more claims of the '229 Patent. It is believed that Alcatel-Lucent will continue to infringe and/or induce infringement unless enjoined by this Court. Alcatel-Lucent's infringement and other actions have caused substantial injury to Lambda.

36. On information and belief, Alcatel-Lucent's acts were committed knowingly and intentionally.

37. Despite the fact that plaintiff Lambda has exclusive rights in the invention of the '229 Patent, defendant Avda has infringed, and/or has induced infringement of, literally or under the doctrine of equivalents, the '229 Patent by making, using, offering to sell, and/or selling at least the following product: Adva model FSP 3000 Optical Network Switch, which embodies

one or more claims of the '229 Patent. It is believed that Adva will continue to infringe and/or induce infringement unless enjoined by this Court. Adva's infringement and other actions have caused substantial injury to Lambda.

38. On information and belief, Adva's acts were committed knowingly and intentionally.

39. Despite the fact that plaintiff Lambda has exclusive rights in the invention of the '229 Patent, defendant Ciena has infringed, and/or has induced infringement of, literally or under the doctrine of equivalents, the '229 Patent by making, using, offering to sell, and/or selling at least the following product: Ciena model CN 4200 Optical Network Switch, which embodies one or more claims of the '229 Patent. It is believed that Ciena will continue to infringe and/or induce infringement unless enjoined by this Court. Ciena's infringement and other actions have caused substantial injury to Lambda.

40. On information and belief, Ciena's acts were committed knowingly and intentionally.

41. Despite the fact that plaintiff Lambda has exclusive rights in the invention of the '229 Patent, defendant Cisco has infringed, and/or has induced infringement of, literally or under the doctrine of equivalents, the '229 Patent by making, using, offering to sell, and/or selling at least the following product: Cisco model ONS 15454 Optical Network Switch, which embodies one or more claims of the '229 Patent. It is believed that Cisco will continue to infringe and/or induce infringement unless enjoined by this Court. Cisco's infringement and other actions have caused substantial injury to Lambda.

42. On information and belief, Cisco's acts were committed knowingly and intentionally.

43. Despite the fact that plaintiff Lambda has exclusive rights in the invention of the '229 Patent, defendant ECI has infringed, and/or has induced infringement of, literally or under the doctrine of equivalents, the '229 Patent by making, using, offering to sell, and/or selling at least the following product: ECI model XDM Series Optical Network Switches, which embody one or more claims of the '229 Patent. It is believed that ECI will continue to infringe and/or induce

infringement unless enjoined by this Court. ECI's infringement and other actions have caused substantial injury to Lambda.

44. On information and belief, ECI's acts were committed knowingly and intentionally.

45. Despite the fact that plaintiff Lambda has exclusive rights in the invention of the '229 Patent, defendant NEC has infringed, and/or has induced infringement of, literally or under the doctrine of equivalents, the '229 Patent by making, using, offering to sell, and/or selling at least the following product: NEC model SpectralWave DW4200 Optical Network Switch, which embodies one or more claims of the '229 Patent. It is believed that NEC will continue to infringe and/or induce infringement unless enjoined by this Court. NEC's infringement and other actions have caused substantial injury to Lambda.

46. On information and belief, NEC's acts were committed knowingly and intentionally.

47. Despite the fact that plaintiff Lambda has exclusive rights in the invention of the '229 Patent, defendant Tellabs has infringed, and/or has induced infringement of, literally or under the doctrine of equivalents, the '229 Patent by making, using, offering to sell, and/or selling at least the following product: Tellabs model 7100 Optical Network Switch, which embodies one or more claims of the '229 Patent. It is believed that Tellabs will continue to infringe and/or induce infringement unless enjoined by this Court. Tellabs' infringement and other actions have caused substantial injury to Lambda.

48. On information and belief, Tellabs' acts were committed knowingly and intentionally.

49. Despite the fact that plaintiff Lambda has exclusive rights in the invention of the '229 Patent, defendant Fujitsu has infringed, and/or has induced infringement of, literally or under the doctrine of equivalents, the '229 Patent by making, using, offering to sell, and/or selling at least the following product: Fujitsu model Flashwave 7500 Optical Network Switch, which embodies one or more claims of the '229 Patent. It is believed that Fujitsu will continue to infringe and/or induce infringement unless enjoined by this Court. Fujitsu's infringement and other actions have caused substantial injury to Lambda.

50. On information and belief, Fujitsu's acts were committed knowingly and intentionally.

51. Despite the fact that plaintiff Lambda has exclusive rights in the invention of the '229 Patent, defendant Nokia-Siemens has infringed, and/or has induced infringement of, literally or under the doctrine of equivalents, the '229 Patent by making, using, offering to sell, and/or selling at least the following products: Nokia-Siemens model Surpass hiT 7500 and 7300 Optical Network Switches, which embody one or more claims of the '229 Patent. It is believed that Nokia-Siemens will continue to infringe and/or induce infringement unless enjoined by this Court. Nokia-Siemens' infringement and other actions have caused substantial injury to Lambda.

52. On information and belief, Nokia-Siemens' acts were committed knowingly and intentionally.

53. The amount of money damages that plaintiff Lambda has suffered due to Defendants' acts of infringement has not been calculated but is subject to proof at trial.

### REQUESTED RELIEF

WHEREFORE, plaintiff Lambda respectfully requests the following relief:

a. an accounting by Defendants sufficient to determine damages;

b. the entry of judgment against each of the defendants, awarding money damages to Lambda for Defendants' infringement and/or inducement of infringement of the '229 Patent;

c. an award of treble money damages to Lambda in view of the willful and deliberate nature of the Defendants' conduct;

d. a determination that this is an exceptional case under 35 U.S.C. § 285, and an award to Lambda of its costs and expenses of suit, including reasonable attorneys' fees for bringing and prosecuting this action;

e. an award to Lambda of prejudgment and postjudgment interest;

f. the entry of a permanent injunction, enjoining Defendants from infringing and inducing infringement of the '229 Patent, and;

g. an award to Lambda of such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Lambda respectfully requests a jury trial on all issues triable to a jury.

ASHBY & GEDDES

*/s/ Steven J. Balick*

Steven J. Balick (I.D. #2114)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*
*Lambda Optical Solutions, LLC*

*Of Counsel*:

Anthony J. Dain
Victor M. Felix
Robin L. Phillips
PROCOPIO, CORY, HARGREAVES
   & SAVITCH LLP
530 B Street, Suite 2100
San Diego, CA 92101-4469
(619) 238-1900

Dated: June 4, 2010