IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LAMBDA OPTICAL SOLUTIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 10-487-LPS |
| ALCATEL-LUCENT SA; ALCATEL- | ) | |
| LUCENT USA, INC.; ALCATEL-LUCENT | ) | |
| HOLDINGS, INC.; ALCATEL-LUCENT | ) | |
| MARKETING, INC.; ADVA AG OPTICAL | ) | |
| NETWORKING; MEININGEN; ADVA | ) | |
| OPTICAL NETWORKING NORTH | ) | |
| AMERICA, INC.; CIENA CORPORATION; | ) | |
| CISCO SYSTEMS, INC.; ECI TELECOM, | ) | |
| LTD.; ECI TELECOM AMERICAS, INC.; | ) | |
| NEC CORPORATION; NEC | ) | |
| CORPORATION OF AMERICA, INC.; | ) | |
| TELLABS, INC.; FUJITSU NETWORK | ) | |
| COMMUNICATIONS, INC.; and NOKIA- | ) | |
| SIEMENS NETWORKS, | ) | |
| | ) | |
| Defendants. | ) | |

## LAMBDA OPTICAL SOLUTIONS, LLC'S RESPONSE
## TO DEFENDANT ALCATEL-LUCENT SA'S MOTION TO DISMISS

Plaintiff, Lambda Optical Solutions, LLC ("Lambda"), hereby responds to the motion to

dismiss by defendant Alcatel-Lucent SA ("Alcatel SA") (D.I. 76)[1] in the above action.

By pursuing its motion, Alcatel SA inexplicably insists on litigating an issue that it

knows Lambda is willing to concede, thereby pointlessly forcing both Lambda and the Court to

---

[1]      The opening brief states that Alcatel-Lucent SA is not the correct name for this
defendant, and that it properly is known as Alcatel Lucent.  Although Lambda has no reason to
doubt this, and will cooperate in correcting the caption if this defendant remains in the case, we
nonetheless continue to refer to this defendant as Alcatel-Lucent SA in the title and text of this
response, simply in order to remain consistent with the current caption and maintain a clear
record.

expend resources resolving an issue that is not in dispute.  Specifically, in its motion, Alcatel SA represented, through counsel, that it is a mere holding company that engages in no activity that possibly could create a basis for the infringement claim against it.  Alcatel SA's counsel never contacted Lambda's counsel regarding the issue prior to filing its motion, but upon review of the motion, Lambda's counsel contacted Alcatel SA's counsel and offered to accept that representation and dismiss the claim against Alcatel SA without prejudice.  Lambda asked only that Alcatel SA sign a short letter agreeing to restore the *status quo* in the event that Lambda were to subsequently discover contrary facts supporting a basis to proceed against Alcatel SA on the patent in suit after all, so that Lambda would not suffer prejudice for taking Alcatel SA at its word and dismissing it from the case at the outset[2].  The proposed agreement merely provided that in the event Lambda were to reassert its patent, either by adding Alcatel SA to the current case or by filing a separate complaint against it, Alcatel SA would: (i) waive service of process and either answer the complaint or move to dismiss it within 45 days; and (ii) agree, for purposes of notice, damages, and statutes of limitation, that the original filing date of the complaint in this case would continue to be deemed the date of filing of the reasserted cause of action.

Lambda did not ask Alcatel SA to waive any substantive defense, relinquish any right, agree to provide discovery, or worsen its position in any respect.  In the highly likely event that Alcatel SA's representations are accurate and that no basis to reassert the patent comes to light, Alcatel SA would have gotten out of the case immediately, without being subjected to jurisdictional discovery, and without inconvenience or expense.  All Lambda sought was to avoid its own position being worsened in the highly unlikely event that there turns out to be a basis for asserting the patent against Alcatel SA after all.  Alcatel SA still could contest personal

---

[2]    Lambda voluntarily dismissed five of the six original Fujitsu defendants from this case on November 18, 2010 (D.I. 45) when they executed such a letter agreement.

jurisdiction and assert any and all substantive defenses and counterclaims available to it.  It only would have agreed that Lambda would not be required to again jump through the hoops of effecting overseas service of process, and that Lambda would not forfeit the benefit of the filing date of its original complaint.  Lambda believes that its proposal was and is completely reasonable, and that Alcatel SA is wasting the time and resources of all concerned by needlessly engaging in motion practice when the relief it seeks was offered to it voluntarily shortly after it put Lambda on notice of the issue by the filing of its motion.

WHEREFORE, Lambda respectfully requests that the Court enter the proposed form of order attached hereto as Exhibit A (a copy of which also is being separately docketed for the Court's convenience).

ASHBY & GEDDES

/s/ Steven J. Balick

_____
Steven J. Balick (I.D. #2114)
Lauren E. Maguire (I.D. #4261)
Andrew C. Mayo (I.D. #5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel*:

Anthony J. Dain
Victor M. Felix
Robin L. Phillips
PROCOPIO, CORY, HARGREAVES
    & SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA  92101-4469
619-238-1900

Dated:  March 14, 2011