IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAMBDA OPTICAL SOLUTIONS, LLC, | |
| Plaintiff, | C.A. No. 10-487 (LPS) |
| v. | **DEMAND FOR JURY TRIAL** |
| ALCATEL-LUCENT SA, et al., | |
| Defendants. | |
| ALCATEL-LUCENT USA INC., and ALCATEL-LUCENT HOLDINGS INC., | |
| Counter-Claimants, | |
| v. | |
| LAMBDA OPTICAL SOLUTIONS LLC, LAMBDA OPTICAL SYSTEMS CORP., and ANASTASIOS TZATHAS, | |
| Counter-Defendants. | |

## SCHEDULING ORDER

This ___ day of November, 2011, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on November 3, 2011, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.      Rule 26(a)(1) Initial Disclosures.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within **fourteen (14) days** of the date of this Order.

2.      E-Discovery & Electronically Stored Information ("ESI").  The parties agree to meet and confer regarding the scope and schedule of production of ESI and submit a joint

proposal or competing proposals on areas where they are in disagreement for the Court to resolve.

3.     Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties shall be filed on or before **December 16, 2011**. All motions to amend or supplement the pleadings shall be filed on or before **June 22, 2012**.

4.     Discovery. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

a.     Discovery Cut Off. All discovery in this case shall be initiated so that it will be completed on or before **September 21, 2012**.

b.     Document Production. Document production (including production by counter-defendants) shall be substantially complete by **June 22, 2012**.

c.     Requests for Admission.

i.     Each side is permitted thirty (30) common requests for admission. Each Defendant Group (a Defendant Group consists of one or more Defendants that are related corporate entities) may serve up to twenty (20) individual requests for admission on Plaintiff. Plaintiff may serve up to twenty (20) individual requests for admission on each Defendant Group. The individual requests for admission are in addition to the common requests for admission. Notwithstanding the foregoing, there is no limitation on the number of requests for admission that a document is (i) authentic; (ii) is a business record; or (iii) otherwise meets a condition for admissibility in evidence.

ii.     Requests for admission are allocated separately for the counterclaims of Alcatel-Lucent USA, Inc., and Alcatel-Lucent Holdings, Inc., (collectively, "Alcatel-Lucent") against Lambda Optical Solutions, LLC, and Lambda Optical Systems Corp., (collectively, "Lambda") and Anastasios Tzathas ("Mr. Tzathas"). Alcatel-Lucent may serve up to twenty (20) requests for admission relating to these counterclaims on Lambda and up to twenty (20) requests for admission relating to these counterclaims on Mr. Tzathas. Lambda and

Mr. Tzathas may each serve up to twenty (20) requests for admission relating to these counterclaims on Alcatel-Lucent. Notwithstanding the foregoing, there is no limitation on the number of requests for admission that a document is (i) authentic; (ii) is a business record; or (iii) otherwise meets a condition for admissibility in evidence.

      d.     <u>Interrogatories</u>.

      i.     Plaintiff may serve up to twenty-five (25) interrogatories on each Defendant Group. Defendants are permitted to serve up to fifteen (15) common interrogatories on Plaintiff. Each Defendant Group may also serve up to ten (10) individual interrogatories on Plaintiff. The individual interrogatories are in addition to the common interrogatories.

      ii.     Interrogatories are allocated separately for the counterclaims of Alcatel-Lucent against Lambda and Mr. Tzathas. Alcatel-Lucent may serve up to fifteen (15) interrogatories relating to these counterclaims on Lambda and up to fifteen (15) interrogatories relating to these counterclaims on Mr. Tzathas. Lambda and Mr. Tzathas may each serve up to fifteen (15) interrogatories relating to these counterclaims on Alcatel-Lucent.

      iii.     The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

      e.     <u>Depositions</u>.

      i.     <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of one hundred ten (110) hours for taking testimony by deposition upon oral examination, excluding expert depositions. Deposition time used by Mr. Tzathas will not count toward the total hours of deposition time available to Lambda/Plaintiff. The parties will discuss limitations on the depositions of experts at a later date. Plaintiff shall not take more than fifty (50) hours of deposition time of employees of any single Defendant Group (including both

30(b)(6) and individual depositions).  No Defendant Group shall take more than fifty (50) hours of deposition time of employees of Plaintiff (including both 30(b)(6) and individual depositions).  Except as set forth below, no non-expert deposition shall last longer than seven (7) hours.

(1)     Lambda will not object to Defendants taking the deposition of a Dr. Abdella Battou, one of the named inventors, for up to ten (10) hours (not including 30(b)(6) testimony).  Lambda will also not object to Defendants taking the deposition of other named inventors for up to fourteen (14) hours.

(2)     Plaintiff shall be limited to fourteen (14) hours of deposition testimony under Fed. R. Civ. P. 30(b)(6) of each Defendant Party, and the Defendant Parties shall collectively be limited to twenty-one (21) hours of deposition testimony under Fed. R. Civ. P. 30(b)(6) of Lambda.  The parties may seek modification of this provision upon submission to the Court and a showing of good cause.  The parties are ordered to meet and confer prior to any such submission to the Court.

ii.     Deposition limits are allocated separately for the counterclaims of Alcatel-Lucent against Lambda and Mr. Tzathas.  Alcatel-Lucent is limited to a total of twenty-one (21) hours of taking testimony by deposition upon oral examination relating to these counterclaims, excluding third party and expert depositions.  The deposition of Mr. Tzathas relating to Alcatel-Lucent's counterclaims will not exceed seven (7) hours.  Lambda and Mr. Tzathas are each, individually limited to a total of fourteen (14) hours of taking testimony by deposition upon oral examination relating to these counterclaims, excluding third party and expert depositions.  Alcatel-Lucent, Lambda, and Mr. Tzathas will discuss limitations on the depositions of experts and third party witnesses at a later date.

iii.     Location of Depositions.  The parties agree that witnesses will be deposed at a location convenient for the witness (ordinarily the place of residence or

employment), except that the parties will meet and confer and work together in good faith on the location of depositions should any party wish to conduct a deposition at an alternative location.   If the parties cannot otherwise agree on a location, any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

  f. <u>Disclosure of Expert Testimony</u>.

   i. <u>Expert Reports</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **October 18, 2012**.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **November 15, 2012**.  Reply expert reports, if any, shall be limited in scope to issues of secondary considerations under 35 U.S.C. Section 103 or other issues that were raised for the first time in the rebuttal to an invalidity report, and are due on or before **December 6, 2012**.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  Expert discovery, including all depositions, shall be completed by **January 10, 2013**.

   ii. <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

g.      Discovery Matters and Disputes Relating to Protective Orders.   Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact chambers at (302) 573-4571 to schedule a telephone conference.  On a date to be set by separate order, but not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.  On a date to be set by separate order, but not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.  Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one (1) hour of e-filing the document(s).

Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.  Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

If a discovery related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

5.      Application to Court for Protective Order.   Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within **thirty (30) days** from the date of this Order.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 4(g) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or

party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6.      Papers Filed Under Seal.  When filing papers under seal, counsel shall deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

7.      Courtesy Copies.  The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal.

8.      ADR Process.  This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

9.      Interim Status Report.  On **July 19, 2012**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.  Thereafter, if the Court deems it necessary, it will schedule a status conference.

10.     Tutorial Describing the Technology and Matters in Issue.  Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue.  In that regard, the parties may separately or jointly submit a DVD of not more than thirty (30) minutes.  The tutorial should focus on the technology in issue and should not be used to argue claim construction contentions.  The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect.  Each party may comment, in writing (in no more than five (5) pages) on the opposing party's tutorial.  Any such comment shall be filed no later than the date on which the answering claim construction briefs are due.  As to the format selected, the parties

should confirm the Court's technical abilities to access the information contained in the tutorial. This paragraph does not apply to Counter-Defendant Mr. Tzathas.

11.     Claim Construction Issue Identification.  If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **February 16, 2012**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On **March 1, 2012**, the parties shall exchange a list of their proposed claim constructions of all claim term(s)/phrase(s) that the parties collectively have identified in the lists of claim term(s)/phrase(s) that they believe need construction.  The preceding documents will not be filed with the Court.  Subsequent to exchanging the lists including proposed claim constructions, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **March 15, 2012**.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.  This paragraph does not apply to Counter-Defendant Mr. Tzathas.

12.     Claim Construction Briefing.  The parties shall contemporaneously submit initial briefs on claim construction issues on **April 5, 2012**.  The parties' answering/responsive briefs shall be contemporaneously submitted on **April 26, 2012**.  No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.  Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.  This paragraph does not apply to Counter-Defendant Mr. Tzathas.

13.     Hearing on Claim Construction.  Beginning at 9:00 a.m. on **May 24, 2012**, ~~or as soon thereafter as is convenient for the Court~~, the Court will hear argument on claim construction.  The parties shall notify the Court, by joint letter submission, no later than the date

on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing. This paragraph does not apply to Counter-Defendant Mr. Tzathas.

14.    <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **March 14, 2013**; response briefs shall be filed on or before **April 4, 2013**; and reply briefs shall be filed on or before **April 18, 2013**. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

15.    <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

16.    <u>Pretrial Conference</u>. At a date and time to be determined, the Court will hold a pretrial conference in Court with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on a date to be determined. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

17.    <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be

supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

18.     Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

19.     Trial. This matter will be set for trial at a date, time, and for a duration to be determined, or, if more than one trial is set, at dates, times, and for durations to be determined.

_____
UNITED STATES DISTRICT JUDGE