IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LAMBDA OPTICAL SOLUTIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 10-487-LPS |
| | ) | |
| ALCATEL-LUCENT SA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALCATEL-LUCENT USA INC., and | ) | |
| ALCATELLUCENT HOLDINGS INC., | ) | |
| | ) | |
| Counter-Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAMBDA OPTICAL SOLUTIONS LLC, | ) | |
| LAMBDA OPTICAL SYSTEMS CORP., and | ) | |
| ANASTASIOS TZATHAS, | ) | |
| | ) | |
| Counter-Defendants. | ) | |

This protective order ("Protective Order" or "Order") is issued to expedite the flow of

discovery materials, to facilitate the prompt resolution of disputes over confidentiality of

discovery materials, to adequately protect information the parties are entitled to keep

confidential, to ensure that only materials the parties are entitled to keep confidential are subject

to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such

materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c) and any

other applicable rule of this Court.  Unless modified, superseded or terminated pursuant to the terms contained in this Order, this Protective Order shall remain in effect through the conclusion of this litigation and thereafter as set forth below.

In support of this Protective Order, the Court finds that:

1.      Documents or information containing confidential research, development, business or commercial information or trade secrets within the meaning of Rule 26(c) ("Confidential Information") is likely to be disclosed or produced during the course of discovery in this litigation.

2.      The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and/or could place that party at a competitive disadvantage.

3.      Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information.

4.      To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Protective Order should issue.

5.      This Order is specific to the facts and circumstances of this litigation and the provisions of this Order shall not be applied against any Party in any other litigation for purposes of arguing the appropriateness of the provisions of this Order as to any other litigation.

**IT IS THEREFORE ORDERED THAT:**

1.      This Protective Order shall apply to all information, documents and things disclosed, produced, or otherwise provided by a party in this Action ("Action" shall include

without limitation this litigation and any adjunct subpoena proceedings incident hereto before any tribunal) or any non-party from whom discovery is sought in connection with this Action, including, without limitation, documents, excerpts, summaries, pleadings, reports, declarations, affidavits, testimony, transcripts, or other discovery material ("Discovery Material").

2.      Discovery Material containing Confidential Information is referred to as "Confidential Material." Confidential Material, without limitation, shall not include: (i) material which, on its face, shows or which, through other evidence, the receiving party can show has been published to the general public; (ii) information that the receiving party can show was lawfully in the receiving party's possession prior to being designated as Confidential Material in this litigation and that the receiving party is not otherwise obligated to treat as confidential; (iii) information that the receiving party can show was obtained (without any benefit or use of Confidential Material) from a third party having the right to disclose such information to the receiving party without restriction or obligation of confidentiality; (iv) information which, after its disclosure to a receiving party, is published to the general public by a party having the right to publish such information; (v) information that the receiving party can show by written record was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's Confidential Material; or (vi) information that was submitted to a governmental entity without request for confidential treatment.

3.      In determining the scope of information that a party may designate as its Confidential Material, each party acknowledges the importance of client access to information necessary to client decision-making in the prosecution or defense of litigation, and therefore agrees that designations of information as Confidential Material and responses to requests to

permit further disclosure of Confidential Material shall be made in good faith and not (1) to impose burden or delay on an opposing party or (2) for tactical or other advantage in litigation.

    4.    The producing party shall label or mark each document and thing that it deems to be Confidential Materials with one of the following terms: "CONFIDENTIAL," "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" or "HIGHLY RESTRICTED CONFIDENTIAL."

    5.    The parties may designate as "CONFIDENTIAL" those Confidential Materials that the producing party in good faith believes constitutes Confidential Information that is used by it in, or pertaining to, its business, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence. By way of non-limiting example, Confidential Material in one or more of the following categories shall qualify for the CONFIDENTIAL designation: information that (i) has not been made public; (ii) includes trade secret or other confidential research, development, or commercial information the disclosure of which the disclosing party reasonably believes could cause harm to the business operations of the disclosing party or provide improper business or commercial advantage to others; (iii) is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy; and (iv) has not been marked or otherwise designated CONFIDENTIAL -- OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL.

    6.    The parties may designate as "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" those Confidential Materials that contain Confidential Information that is especially sensitive and could cause significant competitive harm if disclosed to an unauthorized person,

including, without limitation, pending but unpublished patent applications, non-public confidential technical, research and development information, including schematic diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, research notes and materials, technical reference materials, and other non-public technical descriptions and/or depictions of the relevant technology, non-public financial information, license agreements, and information obtained from a non-party pursuant to a current Non-Disclosure Agreement ("NDA"). This designation shall be made in good faith. The parties shall label or mark each such document or thing with the following term: "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY."

7.      The parties acknowledge that a distinct level of protection is required for certain Confidential Materials as to which the CONFIDENTIAL -- OUTSIDE COUNSEL ONLY designation would not provide adequate protection to the interests of the designating party and whose wrongful dissemination could result in irreparable harm to the designating party. Such information may be designated as "HIGHLY RESTRICTED CONFIDENTIAL" by labeling or marking each such document or thing with the term:    "HIGHLY RESTRICTED CONFIDENTIAL" or "HIGHLY RESTRICTED CONFIDENTIAL -- SOURCE CODE." Such designations should be made only in good faith and should be used only for source code, configuration files, or other electronic files used in network operations, comments for source code or network operation files, revision histories, or other material whose wrongful dissemination could result in irreparable harm to the designating party.

8.      The labeling or marking of a document or tangible thing with the designation "CONFIDENTIAL," "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" or "HIGHLY RESTRICTED CONFIDENTIAL" shall be made when a copy of the document or thing is

provided to the receiving party by placing the legend "CONFIDENTIAL," "CONFIDENTIAL --
OUTSIDE COUNSEL ONLY" or "HIGHLY RESTRICTED CONFIDENTIAL" on the face of
each such document or thing.  All copies of documents or things stamped "CONFIDENTIAL,"
"CONFIDENTIAL  --  OUTSIDE  COUNSEL  ONLY"  or  "HIGHLY  RESTRICTED
CONFIDENTIAL" shall again be stamped if the duplicating process by which copies of such
documents or things are made does not reproduce the original stamp.

9.     To the extent that Confidential Material or information contained therein are used
in depositions, at hearings, or at trial, such documents or information shall remain subject to the
provisions of this Protective Order, along with the transcript pages of the deposition testimony
and/or trial testimony referring to the Confidential Material or information contained therein.  In
the case of deposition upon oral examination or written questions, such testimony shall be
deemed "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" until the expiration of thirty (30)
days after the deposition unless otherwise designated at the time of the deposition or during the
thirty (30) day period.  Pages or entire transcripts of testimony given at a deposition or hearing
may  be  designated  as  containing  "CONFIDENTIAL,"  "CONFIDENTIAL  --  OUTSIDE
COUNSEL  ONLY,"  or  "HIGHLY  RESTRICTED  CONFIDENTIAL"  information  by  an
appropriate statement either at the time of the giving of such testimony or by written notification
within thirty (30) days after the deposition.  Any portion or separately bound volume of a
deposition so designated shall not be filed with the Court, except in accordance with Paragraph
19 of this Protective Order.

10.     In the case of written discovery responses and the information contained therein,
the responses may be designated as containing "CONFIDENTIAL," "CONFIDENTIAL --
OUTSIDE COUNSEL ONLY," or "HIGHLY RESTRICTED CONFIDENTIAL" information

by means of a statement at the beginning of each response that contains such information specifying the level of designation of the Confidential Information and by placing a legend at the front page of such discovery responses stating: "CONTAINS CONFIDENTIAL INFORMATION/[the highest level of designation contained in the answers]."

11.     In the case of Confidential Information not reduced to documentary or tangible form or which cannot be conveniently designated as set forth above, such information may be designated "CONFIDENTIAL," "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY," or "HIGHLY RESTRICTED CONFIDENTIAL" information by informing the receiving party of the designation in writing.

12.     In the event the producing party elects to produce original documents or other material for inspection, no markings need be made by the producing party in advance of the inspection.  Any documents or tangible things made available for inspection prior to producing copies of selected items shall initially be deemed "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" unless otherwise designated at the time of inspection and shall be subject to this Protective Order.  Thereafter, the producing party shall have a reasonable time to review and designate the documents as set forth in Paragraph 8 above prior to furnishing copies to the receiving party.

13.     **Disclosure of CONFIDENTIAL -- OUTSIDE COUNSEL ONLY Material**. CONFIDENTIAL -- OUTSIDE COUNSEL ONLY material and any information contained therein shall be disclosed only to the following persons:

a.     Outside counsel of record in this Action for the receiving party, including both local and trial counsel, all of whom the parties acknowledge are bound by this Protective Order without having to individually execute an agreement to be bound;

      b.     Employees and agents of such counsel including paralegals, litigation support services, secretarial and clerical staff, all of whom the parties acknowledge are bound by this Protective Order without having to individually execute an agreement to be bound. Disclosure may also be made to the following categories of outside vendors assigned to and necessary to assist such counsel in the preparation and trial of this Action, provided that such outside vendor agrees to maintain the confidentiality of documents pursuant to this Protective Order by signing the Agreement attached hereto as Exhibit A: independent legal translators retained to translate in connection with this Action; graphics, translation, or design services retained by counsel of record for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this Action; and non–technical jury or trial consulting services (expressly excluding mock jurors). A receiving party's outside counsel shall retain any such executed confidentiality agreements, and they need not be disclosed to the producing party;

      c.     The Court (including clerks, other Court personnel, stenographic reporters, and jury members) (with such CONFIDENTIAL -- OUTSIDE COUNSEL ONLY Material having been filed under seal or with other suitable precautions as determined by the Court);

      d.     Any court reporter (other than Court personnel referenced in Paragraph 13.c above) or videographer present in his or her official capacity at any hearing, deposition, or other proceeding in this Action, as well as any outside copy services and/or document coding or computerization services whose function requires them to have access to Confidential Material under this Protective Order;

      e.     At a deposition, hearing, or at trial, any person who authored or previously received, including receipt by copy, the Confidential Material and, subject to timely objection, including objection that such person is not internally authorized to receive such information, any

person currently employed by the designating party.   Such persons shall be considered a qualified person solely with respect to the specific document, information therein, or tangible medium; and

      f.     Any independent experts or consultants, and employees and assistants under the control of such expert or consultant, who (1) is engaged by counsel of record in this Action, whether or not such expert or consultant is paid directly by a party, and (2) is not regularly employed by a party hereto, other than by the designating party, provided however that disclosure to such persons shall be made only on the conditions set forth in Paragraph 18 below.

      14.   **Disclosure of CONFIDENTIAL Material**.   CONFIDENTIAL material and any information contained therein may be disclosed to the persons designated in Paragraphs 13.a-13.f above and additionally may be disclosed to no more than two (2) in-house counsel or in-house legal staff who act in a legal capacity for the receiving party (collectively, "in-house counsel"), who must reside and be licensed in the United States, are actively involved in representing the receiving party in this Action, and whose job responsibilities are primary legal in nature and do not include competitive decision-making or responsibility for day to day operations of the company, provided however, that disclosure to such persons shall be made only on the conditions set forth herein.   Such in-house counsel must be disclosed and approved in advance by the parties pursuant to the procedure set forth in Paragraph 18.   The parties recognize that the responsibilities of such in-house counsel may change during the litigation, and that the replacement of a previously approved in-house counsel with a new in-house counsel may therefore become appropriate.   Replacement in-house counsel must be approved pursuant to the procedure set forth in Paragraph 18.   In the event that the responsibilities of in-house counsel change and the parties wish that individual to remain a designee pursuant to this paragraph, the

designating party will notify the other party of the change in responsibilities, and the other party

will have the right to object pursuant to the procedure set forth in Paragraph 18.

   15.   **Disclosure of HIGHLY RESTRICTED CONFIDENTIAL Material**.

HIGHLY RESTRICTED CONFIDENTIAL material and any information contained therein may

be disclosed only to the following persons and in strict accordance with the following

procedures:

   a.   HIGHLY RESTRICTED CONFIDENTIAL material may include, for example,

human-readable programming language text that defines software, firmware, or electronic

hardware descriptions (hereinafter referred to as "source code"). Text files containing source

code shall hereinafter be referred to as "source code files." Source code files include, but are not

limited to files containing source code written in C, C++, Java, assembler, VHDL, Verilog, SQL,

and similar programming languages. Parties shall produce the source code as written in its

highest-level programming language (e.g., C, C++), including all programmer's notes, comments

and/or annotations embedded within the source code where present. Source code files further

include "make" files, "include" files, script files, "link" files, and other human-readable text files

used in the generation and/or building of software directly executed on a microprocessor,

microcontroller, or digital signal processor (DSP). Source code does not include binary

executable files and object code files, nor does it include tools such as compilers or linkers.[1]

   b.   HIGHLY RESTRICTED CONFIDENTIAL material, to the extent in electronic

format, will be provided on a standalone, non-networked computer running a reasonably current

---

[1] The parties agree that binary executable files, object code files, compilers and linkers do not need to be produced where corresponding human-readable source code is available, and make no agreement otherwise. To the extent binary executable files and object code files are required to be produced, they shall be afforded the same protection as other "source code files" defined in this section. The parties agree to meet and confer in good faith regarding the use of editing or other software tools used to facilitate the review and inspection of source code, such as Visual Studio, Eclipse, dtSearch, and/or UltraEdit.

version of the Microsoft Windows operating systems with all ports, software, network connections, and other avenues that could be used to copy or transfer such data blocked ("Standalone Computer").  If the Standalone Computer cannot perform other tasks while a text search is being performed and such a search takes an unreasonable amount of time given the volume of material being searched, two Standalone Computers should be provided.  HIGHLY RESTRICTED CONFIDENTIAL material, to the extent not in electronic format, shall be designated using the same processes applied to CONFIDENTIAL and CONFIDENTIAL -- OUTSIDE COUNSEL ONLY materials described in Paragraphs 8 – 11 above.

      c.     Should it be necessary, the Standalone Computer may be configured by the producing party to run mutually agreed upon operating systems, such as Linux, and software utilities, which will be provided at the receiving party's expense, to allow counsel and experts to view, search or analyze the source code, provided that such utilities are reasonable and non-destructive to the source code.

      d.     The Standalone Computer shall be maintained in the sole control and custody of local Delaware outside counsel of record for the producing party and shall be maintained in the United States at the office of said Delaware outside counsel of record for the producing party or at such other location as shall be mutually agreed to by the parties.  Inspection of HIGHLY RESTRICTED CONFIDENTIAL materials made available on the Standalone Computer may be conducted during normal business hours, 9:00 am to 5:30 pm local time, Monday through Friday (excluding holidays), and other days and/or times upon reasonable request.  Access after hours shall be permitted only on two (2) business days advance written notice.  Such inspections may be supervised by the designating party's outside attorneys and/or others working with such

counsel in a manner that will not interfere with the receiving party's confidential communications or otherwise invade the receiving party's attorney work product.

e.    No outside electronic devices, including but not limited to laptops or tablets, floppy drives, USB-connectable devices, zip drives, or other hardware shall be permitted in the secure room.   Nor shall any cellular telephones or Blackberries, personal digital assistants (PDAs) with cameras, video or still cameras, voice recorders, Dictaphones, telephone jacks, or other devices be permitted inside the secure room.

f.    In no case shall any information designated as HIGHLY RESTRICTED CONFIDENTIAL by a Defendant be provided to any other Defendant or Defendant's counsel by any party or counsel absent explicit agreement from the party designating the information.

g.    Outside counsel and no more than five (5) individuals who qualify under Paragraph 13.f above for the receiving party may have access to the Standalone Computer or to printed copies of any portion of the producing party's source code, provided however that the following additional restrictions shall apply to such access:

(i)    At least five (5) business days prior to the date on which initial access is sought to such Standalone Computer ("five day notice period"), counsel of record for the receiving party shall provide a list of individuals, including attorneys, seeking to access such Standalone Computer;

(ii)    Proper identification of all authorized persons shall be provided prior to any access to the Standalone Computer and access may be denied, at the discretion of the producing party, to any individual who fails to provide proper identification;

(iii)    Each time a person accesses the Standalone Computer, the person shall sign a sign-in sheet prior to, and a sign-out sheet subsequent to, accessing the Standalone

Computer including the name of the person accessing, the date and time in and out, and whether any hard copies were made; and

   (iv) For each day that counsel for the receiving party requests a review of the Standalone Computer, it must give at least two (2) business days (and 48 hours) notice to the counsel for the producing party that it will be sending individual(s) authorized to review the source code made available on the Standalone Computer.

  h. The receiving party shall not have the right to, and agrees not to, copy, transmit or duplicate HIGHLY RESTRICTED CONFIDENTIAL materials in any manner, including copying such HIGHLY RESTRICTED CONFIDENTIAL materials into notes, scanning, or otherwise creating an electronic image of the HIGHLY RESTRICTED CONFIDENTIAL materials, except as set forth herein.

  i. A printer shall be attached to the Standalone Computer and the receiving party may print portions of HIGHLY RESTRICTED CONFIDENTIAL materials they consider in good faith to be necessary to proving elements of their case on watermarked pre-Bates numbered paper, which shall be provided by the producing party. Counsel for the producing party will keep the originals of these printed documents, and copies shall be made for counsel for the receiving party on watermarked paper either at the time they are requested (if less than 200 pages) or within 48 hours (if more than 200 pages). Counsel for the receiving party may request up to five (5) copies of printed source code. Only a certain number of pages, initially set at the greater of 10% or 500 pages of the total source code for any software release, of the total source code may be in printed form at any one time but this limit may be adjusted upon reasonable request. All printed source code shall be logged by the receiving party as noted in Paragraph 15.k below. Additionally, the receiving party may not print out any continuous block of source

code that results in more than fifteen (15) printed pages without the express written consent of the producing party, which consent the producing party shall not unreasonably deny.

     j.     Any hard copies shall be conspicuously marked HIGHLY RESTRICTED CONFIDENTIAL or HIGHLY RESTRICTED CONFIDENTIAL -- SOURCE CODE.

     k.     The receiving party shall keep a log including:  (a) the names of the custodian of each copy of any HIGHLY RESTRICTED CONFIDENTIAL materials; and (b) the location where each copy of any HIGHLY RESTRICTED CONFIDENTIAL materials are stored.  A copy of the log must be made available for inspection by the producing party at the producing party's request upon reasonable advance notice.

     l.     All HIGHLY RESTRICTED CONFIDENTIAL materials in the possession of the receiving party's outside counsel of record, experts or consultants shall be maintained in a manner that prevents duplication of or unauthorized access to such material, including, without limitation, storing the source code in a secured, locked area at all times when it is not in use.  The outside counsel for the receiving party shall notify the producing party within 24 hours of becoming aware of any loss, theft, or unauthorized copying of any HIGHLY RESTRICTED CONFIDENTIAL material.

     m.     No paper copies shall be made of the printed copies of any portions of the HIGHLY RESTRICTED CONFIDENTIAL provided by the producing party to the requesting party other than copies attached to sealed court filings or to be appropriately used in deposition.

     n.     All HIGHLY RESTRICTED CONFIDENTIAL materials utilized during a deposition or marked as an exhibit at a deposition will be retrieved by the party conducting the deposition at the end of each day.   At no time will any HIGHLY RESTRICTED CONFIDENTIAL material be given to or left with the Court Reporter or any other individual.

o.      Except as otherwise provided within this paragraph, the receiving party shall not create electronic images of the source code from the paper copies for use on a computer (e.g., may not scan the source code to a .PDF or other image) or otherwise copy, save, and/or store the source code onto any memory device or drive.  The receiving party may only create an electronic copy or image of selected portions of the source code when relevant and necessary for any filing with the Court, the service of any pleadings or other papers on any party, and testifying expert reports, consulting expert written analysis and related drafts, and then only according to the additional restrictions on HIGHLY RESTRICTED CONFIDENTIAL materials contained in this Order.  The receiving party may not create an electronic copy or image of selected portions of the source code exceeding five (5) printed pages of code in a single document unless the electronic copy has been encrypted using commercially reasonable encryption software including password protection.  The communication and/or disclosure of electronic versions of the source code shall at all times be limited to individuals who are authorized to see source code under the provisions of the Protective Order.   Additionally, all copies must be labeled HIGHLY RESTRICTED CONFIDENTIAL or HIGHLY RESTRICTED CONFIDENTAL -- SOURCE CODE.  Notwithstanding any of the foregoing, in no event shall the receiving party scan the paper copy of the source using optical character recognition ("OCR") technology or otherwise seek to render text-searchable any source code.   Nor shall the receiving party seek to communicate electronically any copy of source code, including through e-mail, FTP, or any other means of electronic communication.

p.      Any expert or consultant retained on behalf of the receiving party who is to be given access to producing party's produced source code (whether in electronic form or otherwise) must agree in writing not to use information that was not previously within the

knowledge of the expert or consultant or publicly known to perform software development work directly or indirectly intended for commercial purposes relating to optical components and devices for use in or related to optical networks; communication networks, including optical elements of such networks; cross connect systems, networks, or components; packet optical transport systems, networks, or components; and add/drop multiplexing systems, networks, or components (collectively defined as the "Relevant Subject Matter") that is covered by the source code reviewed by such expert or consultant for a period of one year after the issuance of a final, non-appealable decision resolving all issues in the case. This shall not preclude such expert or consultant from consulting in future litigations, so long as such consulting does not involve software development work directly or indirectly intended for commercial purposes relating to any functionality covered by the source code reviewed by such expert or consultant.

q.     Access to and review of the source code shall be strictly for the purpose of investigating the claims and defenses at issue in this Action. No person shall review or analyze any source code for purposes unrelated to this Action. No person may use any knowledge gained as a result of reviewing source code in this case in any other pending or future dispute, proceeding, or litigation unless the parties separately enter into a cross-use agreement with regard to a parallel or subsequent dispute, proceeding, or litigation that may arise.

16.     **Other Proceedings - Protected Material Subpoenaed or Ordered Produced in Other Litigation**. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" or "HIGHLY

RESTRICTED CONFIDENTIAL" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

If a party is served with a subpoena or a court order issued in another litigation that compels disclosure of any information or items designated by another party or a third party in this Action as "CONFIDENTIAL," "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY," or "HIGHLY RESTRICTED CONFIDENTIAL," that Party must:

      a.      promptly notify in writing the designating party, and such notification shall include a copy of the subpoena or court order;

      b.      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

      c.      cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Protected Material may be affected.

If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL," "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY," or "HIGHLY RESTRICTED CONFIDENTIAL," before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission.  Nothing in these provisions should be construed as authorizing or encouraging a receiving party in this Action to disobey a lawful directive from another court.

      17.    **Prosecution Bar**.  All discovery material exchanged among the parties in this Action shall be used solely for prosecution and defense of the claims in the above-captioned case

and shall not be used for any business, commercial, competitive, personal or other purpose. Moreover, any person who obtains, receives, has access to, or otherwise learns, in whole or in part, technical information designated CONFIDENTIAL -- OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL under this Protective Order by an opposing party or third party (all of which shall also be referred to as "Prosecution Bar Materials") shall not, for a period commencing upon receipt of such information and ending one (1) year following the conclusion of this case (including any appeals) prepare, prosecute, supervise, or assist in the prosecution of any patent application, reexamination of any patent application or patent other than U.S. Patent No. 6,973,229 where that person is involved on behalf of a party that can draft or otherwise amend claims, or reissue application relating to the particular technology or information disclosed in the Prosecution Bar Materials, which includes information that falls within the Relevant Subject Matter (as defined above), before any foreign or domestic agency, including the United States Patent and Trademark Office.   To ensure compliance with the purpose of this provision, parties shall create an ethical wall between those persons with access to technical information designated CONFIDENTIAL -- OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL and those individuals who prepare, prosecute, supervise, or assist in the prosecution of any patent application pertaining to the Relevant Subject Matter.   The foregoing prohibition against participation in reexaminations does not apply to reexamination of any patent or patent application controlled by Lambda Optical Solutions LLC or Lambda Optical Systems Corp. as of the date of this Order where said reexamination is initiated directly or indirectly by a named or formerly named Defendant to this action.

18.   **Disclosure to In-House Counsel, Consultants, or Experts**.  Outside counsel of record desiring to disclose Confidential Materials to in-house counsel, experts or consultants

specified in Paragraphs 13.f or 14 above shall first obtain a signed undertaking, in the form of Exhibit A attached hereto, from each such in-house counsel, expert or consultant, and such outside counsel shall retain in his/her files the original of each such signed undertaking. For the disclosure of in-house counsel, a copy of the proposed undertaking shall be forwarded to counsel for the producing party. For the disclosure of an expert or consultant, a copy of the proposed undertaking shall be forwarded to counsel for the producing party with the expert's or consultant's current curriculum vitae and a list identifying: (1) all employers of such expert or consultant for the past five (5) years; (2) all lawsuits (identified by name and number of the case, and location of court) in which such proposed expert or consultant has testified in deposition, hearing, or trial during the preceding five (5) years; and (3) a confirmation that any undisclosed engagements during the preceding five years do not involve a retention or employment relationship with any of the named parties in this litigation. No Confidential Materials shall be disclosed to such in-house counsel, expert or consultant until after the expiration of a seven (7) business day period commencing with the service of a copy of the proposed undertaking and, if applicable, curriculum vitae and lists, provided, however, that if during that seven (7) business day period opposing counsel makes an objection to such disclosure, there shall be no disclosure of Confidential Materials to such in-house counsel, expert or consultant, except by mutual agreement of the parties or further order of the Court. Any objection to such disclosure must be for good cause, setting forth in detail the grounds on which it is based. A party that receives a timely written objection must meet and confer with the designating party to try to resolve the matter by agreement within five (5) business days of the written objection. If no agreement is reached, the party opposing disclosure of such Confidential Materials shall have the burden of filing a motion with the Court for a Protective Order opposing such disclosure and shall bear the

burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the Confidential Materials to its designated in-house counsel, expert, or consultant.  Pending a ruling by the Court upon any such objection(s), the Confidential Material shall not be disclosed to the person objected to by the producing party.  However, the parties will be reasonable in shortening the time for objection under this paragraph if necessary to allow an in-house counsel to review Confidential Material in conjunction with their review of documents to be filed with the Court or participation in a deposition or hearing.

19.    **Filing Under Seal**.  Any party may file or lodge with the Court documents or tangible items designated as CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL.   Any briefs, transcripts, exhibits, depositions, or documents which are filed with the Court which comprise, embody, summarize, discuss, or quote from documents or tangible things designated as CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL material shall be sealed, unless the parties otherwise agree in writing or the Court otherwise orders.   Where reasonably practicable, only the portions of documents consisting of such items or information shall be lodged under seal.

20.    **Challenges to Confidentiality Designations**.  The acceptance by a party of documents designated as CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL shall not constitute an agreement, admission or concession, or permit an inference, that the material(s) are in fact properly the subject for protection under Fed. R. Civ. P. 26(c), or some other basis.   Documents designated CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL ONLY or HIGHLY

RESTRICTED CONFIDENTIAL shall be treated in accordance with the provisions of this Protective Order, except that any party may at any time seek an Order from the Court determining that specified information or categories of information are not properly designated as CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL, provided that prior to making such a motion the parties shall meet and confer in good faith to resolve any differences over the designation. The moving party shall have the burden of establishing that designated information is not entitled to the particular designation under the circumstances. A party shall not be obligated to challenge the propriety of a designation of Confidential Material at the time made, and failure to do so shall not preclude subsequent challenge. Should any party (or non-party) seek an Order from the Court to determine whether specified information or categories of information are not properly designated as CONFIDENTIAL,  CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL, the claimed designation shall remain operative and respected by all the parties and non-parties pending the Court's ruling.

21. **No Waiver of Privilege**. Nothing in this Protective Order shall require disclosure of material that a party contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity or any other applicable privilege. This shall not preclude any party from moving the Court for an Order directing the disclosure of such material. Production or disclosure of documents or information subject to the attorney-client privilege, work product immunity, joint defense privilege, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege. A producing party may notify the receiving party in writing that produced documents or information are subject to

the attorney-client privilege, work product immunity, or any other applicable privilege. Within five (5) business days of this notice, the receiving party shall return or destroy all such documents or information and all copies thereof, including those that have been shared with experts, consultants, and vendors, and confirm in writing that all such documents or information have been returned or destroyed. No use shall be made of such documents or information during depositions, through motion practice, or at trial. In the case of such returned production, the producing party shall provide a privilege log identifying such documents or information within ten (10) business days of its original notice to the receiving party. The receiving party may move the Court for an Order compelling production of any such documents or information in accordance with the Federal Rules of Civil Procedure. The motion shall be filed under seal and shall not assert as a ground for production the fact of the earlier production, nor shall the motion disclose or otherwise use the content of the previously produced and returned documents or information in any way (beyond any information appearing on the above-referenced privilege log).

22.     **Non-Party Use Of This Protective Order**. A non-party producing information voluntarily or pursuant to a subpoena or a court order may designate such material or information as Confidential Material pursuant to the terms of this Protective Order. A non-party's use of this Protective Order to protect its Confidential Material does not entitle that non-party to access to the Protected Information produced by a party in this case.

23.     **Cross-Production of Defendant Confidential Material**. This Order does not confer any right to any one Defendant to access the Confidential Material of any other Defendant. Furthermore, no Defendant is required to produce its Confidential Material to any other Defendant or Defendant's counsel, but nothing in this Order shall preclude such

production. Notwithstanding the provisions of this Protective Order, any Confidential Material designated by a Defendant shall not be disclosed by the Plaintiff to any other Defendant or Defendant's counsel absent explicit written agreement from the producing Defendant, but nothing herein shall prohibit outside counsel of record for any party access to complete Court filings or oral argument in Court if necessary.

24. **Inadvertent Failure to Designate.** Any party who has produced Confidential Materials and inadvertently fails to identify such matter as CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL shall correct its failure within a reasonable time after discovery of such failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. The return of documents or information will not operate as an admission by the receiving party that any particular document or information designated CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL contains or reflects trade secrets or any other type of confidential or proprietary information. Nothing herein shall prevent the receiving party from challenging the proprietary of the designation of the documents by submitting a written challenge to the Court.

25.  **Inadvertent Disclosure of Confidential Material**.  In the event of any accidental or inadvertent disclosure of Confidential Material other than in a manner authorized by this Protective Order, counsel for the party responsible for the accidental or inadvertent disclosure shall, upon learning of the disclosure: (i) immediately notify the producing party of all the pertinent facts relating to such disclosure, (ii) immediately notify the person(s) to whom the disclosure was made that it contains confidential information subject to this Protective Order, and (iii) make every effort to prevent further unauthorized disclosure including retrieving all copies of the Confidential Material from the recipient(s) thereof and securing the agreement of the recipients not to further disseminate the Confidential Material in any form.  Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

26.  **Export Control**.  Disclosure of Confidential Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Confidential Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  Subject to this provision, no Confidential Material may leave the territorial boundaries of the United States of America.  Without limitation, this prohibition extends to Confidential Material (including copies) in physical and electronic form.  The viewing of Confidential Material through electronic means outside the territorial limits of the United States of America is similarly prohibited.  The restrictions contained within this paragraph may be amended through the consent of the producing party to the extent such agreed-to procedures conform with applicable export control laws and regulations.

**Miscellaneous Provisions:**

27.     The restrictions on the use of Confidential Materials established by this Protective Order are applicable only to the use of information received by a party from another party or from a nonparty. A party is free to use its own information as it pleases.

28.     Should counsel find that they are unable to resolve a discovery matter or dispute related to the parties' rights and obligations afforded by this Protective Order, the parties involved in the dispute shall follow the dispute resolution procedures found in paragraph 4.g. of the Court's Scheduling Order dated November 8, 2011, entered for this case.

29.     In addition the specific requirements set forth in Paragraph 15 hereof regarding the handling of HIGHLY RESTRICTED CONFIDENTIAL materials, the recipient of any Confidential Material shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Material as is exercised by the recipient with respect to its own Confidential Material and to confidential information of a similar nature, but in no event less than due care. Each recipient of any Confidential Material hereby agrees to be subject to the jurisdiction of this Court for purposes of the implementation and enforcement of this Protective Order.

30.     This Protective Order shall not prevent the parties from applying to the Court for relief therefrom or modification thereto, or from applying to the Court for further or additional relief by way of protective orders or otherwise, or from agreeing between themselves to modifications of this Protective Order.

31.     Confidential Materials shall be used solely for the purposes of this Action and shall not be used for any other purpose except as expressly provided herein or by further Order of the Court.

32.    In the event that a party desires to provide access to or disseminate Confidential Materials to any person not entitled to access under this Protective Order, it may move the Court for an order that such person be given access thereto if the parties cannot, after negotiating in good faith, agree to such additional access or dissemination.

33.    Except as otherwise provided in this Paragraph, within sixty (60) days after the final conclusion of this Action ("Termination of Action"), including any appeals, all Confidential Materials (except HIGHLY RESTRICTED CONFIDENTIAL materials) produced by any party, and all copies of such information, shall be returned to the producing party or counsel of record shall certify in writing that such material has been destroyed.  Within ten (10) days after the final conclusion of this Action, including any appeals, all HIGHLY RESTRICTED CONFIDENTIAL materials produced by any party shall be returned to the producing party along with certification by outside counsel of record and any other individuals who accessed such materials that all such materials have been returned or, at the option of the producing party, counsel of record for the producing party can request destruction of said materials and written certification from counsel for the receiving party that the materials have been collected and destroyed.  In the event that a party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Confidential Materials received from or produced to the dismissed party.  Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.  Counsel of record may also retain a copy of all correspondence, pleadings, motion papers, discovery responses, deposition and trial transcripts, legal memoranda and work product.

34.     This Protective Order shall survive the final termination of this Action with respect to any retained Confidential Materials.

35.     Nothing in this Protective Order shall prevent or otherwise restrict outside counsel from rendering advice to their clients and, in the course thereof, relying generally on Confidential Material, provided, however, that in rendering such advice counsel shall not disclose, reveal or describe any such materials except insofar as allowed (if allowed at all) under the terms of this Order.

36.     Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery.  In addition, all communications between counsel for a party and that party's testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless they relate to the expert's compensation or identify facts, data, or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.

37.     No party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the lawsuit, which, absent this provision, the party would have been obligated to so identify on said privilege log.  The parties shall exchange their respective privilege document logs at a time to be agreed upon by the parties following the production of documents.

38.     If a party wishes to use Confidential Material at the examination at deposition or trial of any witness not entitled to have access to such Confidential Materials, such Party shall obtain the consent of the producing party in advance.  The failure of the examining attorney to

obtain such consent or order of the Court shall not be grounds for delaying the deposition or trial or their progress, unless, in the case of a deposition, all persons attending the deposition consent, and in the case of trial the Court so rules. Where Confidential Material may be revealed or referred to in a question that will be put to the witness at a deposition upon oral examination or Confidential Materials will be used as exhibits during the examination, the producing party may require that all persons in attendance who are not entitled access to such Confidential Material under this Protective Order leave the room until such line of inquiry is completed. Where Confidential Material may be revealed or referred to in a question that will be put to the witness at trial upon oral examination or Confidential Materials will be used as exhibits during the examination, the producing party may request that the Court require that all persons in attendance who are not entitled access to such Confidential Material under this Protective Order leave the courtroom until such line of inquiry is completed.

39.     No copy of any transcript of any deposition which is designated, in part or in whole, as CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL shall be furnished by the court reporter to any person other than to counsel of record and, if the furnished transcript is of a non-party's own deposition, to counsel for the non-party.

40.     By affixing their signatures below, the parties agree to abide by the terms of this Stipulation until this Protective Order or a further protective order is entered by the Court. Upon the signing of this Order by the District Court Judge, this Protective Order shall be effective as against all party signatories hereto as of the date of such signature of that party or party's representative, thereby rendering this Protective Order effective nunc pro tunc to the date of such party's signature.

41.   All notices required by this Protective Order are to be served via facsimile or email to the attorney(s) for each of the parties listed in the signature block below.

ASHBY & GEDDES

*/s/ Lauren E. Maguire*

_____

Steven J. Balick (I.D. #2114)
Lauren E. Maguire (I.D. #4261)
Andrew C. Mayo (I.D. #5207)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Plaintiff*
*Lambda Optical Solutions, LLC*

SHAW KELLER LLP

*/s/ John W. Shaw*

_____

John W. Shaw (I.D. #3362)
800 Delaware Avenue, 4th Floor
Wilmington, DE 19899
(302) 559-9623
jshaw@shawkeller.com

*Attorneys for Defendant Alcatel-Lucent USA*
*Inc. and Alcatel-Lucent Holdings Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL
LLP

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (I.D. #1014)
Karen Jacobs Louden (I.D. #2881)
1201 North Market Street
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com

*Attorneys for Defendant Cisco Systems, Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL
LLP

*/s/ Karen Jacobs Louden*

_____

Karen Jacobs Louden (I.D. #2881)
Jeremy A. Tigan (I.D. #5239)
1201 North Market Street
Wilmington, DE 19899
(302) 658-9200
klouden@mnat.com
jtigan@mnat.com

*Attorneys for Defendant Tellabs, Inc.*

POTTER ANDERSON & CORROON LLP

/s/ David E. Moore
_____

Richard L. Horwitz (I.D. #2246)
David E. Moore (I.D. #3983)
Hercules Plaza – 6th Floor
1313 North Market Street
Wilmington, DE  19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Fujitsu Network
Communications, Inc.*

O'KELLY, ERNST, BIELLI & WALLEN,
LLC

/s/ Sean T. O'Kelly
_____

Sean T. O'Kelly (I.D. #4349)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
(302) 295-4905
sokelly@oelegal.com

*Attorneys for Counter-Defendant Anastasios
Tzathas*

RICHARDS, LAYTON & FINGER, P.A.

/s/ Elizabeth R. He
_____

Jeffrey L. Moyer (I.D. #3309)
Elizabeth R. He (I.D. #5345)
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7700
moyer@rlf.com
he@rlf.com

*Attorneys for Defendant Nokia Siemens
Networks*

SO ORDERED.

SIGNED this____ day of _____, 2011.

_____
Honorable Leonard P. Stark
United States District Judge