**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LAMBDA OPTICAL SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALCATEL-LUCENT SA, et al.,<br><br>Defendants.<br><br>ALCATEL-LUCENT USA INC., and<br>ALCATEL-LUCENT HOLDINGS INC.,<br><br>Counter-Claimants,<br><br>v.<br><br>LAMBDA OPTICAL SOLUTIONS LLC,<br>LAMBDA OPTICAL SYSTEMS CORP., and<br>ANASTASIOS TZATHAS,<br><br>Counter-Defendants. | C.A. No. 10-487-LPS<br><br>**JURY TRIAL DEMANDED** |

**ANASTASIOS TZATHAS' ANSWER AND AFFIRMATIVE DEFENSES TO ALCATEL-LUCENT USA INC. AND ALCATEL-LUCENT HOLDINGS INC.'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Counter-Defendant Anastasios Tzathas, by and through his undersigned attorneys, answers the first amended counterclaims of Alcatel-Lucent USA, Inc. and Alcatel-Lucent Holdings Inc. (collectively, "Alcatel-Lucent") as follows:

**ANSWER TO AMENDED COUNTERCLAIMS**

1. On information and belief, Mr. Tzathas admits that Alcatel-Lucent USA Inc. is a Delaware Corporation having its principal place of business at 600 Mountain Ave., Murray Hill, NJ 07974.

2. On information and belief, Mr. Tzathas admits that Alcatel-Lucent Holdings Inc. is a Delaware Corporation having its principal place of business at 3400 W. Plano Parkway, Plano, TX 75075.

3. On information and belief, Mr. Tzathas admits that Lucent Technologies ("Lucent") is a predecessor company of Alcatel-Lucent USA Inc. Prior to the formation of Alcatel-Lucent USA Inc., Lucent Technologies was a Delaware corporation having its principal place of business at 600 Mountain Ave., Murray Hill, NJ 07974.

4. On information and belief, Mr. Tzathas admits that Lambda Optical Solutions LLC is a Delaware Limited Liability Company with a principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, CA 92660.

5. On information and belief, Mr. Tzathas admits that Lambda Optical Systems Corp. ("Lambda Systems") is a Delaware Corporation with a principal place of business at 12100 Sunset Hills Road, Suite 100 Reston, VA 20190. Lambda Systems and its predecessors in interest including Princeton Optical systems, FirstWave Intelligent Optical Networks, Inc., FirstWave Secure Intelligent Optical Networks, Inc., and Maverick Acquisition Corp., were the originally named assignees on the '229 patent.

6. Admitted.

## JURISDICTION AND VENUE

7. Admitted.

8. Admitted.

9. As to those averments directed toward Mr. Tzathas, denied. The balance of paragraph 9 requires no response from Mr. Tzathas.

10. As to those averments directed toward Mr. Tzathas, denied. The balance of paragraph 10 requires no response from Mr. Tzathas.

## FIRST COUNTERCLAIM
### Against Anastasios Tzathas for Breach of Contract

11. Mr. Tzathas incorporates the foregoing as if fully set forth herein.

12. Admitted.

13. Paragraph 13 states a legal conclusion to which no response is required.

14. Paragraph 14 states a legal conclusion to which no response is required.

15. The document speaks for itself.

16. The document speaks for itself.

17. The document speaks for itself.

18. To the extent paragraph 18 states a legal conclusion, no response is required. Otherwise, denied.

19. To the extent paragraph 19 states a legal conclusion, no response is required. Otherwise, denied.

## SECOND COUNTERCLAIM
### Against Anastasios Tzathas for Breach of Implied Covenant of Good Faith and Fair Dealing Related to the IP Agreement

20. Mr. Tzathas incorporates the foregoing as if fully set forth herein.

21. Paragraph 21 states a legal conclusion to which no response is required.

22. Paragraph 22 states a legal conclusion to which no response is required.

23. Denied.

24. Denied.

25. Denied

### THIRD COUNTERCLAIM
### Against Anastasios Tzathas for Breach of Fiduciary Duty

26. Mr. Tzathas incorporates the foregoing as if fully set forth herein.

27. Admitted.

28. Denied.

29. Denied.

### FOURTH COUNTERCLAIM
### Against Anastasios Tzathas for Breach of Duty of Loyalty

30. Mr. Tzathas incorporates the foregoing as if fully set forth herein.

31. To the extent a legal conclusion is stated, no response is required. Otherwise, admitted.

32. Denied.

33. Denied.

### FIFTH COUNTERCLAIM
### Against Lambda Optical Solutions LLC and Lambda Optical Systems Corp. (and its predecessors), for Tortious Interference with Contractual Relations

34. Mr. Tzathas incorporates the foregoing as if fully set forth herein.

35. Paragraph 35 is not directed to Mr. Tzathas and therefore no response is required.

36. Paragraph 36 is not directed to Mr. Tzathas and therefore no response is required.

37. Paragraph 37 is not directed to Mr. Tzathas and therefore no response is required.

38. Paragraph 38 is not directed to Mr. Tzathas and therefore no response is required.

39. Paragraph 39 is not directed to Mr. Tzathas and therefore no response is required.

40. Paragraph 40 is not directed to Mr. Tzathas and therefore no response is required.

## SIXTH COUNTERCLAIM
**Against Lambda Optical Solutions LLC and Lambda Optical Systems Corp. (and its predecessors), and Anastasios Tzathas for Misappropriation of Trade Secrets Under the Laws of the State of New Jersey**

41. Mr. Tzathas incorporates the foregoing as if fully set forth herein.

42. Paragraph 42 is not directed to Mr. Tzathas and therefore no response is required.

43. The documents speak for themselves.

44. To the extent paragraph 44 states a legal conclusion, no response is required.

Otherwise, denied.

45. Denied.

46. Denied.

## SEVENTH COUNTERCLAIM
**Against Lambda Optical Solutions LLC, Lambda Optical Systems Corp. (and its predecessors) and Anastasios Tzathas for Tortious Interference with Actual and Prospective Business Relations**

47. Mr. Tzathas incorporates the foregoing as if fully set forth herein.

48. Mr. Tzathas is without sufficient information to respond to the averments in this paragraph.

49. Mr. Tzathas is without sufficient information to respond to the averments in this paragraph.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## EIGHTH COUNTERCLAIM
**Against Lambda Optical Solutions LLC, Lambda Optical Systems Corp. (and its predecessors) and Anastasios Tzathas for Unfair Competition Under Cal. Bus. & Prof. Code § 17200 and the Laws of the State of New Jersey**

55.   Mr. Tzathas incorporates the foregoing as if fully set forth herein.

56.   To the extent paragraph 56 states a legal conclusion, no response is required.

Otherwise denied.

57.   Denied.

58.   Denied.

## NINTH COUNTERCLAIM
**Against Lambda Optical Solutions LLC and Lambda Optical Systems Corp. for Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,973,229**

59.   Mr. Tzathas incorporates the foregoing as if fully set forth herein.

60.   Paragraph 60 is not directed to Mr. Tzathas and therefore no response is required.

## TENTH COUNTERCLAIM
**Against Lambda Optical Solutions LLC and Lambda Optical Systems Corp. for Declaratory Judgment of Invalidity of U.S. Patent No. 6,973,229**

61.   Mr. Tzathas incorporates the foregoing as if fully set forth herein.

62.   Paragraph 62 is not directed to Mr. Tzathas and therefore no response is required.

## ELEVENTH COUNTERCLAIM
**Against Lambda Optical Solutions LLC and Lambda Optical Systems Corp. for Laches and/or Equitable Estoppel**

63.   Mr. Tzathas incorporates the foregoing as if fully set forth herein.

64.   Paragraph 64 is not directed to Mr. Tzathas and therefore no response is required.

65.   Paragraph 65 is not directed to Mr. Tzathas and therefore no response is required.

## TWELFTH COUNTERCLAIM
### Against Lambda Optical Solutions LLC and Lambda Optical Systems Corp., and Anastasios Tzathas for Inequitable Conduct during Prosecution of U.S. Patent No. 6,973,229

66. Mr. Tzathas incorporates the foregoing as if fully set forth herein.

67. Admitted.

68. The documents speak for themselves.

69. The documents speak for themselves.

70. Paragraph 70 states legal conclusions to which no responses are required.

71. Paragraph 71 is not directed to Mr. Tzathas and therefore no response is required.

72. The documents speak for themselves.

73. The documents speak for themselves.

74. The documents speak for themselves.

75. The documents speak for themselves.

76. The documents speak for themselves.

77. The documents speak for themselves.

78. The documents speak for themselves.

79. Paragraph 79 is not directed to Mr. Tzathas and therefore no response is required.

80. The documents speak for themselves.

81. The document speaks for itself.

82. Paragraph 82 is not directed to Mr. Tzathas and therefore no response is required.

83. Paragraph 83 is not directed to Mr. Tzathas and therefore no response is required.

84. Paragraph 84 is not directed to Mr. Tzathas and therefore no response is required.

85. Paragraph 85 is not directed to Mr. Tzathas and therefore no response is required.

86. Paragraph 86 is not directed to Mr. Tzathas and therefore no response is required.

87. Paragraph 87 is not directed to Mr. Tzathas and therefore no response is required.

88. Denied.

## THIRTEENTH COUNTERCLAIM
### Against Lambda Optical Solutions LLC for Attorneys' Fees Under 35 U.S.C. § 285

89. Mr. Tzathas incorporates the foregoing as if fully set forth herein.

90. Paragraph 90 is not directed to Mr. Tzathas and therefore no response is required.

91. Paragraph 91 is not directed to Mr. Tzathas and therefore no response is required.

## FOURTEENTH COUNTERCLAIM
### Against Lambda Optical Solutions LLC, Lambda Optical Systems Corp., and Anastasios Tzathas for Conversion

92. Mr. Tzathas incorporates the foregoing as if fully set forth herein.

93. To the extent paragraph 93 states a legal conclusion, no response is required. Otherwise, denied.

94. Admitted that Alcatel-Lucent believes as it says in paragraph 94. Otherwise, denied.

95. To the extent paragraph 95 states a legal conclusion, no response is required. Otherwise, denied.

96. Denied

97. Denied.

## FIFTEENTH COUNTERCLAIM
### Against Lambda Optical Systems Corp. (and its predecessors) for Aiding and Abetting a Breach of Fiduciary Duty

98. Mr. Tzathas incorporates the foregoing as if fully set forth herein.

99. Paragraph 99 is not directed to Mr. Tzathas and therefore no response is required.

100. Paragraph 100 is not directed to Mr. Tzathas and therefore no response is required.

101. Paragraph 101 is not directed to Mr. Tzathas and therefore no response is required.

102. Paragraph 102 is not directed to Mr. Tzathas and therefore no response is required.

103. Paragraph 103 is not directed to Mr. Tzathas and therefore no response is required.

104. Paragraph 104 is not directed to Mr. Tzathas and therefore no response is required.

105. Paragraph 105 is not directed to Mr. Tzathas and therefore no response is required.

## RESPONSE TO ALCATEL-LUCENT'S PRAYER FOR RELIEF

Mr. Tzathas denies that Alcatel-Lucent is entitled to the requested relief.

## FIRST AFFIRMATIVE DEFENSE

Mr. Tzathas alleges that the contract was void, unenforceable, and/or illegal.

## SECOND AFFIRMATIVE DEFENSE

Mr. Tzathas alleges that information concerning design, features, and/or functionality of the claimed inventions were not trade secrets belonging to Alcatel-Lucent and/or not a trade secret.

## THIRD AFFIRMATIVE DEFENSE

Mr. Tzathas alleges that the counterclaims are barred by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Mr. Tzathas alleges that Alcatel-Lucent fails to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

Mr. Tzathas alleges that Alcatel-Lucent's unfair competition claim under Cal. Bus. & Prof. Code § 17200 is preempted by the Uniform Trade Secrets Act ("UTSA").

## SIXTH AFFIRMATIVE DEFENSE

Mr. Tzathas alleges that the counterclaims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

Mr. Tzathas alleges that Alcatel Lucent lacks standing to assert the counterclaims.

## EIGHTH AFFIRMATIVE DEFENSE

Mr. Tzathas herein reserves the right to adopt and/or assert any such other and further defenses which may be raised by any other party in this action or which may be revealed by subsequent investigation or discovery.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Anastasios Tzathas hereby demand a trial by jury of all issues triable of right by a jury in the above-captioned case.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Defendant Anastasios Tzathas respectfully requests that this Court dismiss all Counterclaims against Anastasios Tzathas with prejudice and with all reasonable fees and expenses assessed against Counter-Claimants Alcatel-Lucent. Counter-Defendant Anastasios Tzathas also respectfully requests that this Court award him all such other and further relief as the Court may deem just and proper.

                                  **O'KELLY ERNST BIELLI & WALLEN, LLC**

                                  */s/ Sean T. O'Kelly*
                                  Sean T. O' Kelly (No. 4349)
                                  The Brandywine Building
                                  1000 N. West St., Suite 1200
                                  Wilmington, Delaware 19801
                                  Telephone: (302) 295-4905
                                  Facsimile: (302) 295-2873
                                  Email: sokelly@oebwlegal.com

                                  *Attorneys for Counter-Defendant*
Dated: July 20, 2012                        *Anastasios Tzathas*