# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

November 27, 2012

**VIA ELECTRONIC FILING AND HAND DELIVERY**

The Honorable Christopher J. Burke
United States Magistrate Judge
United States District Court
844 N. King Street, Unit 28
Wilmington, DE 19801-3556

    Re: *Lambda Optical Solutions, LLC v. Alcatel-Lucent SA, et al.*,
          C.A. No. 10-487-RGA-CJB

Dear Judge Burke:

    Plaintiff Lambda Optical Solutions LLC ("Lambda" or "LOS") respectfully seeks to compel production of the information listed below by Defendant Alcatel-Lucent USA ("Alcatel"), and also requests an extension of the discovery deadline from December 17, 2012 until March 17, 2013 in order to allow Lambda necessary follow-up discovery based on Alcatel's future production.

    **1. Facts.** Alcatel has failed to provide the following: (a) a list of its (top twenty) customers for the Accused Products (*see* Request for Production ("RFP") No. 46 [served on 8/1/12, and attached as Exhibit D]; RFP Nos. 5, 9 [served on 3/29/12, and attached as Exhibit A] and RFP Nos. 51, 54 [served on 8/30/12, and attached as Exhibit B]); (b) a quarterly breakdown of Alcatel's per-unit sales of the Accused Products, providing the number of units sold and the unit price from January 2007 onwards (*see* Ex. A, RFP No. 5 and Ex. B, RFP No. 51); (c) Alcatel's internal sales projections and analyses for the Accused Products (*see* Ex. A, RFP Nos. 5, 20-22 and Ex. B, RFP Nos. 51, 59, 60) (d) Requests for proposals/bids/offers from Alcatel's customers to Alcatel, regarding the Accused Products, and Alcatel's responses thereto (*see* Ex. A, RFP Nos. 5, 9 and Ex. B, RFP No. 51, 54); (e) sales information (including profit and loss statements, quarterly unit sales, sales projections, requests for proposals and responses thereto, and customer lists) for the following Accused Products: 1626 Light Manager; Metropolis Enhanced Optical Networking (EON); Metropolis Wavelength Services Manager (WSM); 1830 Photonic Service Switch (PSS); Alcatel-Lucent 1850 Transport Service Switch (TSS); 1870 Transport Tera Switch (TTS) (*see* Ex. A, RFP Nos. 5, 9; Ex. B, RFP No. 51; Ex. F, RFP No. 46); (f) licenses (in the possession of LGS Innovations LLC ["LGS"]) in which Alcatel was the licensee or licensor of optical switching technology (*see* Ex. A, RFP No. 16; Ex. B, RFP No. 56; and Interrogatory No. 6 [served on 3/1/12, and attached as Exhibit C]); (g) a breakdown (by quarter) of cost of goods information for all of the Accused Products (*see* Ex. A, RFP Nos. 6, 16

and Ex. B, RFP Nos. 52, 56); (h) Alcatel's non-infringement contentions regarding the following Accused Products: 1626 Light Manager; Metropolis Enhanced Optical Networking (EON); Metropolis Wavelength Services Manager (WSM); 1830 Photonic Service Switch (PSS); Alcatel-Lucent 1850 Transport Service Switch (TSS); 1870 Transport Tera Switch (TTS) (*see* Ex. C, Interrogatory No. 4); (i) all documents relating to Lambda Optical Systems, LLC ("LOS") or Lambda (*see* Ex. A, RFP Nos. 10, 23; RFP No. 33 (served on 6/13/12, and attached as Exhibit E); (j) chain of assembly information for the Accused Products, especially the locations at which the Accused Products and their major components or subassemblies are manufactured, assembled, or tested, and the identities of the entities which perform the manufacturing, assembly, or testing (*see* Ex. A, RFP Nos. 1, 2, 4; Ex. B, RFP Nos. 47, 48, 50; Ex. C, Interrogatory Nos. 1, 2).

Lambda has repeatedly requested this information from Alcatel. *See, e.g.*, Letters from R. Phillips (Lambda's counsel) to counsel for Alcatel, dated August 1, August 8 and August 30 (attached as Exhibits F, G and H). However, Alcatel has yet to provide this information. Lambda respectfully requests that the Court compel Alcatel to produce this information, and that the Court extend the discovery deadline until March 17, 2013 (so as to avoid prejudice to Lambda) on the following grounds.

**2. Governing Law.** Rule 26 of the Federal Rules of Civil Procedure provides general provisions governing discovery. Unless a claim of privilege applies, parties may obtain discovery regarding any matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b). For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. *Id*. Furthermore, with regard to discovery of documents, the rules provide that a party may serve on any other party a request within the scope of Rule 26(b) to produce for inspection any designated documents or electronically stored information in the responding party's possession, custody, or control. Fed. R. Civ. P. 34(a).

In *Hickman v. Taylor*, the United States Supreme Court held that discovery rules are to be accorded a broad and liberal treatment, for it is only through the mutual knowledge of all the relevant facts by both parties that proper litigation can occur. 329 U.S. 495, 507 (1947). In patent infringement cases, courts routinely grant patentees' motions to compel the discovery of sales information on accused products as relevant to their claims for damages. *See, e.g., Advanced Medical Optics, Inc. v. Alcon, Inc, et al.*, 2004 U.S. Dist LEXIS 16627 (Del. Aug. 18, 2004) (granting plaintiff's motion to compel discovery of defendants' sales as such information was relevant to plaintiff's claim for damages); *Bayer AG v. Sony Electronics, Inc.*, 2001 WL 1688503 (D. Del. 2001) (granting patentee's motion to compel accused infringer to produce its sales and profit records).

**3. Argument.** Alcatel's sales information, customer lists, requests for proposals (and responses thereto), licensing agreements, and cost of goods information are all relevant to damages. Requests for proposals from and to Alcatel's customers, and responses thereto, shed light on the key selling features of the Accused Products, which drive demand for the Accused Products from Alcatel's customers. Where the Accused Products are made and assembled is also relevant to damages. For example, if an Accused Product is assembled in the United States, but

sold in a foreign country, then Lambda is entitled to include those foreign sales in its calculation of damages.

Alcatel has not provided its non-infringement contentions for certain Accused Products on the basis that Lambda has yet to provide its infringement contentions for these products.  This is not a valid reason to withhold information.  Alcatel only produced the technical documents relating to these products in October, and Lambda has been working diligently since that time to provide infringement charts.  Alcatel's non-infringement contentions are not contingent upon Lambda's infringement contentions.  Alcatel has had the Court's preliminary claim construction ruling since August 3, 2012.  Furthermore, Lambda's infringement theory for these products is similar to the theory already disclosed to Alcatel in Lambda's amended infringement contentions (spanning over 800 pages in length).

Alcatel has not searched for documents responsive to Lambda's requests, in the possession of one of its subsidiaries, LGS, on the basis that these documents are not under Alcatel's "control" for discovery purposes. *See* Alcatel's 2011 Annual Report on Form 20-F, pp. 23, 290, attached as Exhibit I (showing that LGS is one of the subsidiaries of the Alcatel Defendants named in this case).  However, the case law is to the contrary.  *See Ethypharm S.A. France v. Abbot Laboratories*, 271 F.R.D. 82, 93-96 (D. Del. 2010).  A parent corporation has a sufficient degree of ownership and control over its wholly-owned subsidiaries such that the parent corporation must be deemed to have control over documents located within its subsidiaries.  *Ethypharm*, 271 F.R.D. at 94.  Alcatel is required to search LGS for responsive documents mentioning or relating to LOS, especially documents regarding Alcatel's efforts to collaborate with LOS to provide all-optical switching technology to government customers.  This information is relevant to Lambda's defenses against Alcatel's counterclaims that LOS "stole" Alcatel's technology.

### 4. **Alcatel's Refusals to Produce Documents at Issue are not Warranted Under Law.**

As one basis for refusing to comply with Lambda's discovery requests, Alcatel has stated that Lambda is precluded from recovering damages due to Lambda's alleged failure to provide proper notice on its products as required under 35 U.S.C. § 287(a).  Since 2007, however, Lambda has not sold nor offered to sell the products at issue.  Thus, for the period of time in which Lambda seeks sales data from Alcatel, namely from 2007 to 2012, the recordation of Lambda's patent at the USPTO satisfied the notice requirements to recover damages under 35 U.S.C. § 287(a).  *See Tulip Computers International v. Dell Computer Corp.*, 2003 WL 1606081, *12–14 (D. Del. 2003).[1]  Because Lambda had no obligation to mark any product after 2007, damages are recoverable against Alcatel from 2007 to the present.

---

[1] On this issue, Judge Thynge stated:
> Although the Supreme Court was construing a prior version of the marking statute, the Federal Circuit recently noted its application of Wine Railway to the current version of the marking statute, § 287(a), and confirmed that "[t]he recovery of damages is not limited where there is no failure to mark, i.e., where the proper patent notice appears on products or where there are no products to mark."  Therefore, for the period of time when

The Honorable Christopher J. Burke
November 27, 2012
Page 4


The Court should compel Alcatel to produce the missing information because it is relevant, and Alcatel has no valid reason for withholding the information given that the information sought is not privileged. By withholding this information, Lambda has been prejudiced in preparing its case. Lambda also respectfully requests that the Court extend the discovery deadline until March 17, 2013 in order to provide Lambda sufficient time to follow up with further discovery based on the information Alcatel will provide.

              Respectfully,

              */s/ Lauren E. Maguire*

              Lauren E. Maguire

LEM/nml
Attachments

cc:  All Counsel of Record (via electronic mail; w/attachments)

---

  no product covered by '621 patent was being produced or sold by Tulip or its licensee, the recordation of Tulip's patent in the USPTO put the world on constructive notice of the patent's existence and § 287(a) would not preclude the recovery of damages.
*Tulip Computers*, 2003 WL 1606081, *12–14.

{00693610;v1 }