# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

November 28, 2012

**VIA ELECTRONIC FILING AND HAND DELIVERY**

The Honorable Christopher J. Burke
United States Magistrate Judge
United States District Court
844 N. King Street, Unit 28
Wilmington, DE  19801-3556

REDACTED PUBLIC VERSION

Re:   *Lambda Optical Solutions, LLC v. Alcatel-Lucent SA, et al.*,
       C.A. No. 10-487-RGA-CJB

Dear Judge Burke:

Lambda Optical Solutions LLC ("Lambda") hereby responds to the letter brief from Defendant Alcatel-Lucent USA ("Alcatel"), filed November 27, 2012. In spite of Alcatel's discovery complaints, Alcatel is not seeking an extension of the discovery deadline. The failure to agree to a reasonable extension of the discovery deadline indicates either that Alcatel is failing to realistically consider the time required to collect and review the requested documents or that Alcatel is not overly concerned about the discovery it seeks. Alcatel's comfort with the current state of discovery in this case is due to the fact that Lambda has provided Alcatel with the vast majority of information Alcatel has requested, and Alcatel is able to proceed based on the discovery Lambda has produced.

**1.   Lambda Served Detailed Infringement Contentions For The Originally Accused Products And Agreed To Produce Amended Contentions For The Remaining Products.**

Alcatel argues its position as if this case began with Lambda alleging infringement of 11 Alcatel products, and Lambda is refusing to provide infringement contentions for 6 of those products. This is not the whole story.

Lambda originally accused only 5 products of infringement: (1) 1625 LambdaXtreme Transport; (2) 1675 Lambda Unite Multiservice Switch; (3) 1695 Wavelength Services Manager; (4) 1696 Metrospan Metro-WDM; and (5) 1696 Metrospan ROADM. On March 29, 2012, Lambda requested documents from Alcatel which would identify Alcatel products with the same or similar features to the originally accused products. *See* RFP No. 8 (Ex. A). Alcatel failed to provide a substantive response to this request. In August 2012, Lambda served discovery for 6 additional products that it sought to accuse of infringement (based on Alcatel's publicly available information). *See* RFP served on August 30, 2012 (Ex. B). The 6 additional products are: (1) 1626 Light Manager; (2) Metropolis Enhanced Optical Networking (EON); (3) Metropolis Wavelength Services Manager (WSM); (4) 1830 Photonic Service Switch (PSS); (5) 1850

Transport Service Switch (TSS); and (6) 1870 Transport Tera Switch (TTS).  It is for these 6 additional products that Alcatel complains it lacks infringement contentions.  However, Alcatel only provided technical documents (over 180,000 pages) for these 6 products on October 3, 2012.  Lambda has been working diligently since that time towards producing infringement contentions specific to these products.

Lambda has already provided extensive infringement contentions (over 800 pages in length) for the Alcatel products that were initially accused of infringement.  These contentions set forth Lambda's infringement theories in sufficient detail to provide Alcatel with notice as to Lambda's infringement theories and how they apply, even to the additional products for which individualized contentions have yet to be completed.  Therefore, Alcatel's need for additional infringement contentions is neither dire nor urgent.  Lambda is **not** refusing to provide infringement contentions for the additional 6 products.  To the contrary, Lambda agreed to provide amended infringement contentions, and is conscientiously working to produce them.

Lambda is not being obstructive with regard to discovery, as Alcatel implies.  Rather, Lambda has been and continues to cooperate.  It was in the spirit of cooperation that Lambda dropped its accusation of infringement regarding the Lambda Unite product.  Although Alcatel complains regarding the length of time it took before Lambda dropped the Lamba Unite product from the case, Lambda had to deal with extenuating circumstances regarding its retained expert, which Lambda disclosed to Alcatel at the time (and which continue to affect Lambda).[1]  Lambda was just recently informed by Alcatel that some of the new products Lambda has accused may not infringe.  *See* email from Alcatel dated 11/26/12 (Ex. C).  Lambda is reviewing the relevant technical documents, and will drop accusations against any product that Lambda confirms does not infringe its patent if necessary.

Alcatel's assertion that Lambda has accused additional products "simply to maintain an artificially high potential liability," is without any basis.  Lambda has accused the additional products in order to preserve its rights against possible claims of *res judicata* and/or collateral estoppel. Lambda has no interest in complicating this case as it would create unnecessary expense to Lambda.  Alcatel is quick to complain of delays regarding Lambda's infringement contentions, but Alcatel has not provided certain basic financial information on infringing products identified from the beginning of this case for which Lambda has provided infringement contentions.  Alcatel's request that Lambda produce amended contentions by December 7, 2012, is audacious considering that Lambda must analyze over 180,000 pages of technical documents recently produced to prepare contentions comprising hundreds of pages, while Alcatel has yet to produce **any** financial information regarding these products—a far less arduous task.

## 2. **Alcatel Failed To Demonstrate A Particularized Need For Settlement Communications**.

Relying on cases such as *In re MSTG, Inc.* (675 F.3d 1337 (Fed. Cir. 2012)) and *Inst. For Disabilities Research and Training, Inc. v. Wal-Mart Stores, Inc.* (2007 WL 2788605 (D. Del.

---

[1] 

Sept. 25, 2007)), Alcatel argues that Lambda should be compelled to produce communications and draft settlement agreements exchanged between Lambda and other settling defendants. However, the cases cited by Alcatel do not support its position.

In *MSTG*, the Federal Circuit refused to recognize a blanket "settlement privilege"[2] preventing the disclosure of settlement communications in litigation. *In re MSTG*, 675 F.3d at 1348. However, the Federal Circuit did not hold that all communications of settlement negotiations are presumptively discoverable. The court recognized that "discovery is not unlimited" and "reserve[d] for another day the issue of what limits can appropriately be placed on discovery of settlement negotiations." *Id.*, at 1346-47. In fact, the court explicitly recognized that district courts have discretion to limit discovery of materials and that Rule 26 confers broad powers on the courts to prevent discovery even though the materials sought are within the scope of Rule 26(b). *Id.* The court further recognized that other courts impose a heightened standard on parties seeking to compel the discovery of confidential settlement communications, namely a "special need" for the information or "particularized showing of relevance." *Id.*, at 1347.

Similarly, courts in the third circuit hold that a party seeking production of settlement communications must show "with particularity" that the information sought is relevant and calculated to lead to the discovery of admissible evidence. *Block Drug Co., Inc. v. Sedona Laboratories, Inc.*, 2007 WL 1183828 at *1 (D. Del. Apr. 19, 2007), *citing, Lesal Interiors, Inc. v. Resolution Trust Corp.*, 153 F.R.D. 552, 561 (D N.J. 1994).

Alcatel attempts to meet this higher burden by asserting that 1) discussions leading to the ADVA settlement agreement are necessary to explain an ambiguity in the contract, and 2) discussions leading to all other agreements would shed light as to how "Lambda arrived at the final terms" of the agreements.

As to Alcatel's first point, extrinsic evidence is relevant only when the contract is, on its face, ambiguous. *Wal-Mart, supra*, 2007 WL 2788605 at *5; *Addy v. Piedmonte*, 2009 WL 707641, at *8 (extrinsic evidence cannot be used to manufacture an ambiguity on a contract that facially has one reasonable meaning). A contract is not ambiguous simply because the parties disagree as to its meaning. *Id*. Whether a contract is ambiguous is a question of law. *Id*. ■■■

---

[2] Incidentally, the assertion of "settlement privilege" to protect settlement communications has been determined to be a question of regional circuit law, not federal law, by at least by one district court (a case cited by Alcatel which in turn relies on Federal Circuit precedent) because it is not a substantive issue unique to patent law. *Phoenix Solutions, Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 583 (N.D. CA 2008), *citing, Dorf & Stanton Communs., Inc. v. Molson Breweries*, 100 F.3d 919, 922 (Fed. Cir. 1996).

[3] ■■■



Alcatel's second argument likewise lacks merit. ███████████████████████████████████████████████████████████████████████████████████ Therefore, all communications leading to settlements were integrated into the contracts and would not shed any light as to how Lambda arrived at the contract terms. *See, e.g., Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 1246216, at *5 (D. Kan. Apr. 27, 2007); *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 368 (N.D. Ill. 2001). Unlike the *MSTG* case relied on by Alcatel where the court allowed discovery of settlement discussions because an expert had relied on information outside of the four corners of the settlement agreement, here Alcatel has failed to make a similar showing. The parties have not exchanged expert reports; they are not due until sometime in 2013. Thus, Alcatel failed to show with particularity why it needs the information. *See, e.g., Block Drug, supra*, 2007 WL 1183828, at *1 (moving party unsuccessfully argued that the information sought was relevant to issues of liability and damages). At best, Alcatel's motion is premature.

### 3. Lambda Produced All Technical Documents Within Its Custody And Control.

Lambda produced all technical documents in its possession, as well as all of the technical documents in the possession of Lambda Optical Systems, LLC ("LOS"). Any documents missing from the timeframe between 2000 and 2002, are documents that LOS no longer has. Lambda informed Alcatel that it produced all of the technical documents in a telephonic meet and confer, and reaffirms its position now.

Lambda is cooperating with Alcatel to produce infringement contentions. However, Lambda requires additional time due to the amount of work required. Lambda merely asks for the same remedy requested in its previous letter to the Court: extension of the discovery deadline from December 17, 2012, to March 17, 2013. Lambda also respectfully requests that the Court deny Alcatel's request to compel production of the settlement communications, as Alcatel failed to show a particularized need for the information.

---

4 ████████████████████████████████████████████████████████████████████
5 ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

The Honorable Christopher J. Burke
November 28, 2012
Page 5

                                      Respectfully,

                                      */s/ Lauren E. Maguire*

                                      Lauren E. Maguire

LEM/nml
Attachments

cc:      All Counsel of Record (via electronic mail; w/attachments)

{00694016;v1 }