IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAMBDA OPTICAL SOLUTIONS, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>ALCATEL-LUCENT USA INC. and<br>ALCATEL-LUCENT HOLDINGS INC.,<br><br>       Defendants.<br>_____<br>ALCATEL-LUCENT USA INC. and<br>ALCATEL-LUCENT HOLDINGS INC.,<br><br>       Counter-Claimants,<br><br>v.<br><br>LAMBDA OPTICAL SOLUTIONS, LLC,<br>LAMBDA OPTICAL SYSTEMS CORP., and<br>ANASTASIOS TZATHAS,<br><br>       Counter-Defendants. | Civ. Action No. 10-487-RGA-CJB |

## ORDER

At Wilmington this **29th day of January, 2013**.

WHEREAS, the Court held a discovery dispute teleconference on January 28, 2013 to address four outstanding discovery disputes, (D.I. 301-303);

WHEREAS, the Court resolved only two of those issues during the teleconference;

WHEREAS, the Court ordered supplemental briefing regarding the two additional issues, which are: (1) Plaintiff Lambda Optical Solutions, LLC's ("Lambda") request for certain discovery sanctions and (2) Defendants' Alcatel-Lucent USA Inc. and Alcatel-Lucent Holdings

1

Inc.'s (collectively, "Alcatel") request to strike portions of Lambda's infringement contentions;

WHEREAS, both of the outstanding issues listed above relate to the alleged failure of the non-moving party to have timely supplemented that party's responses to certain interrogatories regarding the party's infringement or non-infringement contentions;

NOW THEREFORE, IT IS HEREBY ORDERED that, by **February 11, 2013**, the parties shall each submit a supplemental letter brief, not to exceed 10 single-spaced pages, addressing the Court's requests for additional information regarding these issues as was set out during the teleconference. The moving party as to these issues should include as an exhibit (if they have not done so already in their prior briefing) the discovery request (i.e., the interrogatory) that it now contends was not timely supplemented, as well as the substance of any responses to that discovery request that were previously received. Additionally, the parties should analyze the two outstanding issues (as to whether the contention interrogatory-at-issue was timely supplemented, and if not, whether the failure to do so was substantially justified or is harmless) in accordance with the tests set forth in *Lab. Skin Care, Inc. v. Ltd. Brands, Inc.*, 661 F. Supp. 2d 473, 476-77 (D. Del. 2009) and *WebXchange Inc. v. FedEx Corp.*, C.A. No. 08-133-JJF, 2010 WL 299240, at *2 (D. Del. Jan. 20, 2010), unless the parties deem these tests inapposite.

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE