IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LAMBDA OPTICAL SOLUTIONS LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 10-487-RGA-CJB |
| ALCATEL-LUCENT USA INC. and ALCATEL-LUCENT HOLDINGS INC., | ) ) ) | ▮▮▮▮▮▮▮▮▮▮ |
| Defendants. | ) ) | REDACTED - PUBLIC VERSION |
| ALCATEL-LUCENT USA INC. and ALCATEL-LUCENT HOLDINGS INC., | ) ) ) | |
| Counter-Claimants, | ) ) | |
| v. | ) ) ) | |
| LAMBDA OPTICAL SOLUTIONS LLC, LAMBDA OPTICAL SYSTEMS CORP., and ANASTASIOS TZATHAS, | ) ) ) ) | |
| Counter-Defendants. | ) | |

**LETTER TO THE HONORABLE**
**CHRISTOPHER J. BURKE REGARDING DISCOVERY DISPUTE**

OF COUNSEL:
ROPES & GRAY LLP
William J. McCabe
Todd M. Simpson
1211 Ave. of the Americas
New York, NY 10036
(212) 596-9000

Sasha G. Rao
Brandon H. Stroy
1900 University Ave.
East Palo Alto, CA 94303
(650) 617-4000

Dated: January 23, 2013

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
David M. Fry (No. 5486)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
dfry@shawkeller.com
*Attorneys for Defendants Alcatel-Lucent USA Inc. and Alcatel-Lucent Holdings Inc.*

# SHAW KELLER LLP

Andrew E. Russell
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0704 - Direct
arussell@shawkeller.com

January 23, 2013

<u>**BY CM/ECF AND HAND DELIVERY**</u>

The Honorable Christopher J. Burke
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801



REDACTED - PUBLIC VERSION

Re: *Lambda Solutions LLC v. Alcatel-Lucent USA Inc., et al.*, C.A. No. 10-487-RGA-CJB

Dear Judge Burke:

I write on behalf of Defendants/Counterclaim-Plaintiffs Alcatel-Lucent USA Inc. and Alcatel-Lucent Holdings Inc. ("Alcatel-Lucent") in anticipation of the discovery dispute teleconference scheduled for January 28, 2013, at 1:00 p.m.

Plaintiff and Counterclaim-Defendant Lambda Optical Solutions LLC ("Acacia Lambda" or "Lambda") filed this litigation well over two years ago asserting infringement of U.S. Patent No. 6,973,229 (the "'229 patent"). (D.I. 1.) Alcatel-Lucent answered and filed counterclaims against Acacia Lambda, Lambda Optical Systems Corp. ("Lambda Systems"), and Anastasios Tzathas ("Mr. Tzathas") on January 24, 2011.[1]

Two discovery disputes are ripe. First, Lambda is attempting to assert eight new claims from the '229 patent long after Your Honor completed the claim construction process. Second, despite Alcatel-Lucent's timely notice of deposition to Mr. Tzathas and repeated follow-ups, Mr. Tzathas refuses to appear for his deposition. Alcatel-Lucent respectfully requests that the Court strike the additional claims from Lambda's infringement contentions and compel Mr. Tzathas to appear for deposition, as set forth in the proposed order attached as Exhibit A.

<u>**Lambda's Untimely Assertion of New Claims from the '229 Patent:**</u>

A necessary precursor to the claim construction process is identifying the asserted claims to allow the parties to select the terms in need of construction by the Court. Lambda provided a list of asserted claims in its infringement contentions served in February 2012. Lambda asserted claims 1, 2, 4, 5, 6, 7, 11, 12, 18, and 25 against Alcatel-Lucent and asserted claim 8 against one or more other defendants. (Exh. B at Appendix A.) On February 23, 2012, Alcatel-Lucent (and other then-defendants) told Lambda that it would "strenuously object to any attempt by Lambda to assert additional claims later." (Exh. C at 2.) Alcatel-Lucent added that it is "relying on

---

[1] This is not a typical patent litigation. Lambda Systems owns the '229 patent and Acacia Lambda is the exclusive licensee. Alcatel-Lucent brought counterclaims against Lambda Systems and Mr. Tzathas (a named inventor on the '229 patent) asserting, *inter alia*, equitable ownership of the '229 patent based upon Mr. Tzathas's work on a prior art system (the MONET project) while he was an employee at Lucent Technologies. (D.I. 222.)

SHAW KELLER LLP

The Honorable Christopher J. Burke
Page 2

Lambda's identification of asserted claims in the upcoming claim construction disclosures, discovery, and preparation of [its] case and should not be prejudiced by any subsequent identification of asserted claims."[2]  (Exh. C at 2.)

The parties relied upon this set of asserted claims.  During the claim construction process, Defendants and Lambda both referred to "asserted claims" with the understanding that these were the claims charted by Lambda in its February infringement contentions.[3]  The claim construction hearing was held by your Honor on May 30, 2012.  On August 3, 2012, your Honor issued a Report and Recommendation regarding claim construction. (D.I. 234.)

On October 24, 2012, Lambda supplemented its infringement contentions.  Buried in an 808-page document, and without any other form of notice, Lambda asserted eight additional claims (8, 9, 13, 14, 15, 16, 23, and 24) against three previously accused products.  On December 17, 2012, Lambda further supplemented its infringement contentions, asserting both the original claims (1, 2, 4, 5, 6, 7, 11, 12, 18, 25) and the additional eight claims against two more Alcatel-Lucent products.  Alcatel-Lucent discovered the newly asserted claims during a review of this latter set of contentions, the sufficiency of which is also in dispute.

Any leeway given to amend infringement contentions following a claim construction ruling typically extends only to reshaping infringement positions, in light of the court's claim construction, on already asserted claims; such leeway does not extend to adding entirely new claims to the case.  *See, e.g.*, *CIVIX-DDI, LLC v. Expedia, Inc.*, 2005 WL 1126906, at *5 (N.D. Ill. May 2, 2005) ("Allowing the Court's *Markman* ruling to automatically give the patentee the right to assert a new set of patent claims would also defeat one of the purposes of rendering a *Markman* ruling prior to trial – narrowing the factual issues in the case."); *Altair Eng'g, Inc. v. LEDdynamics, Inc.*, 2009 WL 799184, at *5 (E.D. Mich. Mar. 24, 2009), *rev'd on other grounds*, 413 F. App'x 251 (Fed. Cir. 2011) (finding that permitting addition of asserted claims after claim construction "would be unfair to [Defendant] and place an unreasonable burden on th[e] Court," requiring extensive duplication of effort); *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (finding that O2 Micro was properly barred from amending its infringement contentions because it failed to be diligent, waiting almost three months after discovering new information to propose amended contentions).  This Court and Alcatel-Lucent, having already gone through the time and expense of one claim construction, should not have to repeat the process simply because Lambda was not diligent in defining the scope of its infringement case in advance of claim construction.

Alcatel-Lucent faces extreme prejudice from Lambda's actions.  The eight additional claims will require the parties and Your Honor to repeat the claim construction process.  The terms of the new claims were never addressed and Alcatel-Lucent would have proposed the following terms for construction had these claims been at issue initially: "wavelength cross-

---

[2]  On March 27, 2012, Defendants again informed Lambda that they "reserve the right to oppose any attempt by Lambda to belatedly assert any claims of the '229 patent that were not asserted in its infringement contentions."  (Exh. D at 1.)

[3]  For example, Defendants' Disclosure of Terms to be Construed (Exh. M at n. 1) and Lambda's opening claim construction brief (D.I. 191-2) identified this set of asserted claims.

SHAW KELLER LLP

The Honorable Christopher J. Burke
Page 3

connect" in claims 8[4] and 9; "routing protocol" in claim 9; "adapted to route optical signals" in claim 9; "compliant with the optical network" in claims 13 and 15; "non-compliant with the optical network" in claims 13 and 15; "access line interface subsystem" in claims 13, 14, 15, and 16; "optical performance monitoring subsystem" in claim 23; "performance data" in claim 23; "optically tapping" in claim 23; "signaling data" in claim 24; and "optical signaling subsystem" in claim 24. Given the parties' disagreements during claim construction, it is unlikely that agreement could be reached as to the construction of more than a couple of these terms.

Second, it appears that Lambda will use these new claims to circumvent the Court's existing claim construction order. For instance, Lambda argued during the claim construction hearing that claim 1 should be construed to include the non-compliant input capability, the access line interface, of claim 13. (D.I. 215 at 58-63.) The Court rejected Lambda's argument and found that the optical access subsystem accepts only compliant inputs. (D.I. 234 at 15-19.) By now attempting to assert claim 13, it appears Lambda seeks to take another run at this same argument, as evidenced by its conflating the optical access subsystem and the access line interface subsystem in its infringement contentions. (Exh. E at 155, Excerpt from Lambda's Second Supplemental Response to Alcatel-Lucent's First Set of Interrogatories.) Moreover, Lambda's arguments as to the scope of claim 1 undermine any argument that it could not have asserted these additional claims in its first set of infringement contentions. Indeed, had Lambda thought that it needed additional information to prepare infringement contentions, it would not have waited until March 29, 2012 (well after it served its contentions and the parties had selected disputed terms for construction) to serve its first set of document requests.

At a point in which this case should be getting narrower, Lambda has nearly doubled the scope of its infringement contentions. Adding these claims will result in prejudice and, at a minimum, additional case delay and litigation costs. Accordingly, Alcatel-Lucent respectfully requests that the Court strike Lambda's assertion of claims 8, 9, 13, 14, 15, 16, 23, and 24 of the '229 patent against Alcatel-Lucent from Lambda's infringement contentions.

**<u>Anastasios Tzathas's Refusal to Appear for a Properly Noticed Deposition:</u>**

Mr. Tzathas is a named inventor on the '229 patent. Alcatel-Lucent asserts that it is the equitable owner of the '229 patent because Mr. Tzathas, as a former Lucent employee, signed an agreement assigning intellectual property stemming from his work on the MONET project to Alcatel-Lucent. Accordingly, Mr. Tzathas's deposition is crucial to Alcatel-Lucent's defenses and counterclaims, such counterclaims including breach of contract, breach of fiduciary duty, and misappropriation of trade secrets against Mr. Tzathas. (D.I. 222.)

Alcatel-Lucent timely noticed the deposition of Mr. Tzathas and diligently attempted to schedule it on a mutually agreeable date. Mr. Tzathas never offered a deposition date to Alcatel Lucent. Now Mr. Tzathas refuses to appear, asserting that the parties' alleged "course of conduct" evidences an agreement to forego each other's depositions. (Exh. F at 1.) Given that Mr. Tzathas never even offered a date for his deposition before the close of discovery, his

---

[4]    At the claim construction hearing on May 30, 2012, claim 8 was asserted only against former defendant Cisco Systems, Inc.

SHAW KELLER LLP

The Honorable Christopher J. Burke
Page 4

argument regarding the close of discovery is a red herring.  In any event, the timeline below illustrates that, if anything, the "course of conduct" between the parties shows that Mr. Tzathas led Alcatel Lucent to believe that he would appear for a deposition, but at a date convenient to him after the 2012 holidays:

- August 2, 2012 – Alcatel-Lucent noticed Mr. Tzathas's deposition for August 31, 2012. (Exh. G.)
- August 10, 2012 – Mr. Tzathas rejected the August 31st date.  (Exh. H at 2.)
- August 16, 2012 – Alcatel-Lucent requested alternative dates for Mr. Tzathas. (Exh. H at 1.)
- September-October, 2012 – Alcatel-Lucent never received alternative dates.  Alcatel-Lucent focused on taking the depositions of two other key witnesses in late October / early November, but Superstorm Sandy required rescheduling those depositions.  Due to witness conflicts, these depositions could not be rescheduled until mid-December.  (Exh. I at 1.)
- November 29-December 4, 2012 – Alcatel-Lucent designated a third party witness, Dr. Alferness who lives in Santa Barbara, CA, as a 30(b)(6) designee on Mr. Tzathas' notice, but Mr. Tzathas refused the designation because Dr. Alferness could not travel to Delaware.  Despite his objections, Mr. Tzathas's counsel attended by telephone and examined Dr. Alferness.  (Exh. J.)
- December 4, 2012 – Alcatel-Lucent offered dates to Lambda for certain depositions, including 30(b)(6) designees.  Two of the three witnesses offered are designated on topics from Mr. Tzathas's 30(b)(6) deposition.  (Exh. K at 1-2.)
- December 6, 2012 – Lambda rejected the offered dates, citing the agreement between Alcatel-Lucent and Lambda that depositions could be completed after December 31st.  Mr. Tzathas was copied on these emails. (Exh. K at 1.)
- December 10, 2012 – Alcatel-Lucent requested available dates for Mr. Tzathas's deposition in January.  Mr. Tzathas responded without providing dates and suggested that his deposition date should be tied to the date of deposition of Alcatel-Lucent's 30(b)(6) witness, so that counsel from California representing Lambda could reduce its number of trips.  (Exh. L.)
- December 18, 2012 – Alcatel-Lucent took the deposition of Mr. Ali, which Mr. Tzathas attended (in part) by phone.
- December 21, 2012 – Alcatel-Lucent took the deposition of Dr. Battou.
- January 9, 2013 – Alcatel-Lucent offered a new set of dates and 30(b)(6) designations for Alcatel-Lucent witnesses, and requested a new date for Mr. Tzathas's deposition.  (Exh. F at 2.)

As indicated by the above, Alcatel-Lucent never gave any indication that it intended to forego Mr. Tzathas's deposition.  Rather, Alcatel-Lucent tried multiple times to schedule Mr. Tzathas's deposition at a time convenient for Mr. Tzathas.  Alcatel-Lucent should not be penalized for such efforts.  The parties discussed the extension of discovery for depositions.  Mr. Tzathas was aware of such discussions and responded to a request for January deposition dates by tying Mr. Tzathas's deposition to Alcatel-Lucent's 30(b)(6) deposition for the convenience of Lambda, knowing that an Alcatel-Lucent 30(b)(6) deposition would take place in January at the earliest because Lambda had already rejected December dates.

Mr. Tzathas should not be allowed to avoid his obligation to appear for a properly noticed deposition.  Alcatel-Lucent respectfully requests that the Court compel Mr. Tzathas to provide available dates and appear for his deposition.

SHAW KELLER LLP

The Honorable Christopher J. Burke
Page 5

Respectfully submitted,

*/s/ Andrew E. Russell*

Andrew E. Russell (No. 5382)

cc:    Clerk of the Court (by hand delivery)
       William McCabe (by CM/ECF and email)
       Andrew Mayo (by CM/ECF and email)
       Victor Felix (by CM/ECF and email)
       George Pazuniak (by CM/ECF and email)

**E X H I B I T**

**A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAMBDA OPTICAL SOLUTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALCATEL-LUCENT SA, *et al.*,<br><br>Defendants.<br>―――――――――――――――――――<br>ALCATEL-LUCENT USA INC., and<br>ALCATEL-LUCENT HOLDINGS INC.,<br><br>Counter-Claimants,<br><br>v.<br><br>LAMBDA OPTICAL SOLUTIONS LLC,<br>LAMBDA OPTICAL SYSTEMS CORP., and<br>ANASTASIOS TZATHAS,<br><br>Counter-Defendants. | C.A. No. 10-487-RGA-CJB |

## [PROPOSED] ORDER

AND NOW, this _____ day of _____, upon consideration of Alcatel-Lucent USA Inc.'s and Alcatel-Lucent Holdings Inc.'s (collectively, Alcatel-Lucent) January 23, 2013 letter regarding discovery  disputes with Lambda Optical Solutions LLC, Lambda Optical System Corp. (collectively, "Lambda"), and Anastasios Tzathas ("Mr. Tzathas"),  and argument heard during a January 28, 2013 discovery dispute teleconference,  IT IS HEREBY ORDERED THAT:

- Lambda's assertion of claims 8, 9, 13, 14, 15, 16, 23, and 24 of U.S. Patent No. 6,973,229 (the "'229 patent") against Alcatel-Lucent shall be stricken from Lambda's infringement contentions;

- Lambda shall be precluded from asserting infringement of claims 8, 9, 13, 14, 15, 16, 23, or 24 of the '229 patent against Alcatel-Lucent; and

- Anastasios Tsathas shall appear for deposition by Alcatel-Lucent and shall, within 7 days of the date of this order, provide a list of dates upon which he is available to appear for his deposition.

_____
United States Magistrate Judge

**E X H I B I T**

**B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LAMBDA OPTICAL SOLUTIONS, LLC,

Plaintiff,

v.

ALCATEL-LUCENT SA, *et al.*,

Defendants.

Civil Action No:10-487 (LPS)

---

ALCATEL-LUCENT USA, INC. and
ALCATEL-LUCENT HOLDINGS, INC.,

Counter-claimants,

v.

LAMBDA OPTICAL SOLUTIONS, LLC;
LAMBDA OPTICAL SYSTEMS CORP.;
and ANASTASIOS TZATHAS,

Counter-defendants.

## LAMBDA OPTICAL SOLUTIONS, LLC AND LAMBDA OPTICAL SYSTEMS CORP.'S OBJECTIONS AND RESPONSES TO ALCATEL-LUCENT'S FIRST SET OF INTERROGATORIES

Lambda Optical Solutions, LLC ("Plaintiff" or "Lambda") and Lambda Optical Systems, Corp. ("LOS") respond to Alcatel-Lucent USA Inc.'s ("Alcatel-Lucent") First Set of Interrogatories (the "Interrogatories") pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as follows:

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

Lambda and LOS have not completed their discovery, investigation or preparation for trial. Accordingly, the responses given in response to the Interrogatories herein are

without prejudice to the right of Lambda or LOS to introduce subsequently discovered evidence and/or documents. As discovery is ongoing, Lambda and LOS reserve the right to supplement and/or revise this response as additional facts and information come to light.

These responses are made based on the current information and belief of Lambda and/or LOS. The responses provided by Lambda and/or LOS are solely for the purposes of and in relation to the instant litigation. Each response given is subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility). All such objections and the grounds therefore are reserved and may be interposed at the time of trial.

Lambda and LOS specifically object to the Instructions, Definitions, and Interrogatories to the extent they seek to impose duties upon Lambda and/or LOS that exceed those required by Rules 26 and 33 of the Federal Rules of Civil Procedure, and/or the Local Rules of this Court.

Lambda and LOS specifically object to each and every Interrogatory on the grounds and to the extent they seek information that in whole or in part are subject to the attorney work-product privilege, the attorney-client privilege, the party work product privilege, the joint-interest privilege, and/or any other applicable privilege or exemptions from production. The identification of any information (including, but not limited to the identification of any person) and/or document shall not be a waiver of any of the above, and the inadvertent disclosure of any privileged matter shall also not constitute a waiver of any of the above.

2

Lambda and LOS object to each Interrogatory to the extent it seeks information which is not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or whose production would place an undue burden on Lambda and/or LOS due to, for example, a request for information that is not limited to a reasonable or relevant time period, or require the examination and summary of business records where the burden of deriving or ascertaining the response or answer will substantially be the same for Defendants.

Lambda and LOS object to each Interrogatory to the extent it attempts to impose a duty on Lambda and/or LOS to respond with information not in their possession, custody, or control; or impose a duty on Lambda and/or LOS to respond with information which is available from other individuals or entities or is otherwise available to the public.

Lambda and LOS object to the Interrogatories, Definitions, and Instructions to the extent they seek information that is unreasonably cumulative or duplicative of other discovery requests, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.  Lambda and LOS further object to each Interrogatory to the extent that it seeks to alter or expand Lambda's and/or LOS's obligations under the Federal Rules of Civil Procedure or Local Rules.

Lambda and LOS object to the Interrogatories, Definitions, and Instructions to the extent they: (i) are compound; (ii) are phrased disjunctively or conjunctively; (iii) include subparts in such a manner that they are unduly burdensome, confusing, or cannot be reasonably answered; or (iv) collectively exceed the number of interrogatories permitted by the Discovery Order entered by the Court for this case.

Lambda and LOS also object to each and every Interrogatory to the extent they call for the disclosure of the private and confidential information and/or documentation of individuals whose rights are protected by, inter alia, applicable state constitutions, and/or Article I, Section 1 and the United States Constitution. Further, to the extent that the Interrogatories seek information regarding third parties, these third parties must be given notice and the opportunity to object to the disclosure prior to Lambda's and/or LOS's response hereto.

Further, Lambda and LOS object to all Interrogatories to the extent they call for the disclosure of commercially sensitive, confidential, proprietary and/or trade secret information and/or documentation (hereinafter, "Confidential Information"). Lambda and/or LOS will produce any such information subject to D. Del. L.R. 26.2 and any protective order entered by the Court.

Lambda and LOS object the definition of the defined term "Named Inventors" and to all Interrogatories that use or utilize said defined term. It is Lambda's and LOS's position that Mr. Darrell Sager and Mr. Mario Alvarez were never named inventors in the application that resulted in U.S. Patent No. 6,973,229 (the "'229 Patent"). Lambda and LOS will exclude from the definition of "Named Inventors" the above-mentioned individuals.

This Preliminary Statement is incorporated into the response to each Interrogatory, whether or not mentioned in each response. An objection to a specific Interrogatory does not imply that information and/or documents responsive to the Interrogatory exist. A response to an Interrogatory does not constitute an admission that the information and/or

4

documents are relevant to the litigation or would be admissible at trial. Lambda and LOS do not admit, adopt, or acquiesce in any factual or legal contention, assertion, or characterization that is contained in the Interrogatories. Subject to this Preliminary Statement, Lambda and LOS respond to Alcatel-Lucent's First Set of Common Interrogatories as follows:

## RESPONSES

### INTERROGATORY NO. 1:

Separately for each Asserted Claim that Alcatel-Lucent is alleged to infringe, identify each Accused Product, the manufacture, use, sale, offer for sale, or importation of which forms the basis for Lambda's contention that Alcatel-Lucent has infringed or is infringing each such claim, and describe in detail (including a full description of all facts and reasons, documents, and persons with knowledge) in a claim chart how each limitation of the claim is satisfied by each such Accused Product, including whether the alleged infringement is literal, under the doctrine of equivalents, or both.

### RESPONSE TO INTERROGATORY NO. 1:

Lambda and LOS incorporate the Preliminary Statement and General Objections. Lambda and LOS further object on the basis that the interrogatory is premature as Alcatel-Lucent has not disclosed its position regarding claim construction and other issues affecting infringement. Subject to the Preliminary Statement and without waiving the General Objections, Lambda and LOS respond as follows:

Lambda is currently aware that the following products infringe the '229 patent:

117799/000001/1460585.01

- Alcatel-Lucent 1625 LambdaXtreme Transport

- Alcatel-Lucent 1675 Lambda Unite Multiservice Switch

- Alcatel-Lucent 1695 Wavelength Services Manager

- Alcatel-Lucent 1696 Metrospan Metro-WDM

- Alcatel-Lucent 1696 Metrospan ROADM

A representative claim chart demonstrating literal infringement by these products based on the currently available public documentation is attached as Appendix A hereto. Lambda and LOS reserve the right to assert additional claims, theories and/or products upon obtaining further information through discovery. To the extent the interrogatory seeks information regarding Lambda's and LOS's contentions based on the Doctrine of Equivalents ("DOE"), the interrogatory is premature. Discovery is ongoing and Alcatel-Lucent has not disclosed its position regarding claim construction and other issues affecting infringement. At present, Lambda and LOS intend to finalize contentions regarding the DOE once Alcatel-Lucent's position on claim construction is disclosed and information is provided through discovery regarding Alcatel-Lucent's accused products. Thus, Lambda and LOS reserve the right to assert that Alcatel-Lucent infringes the '229 Patent under the doctrine of equivalents. Lambda and LOS explicitly reserve the right to supplement this interrogatory at a later date.

**INTERROGATORY NO. 2:**

Separately for each Asserted Claim that Alcatel-Lucent is alleged to contributorily infringe under 35 U.S.C. § 271, describe in detail (including a full description of all facts and reasons, documents, and persons with knowledge) how Lambda alleges that Alcatel-

Lucent has contributed to the infringement of the claim, including but not limited to: an identification or description of each alleged direct infringement; how each limitation of the claim is allegedly met by the Accused Product of the direct infringer by providing a claim chart; how the Accused Product constitutes a material part of the alleged invention; how the Accused Product is especially made or especially adapted for use in an infringing manner; and how the Accused Product is not a staple article or commodity of commerce suitable for substantial noninfringing use.

## RESPONSE TO INTERROGATORY NO. 2:

Lambda and LOS incorporate the Preliminary Statement and General Objections. Lambda and LOS further object on the basis that the interrogatory is premature as Alcatel-Lucent has not disclosed its position regarding claim construction and other issues affecting infringement. Subject to the Preliminary Statement and without waiving the General Objections, Lambda and LOS respond as follows:

At present, Lambda and LOS contend, on information and belief, that Alcatel-Lucent infringes the '229 Patent indirectly. However, discovery is ongoing and Alcatel-Lucent has not disclosed its position regarding claim construction and other issues affecting infringement and has not provided any information regarding the marketing, sale or offer to sell the accused products or material components thereof that when used by others infringe the '229 Patent, identified its customers, or provided documents regarding sales proposals or technical assistance for the accused products. Lambda and LOS explicitly reserve their rights to assert indirect infringement at a later date.

**INTERROGATORY NO. 3:**

Separately for each Asserted Claim that Alcatel-Lucent is alleged to have induced infringement of under 35 U.S.C. § 271, describe in detail (including a full description of all facts and reasons, documents, and persons with knowledge) how Lambda alleges that Alcatel-Lucent has induced the infringement of the claim, including but not limited to: an identification or description of each alleged direct infringement; how each limitation of the claim is allegedly met by the Accused Product of the direct infringer by providing a claim chart; the date that Alcatel-Lucent allegedly first became aware of the Asserted Claim(s) and/or Patent-in-Suit; and how Alcatel-Lucent allegedly possessed the specific intent to cause infringement of the Asserted Claim(s).

**RESPONSE TO INTERROGATORY NO. 3:**

Lambda and LOS incorporate the Preliminary Statement and General Objections. In addition to the objections stated in the Preliminary Statement and General Objections, Lambda and LOS further object on the basis that the interrogatory is premature as Alcatel-Lucent has not disclosed its position regarding claim construction and other issues affecting infringement. Lambda and LOS further object to this interrogatory as being compound in that it consists of two separate interrogatories: one concerning Alcatel-Lucent's inducement of infringement and a second concerning Alcatel-Lucent's awareness of the '229 Patent. Subject to the Preliminary Statement and without waiving the General Objections, Lambda and LOS respond as follows:

8

Alcatel-Lucent became aware of the '229 Patent at least as early as September 2006. For the remainder of this response, see Interrogatory No. 2 above. Discovery is ongoing and Alcatel-Lucent has not disclosed its positions regarding claim construction and other issues affecting infringement. Therefore, Lambda and LOS explicitly reserve their rights to supplement this interrogatory at a later date.

**INTERROGATORY NO. 4:**

Separately for each Accused Product identified or described in Interrogatories Nos. 1-3, describe all facts and bases concerning Lambda's first formation of a belief that the Accused Product was infringing, including but not limited to: an identification of the date(s) on which Lambda, Irfan Ali, the Named Inventors or any attorney or agent acting on Lambda's behalf first learned or became aware of each such Accused Product; the date(s) on which Lambda, Irfan Ali, the Named Inventors or any attorney or agent acting on Lambda's behalf first formed a belief that each such Accused Product allegedly infringed; investigations, reverse engineering, analyses, tests, or studies done on any of such Accused Products by or on the behalf of Lambda with respect to possible infringement of any claim of the Patent-in-Suit; each person with knowledge of the foregoing and an identification of all documents or privilege log entries relating to such awareness, testing, or belief; and the reasons why Lambda did not commence a suit alleging patent infringement between the date Lambda became so aware and the filing of the Complaint in this action.

**RESPONSE TO INTERROGATORY NO. 4:**

Lambda and LOS incorporate the Preliminary Statement and General Objections.
In addition to the objections stated in the Preliminary Statement and General Objections,
Lambda and LOS further object to this interrogatory as being compound in that it consists
of three separate interrogatories: one concerning when Lambda became aware of the
Accused Products; a second concerning when Lambda formed a belief as to the Accused
Products' infringement; and a third concerning the commencement of suit. Lambda and
LOS also object to this request to the extent it seeks information subject to attorney-client
privilege, attorney work-product protection, party work-product protection and/or the
common interest privilege.

Subject to and without waiving the foregoing specific objections, the Preliminary
Statement and General Objections, Lambda and LOS further respond as follows:

    i.    Lambda became aware of the Alcatel-Lucent 1625 LambdaXtreme
Transport in 2005. Lambda became aware of the Alcatel-Lucent 1675
Lambda Unite Multiservice Switch in 2006. Lambda became aware of
the Alcatel-Lucent 1695 Wavelength Services Manager in 2006. Lambda
became aware of the Alcatel-Lucent 1696 Metrospan Metro-WDM in
2005. Lambda became aware of the Alcatel-Lucent 1696 Metrospan
ROADM in 2006.

    ii.    Lambda first formed a belief as to the Accused Products' infringement in
August 2009.

     iii.     Identity of individuals who can corroborate the foregoing:

          a.  Irfan Ali, can be contacted through counsel

          b.  Dr. Abdella Battou, can be contacted through counsel.

The remainder of this interrogatory calls for information protected from disclosure by the attorney work-product and/or attorney-client privileges.

### INTERROGATORY NO. 5:

For each instance in which Lambda alleges that Alcatel-Lucent is infringing the Patent-in-Suit, state whether Lambda contends that any such infringement has been willful and, if so, describe all facts and bases for the assertion that such infringement was willful, including but not limited to an identification of all documents supporting such allegations and an identification of the persons most knowledgeable about such allegations.

### RESPONSE TO INTERROGATORY NO. 5:

Lambda and LOS incorporate the Preliminary Statement and General Objections. In addition to the objections stated in the Preliminary Statement and General Objections, Lambda and LOS respond as follows:

Subject to and without waiving the foregoing specific objections, the Preliminary Statement and General Objections, Lambda and LOS further respond as follows:

     i.     Lambda met with Alcatel-Lucent and disclosed the '229 Patent to Alcatel-Lucent. *See*, LOS000165-LOS000166.

ii.    U.S. Patent No. 7,710,866, filed May 22, 2002 and assigned to Alcatel-Lucent references the '229 Patent.

iii.    The United States Patent and Trademark Office granted re-examination of the '229 Patent on February 14, 2011.  On August 25, 2011, United States Patent and Trademark Office, allowed all of the asserted claims without amendment during the re-examination.  The United States Patent and Trademark Office also denied a second request to re-examine the '229 Patent.

iv.    Based on the best available information at this time, the identities of the people most knowledgeable are as follows:

a.    Dr. Irfan Ali, can be contacted through counsel.

b.    Dr. Abdella Battou, can be contacted through counsel.

c.    Steven Field, address unknown.

Respectfully submitted,

PROCOPIO, CORY, HARGREAVES & SAVITCH

Dated: February 13, 2012          By: _____

Anthony J. Dain (CA Bar No. 098947)
Victor M. Felix (CA Bar No. 179622)
Robin L. Phillips (CA Bar No. 248016)
Procopio, Cory, Hargreaves & Savitch LLP
525 B Street, Suite 2200
San Diego, CA 92101-4469
Tel: (619) 238-1900/Fax: (619) 235-0398
Email: ajd@procopio.com
Email: vmf@procopio.com
Email: rlp@procopio.com

# APPENDIX A

117799/000001/1460600.01

**U.S. 6,937,229 Claim Chart**

| CLAIM | ACCUSED PRODUCTS |
|---|---|
| 1. An optical transport switching system for use in an optical network, comprising: | The accused products embody an optical transport switching system for use in an optical network.<br><br><br><br>See, Alcatel / Andras Kalmar, Versatility and flexibility in Metro & Regional WDM, March 1, 2005, page 18. |

**U.S. 6,937,229 Claim Chart**

| CLAIM | ACCUSED PRODUCTS |
|---|---|
| an optical access ingress subsystem which is adapted to receive an optical signal associated with an access network; | The accused products receive an optical signal associated with an access network.<br><br><br><br>An optical signal associated with an access network can be received by the optical access ingress subsystem, for example, via a card such as the 4xAny TDM card concentrator and the DWDM SFP.<br><br>See, Alcatel 1696 Metrospan, Frank Bruyère – Product Strategy & Management, page 25, 2005. |

**U.S. 6,937,229 Claim Chart**

| CLAIM | ACCUSED PRODUCTS |
|---|---|
| an optical access egress subsystem; | The accused products include an optical access egress subsystem.<br><br><br><br>The optical access egress subsystem can direct an optical signal toward an access network, for example, via a card such as the 4xAny TDM card concentrator and the STM-1/4.<br><br>See, Alcatel 1696 Metrospan, Frank Bruyère – Product Strategy & Management, page 25, 2005. |

**U.S. 6,937,229 Claim Chart**

| CLAIM | ACCUSED PRODUCTS |
|---|---|
| a transport ingress subsystem; | The accused products include a transport ingress subsystem.  |

**U.S. 6,937,229 Claim Chart**

| CLAIM | ACCUSED PRODUCTS |
|---|---|
| a transport egress subsystem; and | The accused products include a transport egress subsystem.<br><br> |

**U.S. 6,937,229 Claim Chart**

| CLAIM | ACCUSED PRODUCTS |
|---|---|
| an optical switch subsystem which is adapted to ingress the optical signal into the optical network by optically coupling the optical access ingress subsystem to the transport egress subsystem and which is adapted to selectively provide optical coupling between the transport ingress subsystem and at least one of (1) the optical access egress subsystem, and (2) the transport egress subsystem. | The accused products include an optical switch subsystem that ingresses the optical signal by optically coupling the optical access ingress subsystem to the transport egress subsystem. The optical switch subsystem of the accused products selectively provides optical coupling between the transport ingress subsystem and the optical access egress subsystem and/or the transport egress subsystem.<br><br> |

**U.S. 6,937,229 Claim Chart**

| CLAIM | ACCUSED PRODUCTS |
|-------|------------------|
|       | The accused products optically couple the transport ingress system and the optical access egress by dropping desired wavelengths. The accused products optically couple the transport ingress system and the transport egress by passing through desired wavelengths.<br><br><br><br>See, Alcatel / Andras Kalmar, Versatility and flexibility in Metro & Regional WDM, March 1, 2005, page 19. |

**U.S. 6,937,229 Claim Chart**

| CLAIM | ACCUSED PRODUCTS |
|---|---|
| 2. The system of claim 1, wherein: the optical switch subsystem comprises an all-optical switch. | The optical switch subsystem in the accused products comprises an all optical switch.<br><br> |

**U.S. 6,937,229 Claim Chart**

| CLAIM | ACCUSED PRODUCTS |
|---|---|
| 4. The system of claim 1, wherein: the optical switch subsystem is configurable to provide add multiplexing by optically coupling a specified optical output of the optical access ingress subsystem with a specified optical input of the transport egress subsystem. | The optical switch subsystem in the accused products is configurable to provide add multiplexing by optically coupling an optical output of the optical access ingress subsystem with an optical input of the transport egress subsystem.<br><br>**Broadcast and Select Architecture**<br><br>**Wavelength Blocker is a proven technology to provide remote any-to-any connectivity**<br>✓ Mass production since beginning 2004<br>✓ Full capacity in a single device<br><br>> Pass through <br><br>• Entire spectrum always available for add/drop<br>• Wavelength blocker lets the wavelengths that do not need to be add/drop go through<br><br>> Add/Drop <br><br>• Wavelength blocker selectively blocks the wavelengths that are used for add/drop<br>• Mux/demux need to be installed only for λ used for add/drop |

**U.S. 6,937,229 Claim Chart**

| CLAIM | ACCUSED PRODUCTS |
|---|---|
| 5. The system of claim 1, wherein: the optical switch subsystem is configurable to provide drop multiplexing by optically coupling a specified optical output of the transport ingress subsystem with a specified optical input of the optical access egress subsystem. | The optical switch subsystem in the accused products is configurable to provide drop multiplexing by optically coupling an optical output of the transport ingress subsystem with an optical input of the optical access egress subsystem.<br><br>**Broadcast and Select Architecture**<br><br>**Wavelength Blocker is a proven technology to provide remote any-to-any connectivity**<br>✓ Mass production since beginning 2004<br>✓ Full capacity in a single device<br><br>> Pass through      > Add/Drop<br> <br>• Entire spectrum always available for add/drop<br>• Wavelength blocker lets the wavelengths that do not need to be add/drop go through<br><br>• Wavelength blocker selectively blocks the wavelengths that are used for add/drop<br>• Mux/demux need to be installed only for λ used for add/drop |

### U.S. 6,937,229 Claim Chart

| CLAIM | ACCUSED PRODUCTS |
|---|---|
| 6. The system of claim 1, wherein: the transport ingress subsystem and transport egress subsystems each communicate via respective optical links with at least one respective remote node in the optical network. | The accused products (circled in red) communicate via optical links with remote nodes (circled in green) in the optical network.<br><br><br><br>See, Alcatel 1969 Metrospan Unsurpassed Versatility for Metro and Regional Optical Transport Networks, page 7, Figure 1. |

**U.S. 6,937,229 Claim Chart**

| CLAIM | ACCUSED PRODUCTS |
|---|---|
| 7. The system of claim 1, wherein: the optical switch subsystem is adapted to optically couple a specified optical output of the transport ingress subsystem with at least one of: (a) a specified optical input of the optical access egress subsystem, and (b) a specified optical input of the transport egress subsystem. | The accused products optically couple an optical output of the transport ingress subsystem with at least one of the optical access egress subsystem (purple drop) and the transport egress subsystem (green pass through) through its broadcast and select architecture that passes through the wavelengths that do not need to be dropped and blocks the wavelengths that need to be dropped.<br><br>**Broadcast and Select Architecture**<br><br>**Wavelength Blocker is a proven technology to provide remote any-to-any connectivity**<br>✓ Mass production since beginning 2004<br>✓ Full capacity in a single device<br><br>> Pass through      > Add/Drop<br> <br><br>• Entire spectrum always available for add/drop<br>• Wavelength blocker lets the wavelengths that do not need to be add/drop go through<br><br>• Wavelength blocker selectively blocks the wavelengths that are used for add/drop<br>• Mux/demux need to be installed only for λ used for add/drop |

**U.S. 6,937,229 Claim Chart**

| CLAIM | ACCUSED PRODUCTS |
|---|---|
| 11. The system of claim 1, wherein: the transport ingress subsystem receives an optical signal multiplex via at least one optical link of the optical network, and comprises a demultiplexer for demultiplexing the optical signal multiplex to provide a plurality of individual optical signals to be optically coupled by the optical switch subsystem. | The transport ingress subsystem (circled in red) of the accused products includes a demultiplexer (circled in green) that provides a plurality of individual optical signals (circled in purple) to be optically coupled by the optical switch subsystem.<br><br> |

**U.S. 6,937,229 Claim Chart**

| CLAIM | ACCUSED PRODUCTS |
|---|---|
| 12. The system of claim 1, wherein: a plurality of individual optical signals are optically coupled to the transport egress subsystem by the optical switch subsystem, and the transport egress subsystem comprises a multiplexer for multiplexing the individual optical signals to provide an optical signal multiplex for transport via at least one optical link of the optical network. | The optical switch subsystem (circled in blue) of the accused products optically couples a plurality of individual optical signals to the transport egress subsystem (circled in red).  The transport egress subsystem of the accused products comprises a multiplexer (circled in green) that provides an optical signal multiplex (circled in purple) for transport via the optical network.<br><br> |

### U.S. 6,937,229 Claim Chart

| CLAIM | ACCUSED PRODUCTS |
|---|---|
| 18. The system of claim 1, wherein: the transport ingress subsystem and transport egress subsystem provide optical inputs and outputs, respectively, of a node in the optical network. | The accused products (circled in red) communicate via optical inputs and outputs with nodes (circled in green) in the optical network.<br><br>Figure 1 - Multiservice Access, Metro and Regional Network |

**U.S. 6,937,229 Claim Chart**

| CLAIM | ACCUSED PRODUCTS |
|---|---|
| 25. An optical transport switching system for use in an optical network, comprising: | The accused products embody an optical transport switching system for use in an optical network.<br><br><br><br>See, Alcatel / Andras Kalmar, Versatility and flexibility in Metro & Regional WDM, March 1, 2005, page 18. |

**U.S. 6,937,229 Claim Chart**

| CLAIM | ACCUSED PRODUCTS |
|---|---|
| an optical access ingress subsystem; | The accused products include an optical access ingress subsystem.<br><br><br><br>An optical signal associated with an access network can be received by the optical access ingress subsystem, for example, via a card such as the 4xAny TDM card concentrator and the DWDM SFP.<br><br>See, Alcatel 1696 Metrospan, Frank Bruyère – Product Strategy & Management, page 25, 2005. |

**U.S. 6,937,229 Claim Chart**

| CLAIM | ACCUSED PRODUCTS |
|---|---|
| an optical access egress subsystem which is adapted to direct the optical signal toward an access network; | The accused products include an optical access egress subsystem that directs an optical signal toward an access network.<br><br><br><br>The optical access egress subsystem can direct an optical signal toward an access network, for example, via a card such as the 4xAny TDM card concentrator and the STM-1/4.<br><br>See, Alcatel 1696 Metrospan, Frank Bruyère – Product Strategy & Management, page 25, 2005. |

117799/000001/1460600.01

**U.S. 6,937,229 Claim Chart**

| CLAIM | ACCUSED PRODUCTS |
|---|---|
| a transport ingress subsystem; | The accused products include a transport ingress subsystem.<br><br> |

**U.S. 6,937,229 Claim Chart**

| CLAIM | ACCUSED PRODUCTS |
|-------|------------------|
| a transport egress subsystem; and | The accused products include a transport egress subsystem.<br><br> |

**U.S. 6,937,229 Claim Chart**

| CLAIM | ACCUSED PRODUCTS |
|---|---|
| the optical switch subsystem is adapted to egress an optical signal from the optical network by optically coupling the optical signal from the transport ingress subsystem to the optical access egress subsystem and is adapted to selectively provide optical coupling between the transport egress subsystem and at least one of (1) the optical access ingress subsystem and (2) the transport ingress subsystem. | The accused products include an optical switch subsystem that egresses the optical signal by optically coupling the optical signal from the transport ingress subsystem to the optical access egress subsystem. The optical switch subsystem of the accused products selectively provides optical coupling between the transport egress subsystem and the optical access ingress subsystem and the transport ingress subsystem.<br><br> |

**U.S. 6,937,229 Claim Chart**

| CLAIM | ACCUSED PRODUCTS |
|---|---|
| | The accused products optically couple the transport egress system and the optical access ingress by adding desired wavelengths and optically couple the transport egress system and the transport ingress by passing through desired wavelengths.<br><br><br><br>See, Alcatel / Andras Kalmar, Versatility and flexibility in Metro & Regional WDM, March 1, 2005, page 19. |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

LAMBDA OPTICAL SOLUTIONS, LLC,

      Plaintiff,

    v.

ALCATEL-LUCENT SA, *et al.*,

      Defendants.

Civil Action No:10-487 (LPS)

ALCATEL-LUCENT USA, INC. and
ALCATEL-LUCENT HOLDINGS, INC.,

      Counter-claimants,

    v.

LAMBDA OPTICAL SOLUTIONS, LLC;
LAMBDA OPTICAL SYSTEMS CORP.; and
ANASTASIOS TZATHAS,

      Counter-defendants.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13TH day of February, 2012, **LAMBDA OPTICAL SOLUTIONS, LLC AND LAMBDA OPTICAL SYSTEMS CORP.'S OBJECTIONS AND RESPONSES TO ALCATEL'S FIRST SET OF INTERROGATORIES** were served upon the below-named counsel of record at the address and in the manner indicated:

John W. Shaw, Esquire                           VIA ELECTRONIC MAIL
Shaw Keller LLP
300 Delaware Avenue
Suite 1120
Wilmington, DE 19801
E-mail: jshaw@ycst.com


Sasha G. Rao, Esquire                           VIA ELECTRONIC MAIL
Brandon H. Stroy, Esquire
Ropes & Gray, LLP
1900 University Avenue
East Palo Alto, CA 94303
E-mail: sasha.rao@ropesgray.com
E-mail: brandon.stroy@ropesgray.com


William J. McCabe, Esquire                      VIA ELECTRONIC MAIL
Todd M. Simpson, Esquire
Ropes & Gray, LLP
1211 Avenue of the Americas
New York, NY 10036
E-mail: william.mccabe@ropesgray.com
E-mail: todd.simpson@ropesgray.com


Jack B. Blumenfeld, Esquire                     VIA ELECTRONIC MAIL
Morris Nichols Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19801
E-mail: jbbefiling@mnat.com


Edward R. Reines, Esquire                       VIA ELECTRONIC MAIL
Sonal N. Mehta, Esquire
Weil, Gotshal & Manges, LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
E-mail: edward.reines@weil.com
E-mail: sonal.mehta@weil.com


Richard L. Horwitz, Esquire                     VIA ELECTRONIC MAIL
David E. Moore, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
E-mail: rhorwitz@potteranderson.com
E-mail: dmoore@potteranderson.com

117799/000001/1460601.01

Alyssa Caridis, Esquire                              VIA ELECTRONIC MAIL
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
E-mail: acaridis@orrick.com

David E. Wang, Esquire VIA ELECTRONIC MAIL
Alan Chen, Esquire
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2558
E-mail: dwang@orrick.com
E-mail: alanchen@orrick.com

Sean T. O'Kelly, Esquire VIA ELECTRONIC MAIL
O'Kelly & Ernst, LLC
1000 N. West Street, Suite 1200
Wilmington, DE 19801
E-mail: sokelly@oelegal.com

Dated:  February 13, 2012

_____
Janell Chavez Riley

3

**E X H I B I T**

**C**

**Nair, Meera**

| | |
|---|---|
| **From:** | andrew.perito@weil.com |
| **Sent:** | Thursday, February 23, 2012 12:12 PM |
| **To:** | Phillips, Robin L.; Felix, Victor M. |
| **Cc:** | sbalick@ashby-geddes.com; lmaguire@ashby-geddes.com; amayo@ashby-geddes.com; Dain, Anthony J.; Joseph, Lenore A.; Fuger, Michele L.; Chavez Riley, Janell; rhorwitz@potteranderson.com; dmoore@potteranderson.com; dwang@orrick.com; alanchen@orrick.com; acaridis@orrick.com; jshaw@ycst.com; msquire@ycst.com; McCabe, William, J.; Simpson, Todd; Rao, Sasha; Stroy, Brandon; jbbefiling@mnat.com; edward.reines@weil.com; Mehta, Sonal; sokelly@oelegal.com; Cisco Lambda WGM Service |
| **Subject:** | RE: Lambda Optical Solutions v. Alcatel-Lucent SA, et al. |

Robin and Victor,

We write concerning certain deficiencies in Lambda Optical Solutions, LLC and Lambda Optical Systems Corp.'s (collectively, "Lambda") objections and responses to Defendants' First Set of Common Interrogatories and Cisco's First Set of Interrogatories. Based upon our initial review, and without having received the document production referenced in Lambda's responses and your letter sent yesterday, both of these sets of responses are deficient and require supplementation in at least the following ways. We may identify additional deficiencies as we continue our review and after we receive and consider Lambda's corresponding document production. But in the interim, please confirm that we will receive supplemental responses that address each of the deficiencies identified below no later than February 29th.

<u>Common Interrogatories</u>

At the outset, as noted in previous correspondence, we disagree with Lambda's division of the individual interrogatories into separate interrogatories for counting purposes. We stand ready to meet and confer on that issue as necessary.

In addition, Lambda's response to Common Interrogatory #1 has several deficiencies:

> Under 1(a), conception dates are given "as early as" a particular date. This response fails to provide Defendants with Lambda's contention as to when these claims were conceived. Indeed, as Lambda purports to remain unconstrained by these answers, this is effectively a non-response, particularly given that Lambda has control of all the information necessary to respond and bears the burden of proof of any early conception date. Similarly, under 1(b), Lambda gives only the "earliest known" reduction to practice. As the facts surrounding reduction to practice are within Lambda's control, Lambda has a duty to respond with its concrete contentions as to the dates of conception and reduction to practice.
>
> Under 1(c), Lambda's response regarding diligence does no more than assert that at one point there was a company in existence, and that it employed "software and hardware engineers." Again, proof of diligence is Lambda's burden and the facts are within its control. As long as Lambda intends to assert earlier conception dates, it has an obligation to completely and concretely respond to the interrogatory with facts specific to any alleged diligence performed to reduce to practice each claim of the asserted patent.
>
> On a related note, under 1(c), Lambda asserts that LOS built a prototype in Summer 2001, but under 1(b) Lambda lists actual reduction to practice in September 2001. Please clarify.
>
> Under 1(d)(ii), Lambda responds that contributions to certain claims were made by Abdella Battou "and/or" Anastasios Tzathas. Lambda must describe, on a claim-by-claim basis, what contributions were made by each individual alleged inventor, including Mr. Battou and Mr. Tzathas, separately and in detail.
>
> Under 1(e), regarding corroborating documents, Lambda lists documents that "include, but are not limited to" certain documents. If Lambda is aware of more documentation that corroborates its assertions, it must give a complete list.

In response to Common Interrogatory #2, which requested information for "the Asserted Patent and for each patent or patent application relating to each Asserted Patent," Lambda has unduly limited its response to the Asserted Patents.  Please supplement this response to provide the requested information using the provided definitions for Related Patents and Related Applications.

In response to Common Interrogatory #4, Lambda identifies a number of allegedly embodying products but refuses to provide a "claim chart identifying separately for each asserted claim where each element of the claimed invention is found within the allegedly embodying products."  Instead it relies on Rule 33(d) to suggest that Defendants prepare their own claim charts based on the documents identified in Appendix A.  Lambda's invocation of Rule 33(d) is inadequate.  Given that these products were designed and manufactured by LOS, a party to this case, and given that individuals that were involved in developing the products are cooperating with Lambda, the burden of preparing a claim chart clearly will not "be substantially the same for either party," as Lambda suggests.  Moreover, the interrogatory seeks Lambda's contentions as to embodying products, which cannot be gleaned from a review of documents.

Common Interrogatory #5 requests the "circumstances surrounding the identification of each piece of prior art, the identity(ies) of each individual(s) or organization(s) who disclosed each piece of prior art to Lambda."  Lambda makes a blanket assertion that all art was either learned of during prosecution, during reexamination, or during this litigation.  Lambda's response does not provide the circumstances surrounding the identification of the prior art, including when during prosecution, reexamination or litigation each reference was identified, by whom, or in what context.  Please provide a complete response to this interrogatory.

In its response to Common Interrogatory #9, Lambda states, "To the extent information responsive to this interrogatory is not privileged, Lambda will provide such information in its privilege log."  This appears to be the opposite of what was intended.  Lambda has a duty to provide in its responses to this interrogatory all information that is not privileged and to identify on its privilege log any information that it claims is privileged.   Please supplement your response to include any information for which Lambda is not claiming a privilege, or confirm that no such information exists and that all responsive information will be included on Lambda's privilege log.

Finally, Lambda has objected to the definition of "Named Inventors" and unilaterally redefined the term to reduce the scope of its discovery obligations.  By refusing to follow the clear and unequivocal definition of this term as it was used in Defendants' Common Interrogatories, Lambda has not properly responded to at least Common Interrogatories #1, #5, and #10.  For the same reasons, Lambda must supplement Cisco Interrogatory #4.  Please supplement these interrogatories using the definition provided in Defendants' interrogatories.

<u>Cisco Interrogatories</u>

In response to Cisco Interrogatory #1 seeking Lambda's infringement contentions, Lambda refuses to provide its contentions on the Doctrine of Equivalents, claiming that "the interrogatory is premature."  Lambda further states that it intends "to finalize contentions regarding the DOE once Cisco's position on claim construction is disclosed."  Obviously Lambda's contentions on infringement under DOE are not be dependent on Cisco's claim construction positions—indeed, Lambda pleaded infringement under the doctrine of equivalents in its Complaint in this case.  Similarly, with respect to the asserted claims, insofar as Lambda's response is intended to reserve its rights to assert other claims at a later date, please know that Defendants would strenuously object to any attempt by Lambda to assert additional claims later.  Defendants are relying on Lambda's identification of asserted claims in the upcoming claim construction disclosures, discovery, and preparation of their case and should not be prejudiced by any subsequent identification of asserted claims.

Lambda has refused to provide any substantive response at all to Cisco Interrogatory #2, which seeks details of Lambda's infringement theory under 35 U.S.C. § 271.  Lambda asserts that the interrogatory is "premature as Cisco has not disclosed its position regarding claim construction and other issues affecting infringement."  Again, Cisco's position on claim construction has no bearing on Lambda's ability to set forth its theory of infringement.  For example, with respect to indirect infringement, Lambda is under an obligation to provide its contentions as to indirect infringement as pleaded

in Lambda's Complaint, including, for any claim of indirect infringement, an identification of any underlying claims of direct infringement and the basis for an allegation of intent.  If Lambda has no supportable theory of indirect infringement, it must say so.

In response to Cisco Interrogatory #3, which seeks the "date and manner (including describing the circumstances and the person(s) involved)" in which Lambda became aware of the accused products, Lambda only responds with a year for LOS and a year for Lambda.  In addition to lacking any sort of specificity as to the date, Lambda does not explain the manner, people, or circumstances in which it became aware of the products.  Please supplement Lambda's response to include a complete response to the interrogatory.

Cisco Interrogatory #4 seeks the date on which Lambda contends that Cisco's alleged infringement began, when Lambda learned of the alleged infringement, and the reasons why Lambda delayed commencement of the suit from that date.  Lambda asserts that "infringement began at some time after Cisco began manufacturing the Cisco ONS 15454"-- which, according to its response to Cisco Interrogatory #3, Lambda claims to have been aware of in 2003.  Lambda further asserts it was aware of alleged infringement "in the fourth quarter of 2008."  Lambda does not explain the delay in commencement of suit from either the 2003 date or the 2008 date, but instead asserts privilege and work-product immunity.  Obviously insofar as Lambda intends to offer an explanation for its delay in commencing suit in response to Cisco's laches and estoppel defenses, we are entitled to know that explanation and supporting facts in discovery.  We are relying on Lambda's response as confirmation that Lambda is invoking privilege and work product protection, and has no non-privileged explanation for its delay upon which it will seek to rely.


Best,
Andrew



**Andrew Perito**

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
andrew.perito@weil.com
+1 650 802 3993 Direct
+1 650 802 3100 Fax

---

**From:** Phillips, Robin L. [mailto:robin.phillips@procopio.com]
**Sent:** Wednesday, February 15, 2012 2:39 PM
**To:** Perito, Andrew
**Cc:** sbalick@ashby-geddes.com; lmaguire@ashby-geddes.com; amayo@ashby-geddes.com; Dain, Anthony J.; Felix, Victor M.; Joseph, Lenore A.; Fuger, Michele L.; Chavez Riley, Janell; rhorwitz@potteranderson.com; dmoore@potteranderson.com; dwang@orrick.com; alanchen@orrick.com; acaridis@orrick.com; jshaw@ycst.com; msquire@ycst.com; william.mccabe@ropesgray.com; todd.simpson@ropesgray.com; Sasha.Rao@ropesgray.com; Brandon.Stroy@ropesgray.com; jbbefiling@mnat.com; Reines, Edward; Mehta, Sonal; sokelly@oelegal.com
**Subject:** RE: Lambda Optical Solutions v. Alcatel-Lucent SA, et al.

Andrew,

We are busy finalizing the production, and hope to get it out by Friday.  Alternatively, we will send it out early next week.

--Robin

**Robin Phillips**


**Procopio, Cory, Hargreaves & Savitch LLP**
525 B Street, Suite 2200
San Diego, CA 92101
Direct:  619.525.3824
Fax:      619.398.0154
E-mail:  robin.phillips@procopio.com
Website:  www.procopio.com

---

**From:** Perito, Andrew [mailto:andrew.perito@weil.com]
**Sent:** Wednesday, February 15, 2012 2:23 PM
**To:** Phillips, Robin L.
**Cc:** sbalick@ashby-geddes.com; lmaguire@ashby-geddes.com; amayo@ashby-geddes.com; Dain, Anthony J.; Felix, Victor M.; Joseph, Lenore A.; Fuger, Michele L.; Chavez Riley, Janell; rhorwitz@potteranderson.com; dmoore@potteranderson.com; dwang@orrick.com; alanchen@orrick.com; acaridis@orrick.com; jshaw@ycst.com; msquire@ycst.com; william.mccabe@ropesgray.com; todd.simpson@ropesgray.com; Sasha.Rao@ropesgray.com; Brandon.Stroy@ropesgray.com; jbbefiling@mnat.com; Reines, Edward; Mehta, Sonal; sokelly@oelegal.com
**Subject:** RE: Lambda Optical Solutions v. Alcatel-Lucent SA, et al.


Robin,

Lambda's interrogatory responses (to both common and defendant-specific interrogatories) cite to bates-stamped documents--apparently drawn from a range of nearly 60,000 stamped pages--that do not appear to have been produced.  This includes citation to such documents under FRCP 33(d), in response to Common Interrogatory No. 4.  Please confirm that Lambda will produce these documents by the end of the week.

Thank you,
Andrew



**Andrew Perito**

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
andrew.perito@weil.com
+1 650 802 3993 Direct
+1 650 802 3100 Fax

---

**From:** Chavez Riley, Janell [mailto:janell.chavezriley@procopio.com]
**Sent:** Monday, February 13, 2012 6:46 PM
**To:** rhorwitz@potteranderson.com; dmoore@potteranderson.com; dwang@orrick.com; alanchen@orrick.com; acaridis@orrick.com; jshaw@ycst.com; msquire@ycst.com; william.mccabe@ropesgray.com; todd.simpson@ropesgray.com; Sasha.Rao@ropesgray.com; Brandon.Stroy@ropesgray.com; jbbefiling@mnat.com; Reines, Edward; Mehta, Sonal; Perito, Andrew; sokelly@oelegal.com
**Cc:** sbalick@ashby-geddes.com; lmaguire@ashby-geddes.com; amayo@ashby-geddes.com; Dain, Anthony J.; Felix,

Victor M.; Phillips, Robin L.; Joseph, Lenore A.; Fuger, Michele L.
**Subject:** Lambda Optical Solutions v. Alcatel-Lucent SA, et al.

Dear Counsel,

Attached are Lambda's Responses to Cisco's Interrogatories.  Please contact me with any concerns regarding this email transmission.

Regards,

**Janell Chavez Riley**
*Legal Secretary*

 **Procopio**®

Procopio, Cory, Hargreaves & Savitch LLP
525 B Street, Suite 2200
San Diego, CA 92101
*direct dial:  (619) 238-1900 x3321*
janell.chavezriley@procopio.com
www.procopio.com

Please consider the environment before printing this e-mail. 

mailgw01.procopio.com made the following annotations
----------------------------------------------------------------------
Mon Feb 13 2012 18:45:50

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This email and any attachments hereto may contain information that is confidential and/or protected by the attorney-client privilege and attorney work product doctrine. This email is not intended for transmission to, or receipt by, any unauthorized persons. Inadvertent disclosure of the contents of this email or its attachments to unintended recipients is not intended to and does not constitute a waiver of attorney-client privilege or attorney work product protections. If you have received this email in error, immediately notify the sender of the erroneous receipt and destroy this email, any attachments, and all copies of same, either electronic or printed. Any disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.

Federal tax regulations require us to notify you that any tax advice in this electronic message was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties.

----------------------------------------------------------------------

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

mailgw01.procopio.com made the following annotations
------------------------------------------------------------------
Wed Feb 15 2012 14:38:42

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This email and any attachments hereto may contain information that is confidential and/or protected by the attorney-client privilege and attorney work product doctrine. This email is not intended for transmission to, or receipt by, any unauthorized persons. Inadvertent disclosure of the contents of this email or its attachments to unintended recipients is not intended to and does not constitute a waiver of attorney-client privilege or attorney work product protections. If you have received this email in error, immediately notify the sender of the erroneous receipt and destroy this email, any attachments, and all copies of same, either electronic or printed. Any disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.

Federal tax regulations require us to notify you that any tax advice in this electronic message was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties.

------------------------------------------------------------------

**E X H I B I T**

**D**

## Nair, Meera

| | |
|---|---|
| **From:** | Mehta, Sonal <Sonal.Mehta@weil.com> |
| **Sent:** | Saturday, March 17, 2012 6:22 PM |
| **To:** | Phillips, Robin L.; andrew.perito@weil.com |
| **Cc:** | Victor Felix; sbalick@ashby-geddes.com; lmaguire@ashby-geddes.com; Andrew Mayo; Anthony Dain; Joseph, Lenore A.; Fuger, Michele L.; Janell Chavez Riley; Lambda Defendants |
| **Subject:** | Re: Lambda Optical Solutions v. Alcatel-Lucent SA, et al. |

Robin,  Andrew is travelling but asked me to send the following email for him.

Robin,

Thank you for your call to discuss Lambda's interrogatory responses. To confirm our discussion, we look forward to receiving by next Friday, March 23 Lambda's supplemental interrogatory responses addressing the issues raised in my email of March 15, with the following exceptions:

- You stated that Lambda does not agree to amend its answer to Common Interrogatory #4 to include claim charts of the Lambda products you contend embody the '229 patent.
- You stated hat Lambda is no longer willing to supplement its responses to state that, at present, Lambda does assert any theory of infringement under the doctrine of equivalents or under indirect infringement and that Lambda is not asserting that Cisco or Alcatel-Lucent infringe any claims other than those charted in Lambda's responses. However, Lambda has not provided any contentions or basis for any theory of infringement under the doctrine of equivalents, indirect infringement, or infringement of claims beyond those specifically charted to date.

With respect to these two open items, Defendants reiterate their position that it is Lambda's obligation to provide the charts requested by Common Interrogatory #4.

With respect to Lambda's infringement contentions, we have repeatedly explained that, if Lambda intends to assert infringement under the doctrine of equivalents or under a theory of indirect infringement as pleaded in Lambda's Complaint, Lambda has an obligation to provide an interrogatory response that articulates the basis for those contentions so that Defendants can move forward with claim construction proceedings, discovery and preparation of their cases based on those contentions.  At this point, we take Lambda's continued refusal to provide contentions on these issues as confirmation that Lambda has no basis for such theories and are relying on Lambda's infringement contentions as we prepare our case.   Lambda is on notice that Defendants reserve the right to oppose any future attempt by Lambda to pursue such theories.  Likewise, Defendants reserve the right to oppose any attempt by Lambda to belatedly assert any claims of the '229 patent that were not asserted in its infringement contentions.

We look forward to receiving your amended responses.

Best,



**Andrew Perito**

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway

1

Redwood Shores, CA 94065-1134
andrew.perito@weil.com
+1 650 802 3993 Direct
+1 650 802 3100 Fax

---

**From:** Robin Phillips <robin.phillips@procopio.com>
**Date:** Fri, 16 Mar 2012 11:01:55 -0700
**To:** Andrew Perito <andrew.perito@weil.com>
**Cc:** Victor Felix <victor.felix@procopio.com>, <sbalick@ashby-geddes.com>, <lmaguire@ashby-geddes.com>, Andrew Mayo <amayo@ashby-geddes.com>, Anthony Dain <anthony.dain@procopio.com>, "Joseph, Lenore A." <lenore.joseph@procopio.com>, "Fuger, Michele L." <michele.fuger@procopio.com>, Janell Chavez Riley <janell.chavezriley@procopio.com>, Lambda Defendants <Lambda.Defendants@weil.com>
**Subject:** RE: Lambda Optical Solutions v. Alcatel-Lucent SA, et al.

Andrew,

Please give me a call to discuss.

Thanks,

Robin


**Robin Phillips**


**Procopio, Cory, Hargreaves & Savitch LLP**
525 B Street, Suite 2200
San Diego, CA 92101
Direct:   619.525.3824
Fax:      619.398.0154
E-mail:  robin.phillips@procopio.com
Website:  www.procopio.com

---

**From:** Perito, Andrew L. [mailto:andrew.perito@weil.com]
**Sent:** Thursday, March 15, 2012 1:36 PM
**To:** Phillips, Robin L.
**Cc:** Felix, Victor M.; sbalick@ashby-geddes.com; lmaguire@ashby-geddes.com; amayo@ashby-geddes.com; Dain, Anthony J.; Joseph, Lenore A.; Fuger, Michele L.; Chavez Riley, Janell; Lambda Defendants
**Subject:** RE: Lambda Optical Solutions v. Alcatel-Lucent SA, et al.

Robin,

Defendants want to follow up on our call last Wednesday, March 7 regarding Lambda's responses to Defendants' interrogatories.  Based on that call, we understood that you would get back to us early this week with Lambda's position as to whether it would amend and/or supplement a number of its responses, and that, for the requests where you agreed to provide supplementations, we would receive those supplementations this week as well.  We have not heard back from you and wanted to check on the status of your responses.  Included below is a summary of the topics covered on our call.  Please let us know Lambda's position on the open issues by the end of the day today, and for all responses that Lambda has agreed to supplement, when Lambda will provide its amended and/or supplemented responses.

The parties discussed several issues with regard to Common Interrogatory #1. For Lambda's responses on conception, Lambda agreed to remove the phrase "as early as" in order to provide concrete contentions based on a diligent investigation. For the response on reduction to practice, Lambda has similarly agreed to supplement its response to remove that "earliest known" qualifier. For the request regarding the contribution of inventors, we understood that you would let us know whether Lambda will agree to supplement its response to remove the "and/or" and from its response in Section (ii) and to identify the specific  individual or individuals the contributed to conception for each of the elements of the claims in Section (ii). Finally, as to Section 1(e), Lambda agreed to amend its response to remove the "include, but not limited to" reservations in its response.

For Common Interrogatory #2, we appreciate your agreeing to supplement Lambda's response using the provided definition of "Related Patents."

For Common Interrogatory #4, you committed to inform us by early this week whether Lambda will agree to provide the claim charts requested by the interrogatory.

For Common Interrogatory #5, we discussed Lambda's failure to identify awareness of prior art in any specific, reference-by-reference way. We understood that you would respond early this week as to whether Lambda will supplement with information on when Lambda became aware of each specific reference and provide privilege-log-level information if privilege is claimed as to any aspect of Lambda's responses.

As to scope of interrogatories requesting information for all "Named Inventors", we understand that Lambda disagrees with Defendants' definition of "Named Inventors." However, as discussed on the call, Defendants are seeking and entitled to discovery relating to all of the named individuals, whether Lambda agrees they are named inventors or not. You agreed, but noted that Lambda has may have no additional  information with regard to Mario Alvarez and David Sager and agreed that Lambda will supplement its responses accordingly.

For the Cisco's interrogatories, we understand the Lambda has agreed to supplement its responses to state that, at present, Lambda does assert any theory of infringement under the doctrine of equivalents or under indirect infringement, nor does Lambda contend that Cisco infringes any claims other than those charted in Lambda's responses. We understand that it is Lambda's position that it reserves whatever right it may have to assert such additional theories or claims in the future, and we explained that Cisco reserves all rights to oppose any amendment or supplementation that would attempt to assert such additional theories or claims in the future.

For Cisco Interrogatories #3 and 4, Lambda has agreed to supplement its responses to explain the facts and circumstances related to Lambda's awareness of Cisco's alleged infringement and Cisco's accused devices, including when and how each specific individual at Lambda learned of Cisco's alleged infringement and Cisco's accused devices.

Finally, as to Lambda's responses to Alcatel-Lucent's interrogatories, Lambda agreed to address each concern discussed above with respect to Cisco's interrogatories because the concerns apply equally to Lambda's responses to Alcatel-Lucent's interrogatories. Lambda further agreed to provide the basis for its contention that the single infringement contention chart Lambda provided is representative of all five Alcatel-Lucent products that Lambda has accused of infringement, including identifying the documents upon which Lambda relied.

We look forward to hearing from you.

Best,



Andrew Perito

Weil, Gotshal & Manges LLP

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
andrew.perito@weil.com
+1 650 802 3993 Direct
+1 650 802 3100 Fax

---

**From:** Phillips, Robin L. [mailto:robin.phillips@procopio.com]
**Sent:** Wednesday, March 07, 2012 9:00 AM
**To:** Perito, Andrew
**Cc:** Felix, Victor M.; sbalick@ashby-geddes.com; lmaguire@ashby-geddes.com; amayo@ashby-geddes.com; Dain, Anthony J.; Joseph, Lenore A.; Fuger, Michele L.; Chavez Riley, Janell; Lambda Defendants
**Subject:** RE: Lambda Optical Solutions v. Alcatel-Lucent SA, et al.

Andrew,

!2:30 PT works for me.  I'll use the call-in information below.

Thanks,

Robin

---

**From:** Perito, Andrew [mailto:andrew.perito@weil.com]
**Sent:** Wednesday, March 07, 2012 7:00 AM
**To:** Phillips, Robin L.
**Cc:** Felix, Victor M.; sbalick@ashby-geddes.com; lmaguire@ashby-geddes.com; amayo@ashby-geddes.com; Dain, Anthony J.; Joseph, Lenore A.; Fuger, Michele L.; Chavez Riley, Janell; Lambda Defendants
**Subject:** Re: Lambda Optical Solutions v. Alcatel-Lucent SA, et al.

Thanks Robin.  Can we talk today at 12:30 PT? That time works for all defendants. If so, we can use the following dial-in:

800.782.1473
Code 8475157

Best,

Andrew Perito

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
andrew.perito@weil.com
+1 650 802 3993 Direct
+1 650 802 3100 Fax

On Mar 1, 2012, at 6:50 PM, "Phillips, Robin L." <robin.phillips@procopio.com> wrote:

  Andrew,

I am traveling until Tuesday on another case. I am generally available for a meet and confer on March 7, 8 or 9 (March 9 being most preferable). Let me know what time works best for you and Todd.

Sincerely,

Robin


**Robin Phillips**


**Procopio, Cory, Hargreaves & Savitch LLP**
525 B Street, Suite 2200
San Diego, CA 92101
Direct:  619.525.3824
Fax:      619.398.0154
E-mail:  robin.phillips@procopio.com
Website:  www.procopio.com

---

**From:** Perito, Andrew [mailto:andrew.perito@weil.com]
**Sent:** Thursday, March 01, 2012 5:52 PM
**To:** Phillips, Robin L.; Felix, Victor M.
**Cc:** todd.simpson@ropesgray.com; sbalick@ashby-geddes.com; lmaguire@ashby-geddes.com; amayo@ashby-geddes.com; Dain, Anthony J.; Joseph, Lenore A.; Fuger, Michele L.; Chavez Riley, Janell; rhorwitz@potteranderson.com; dmoore@potteranderson.com; dwang@orrick.com; alanchen@orrick.com; acaridis@orrick.com; jshaw@ycst.com; msquire@ycst.com; McCabe, William, J.; Sasha.Rao@ropesgray.com; Brandon.Stroy@ropesgray.com; jbbefiling@mnat.com; Reines, Edward; Mehta, Sonal; sokelly@oelegal.com; Cisco Lambda WGM Service
**Subject:** RE: Lambda Optical Solutions v. Alcatel-Lucent SA, et al.

Robin, would tomorrow at 1 pm PT / 4 pm ET or on Monday between 1:30-3:00 pm PT / 4:30-6:30 pm ET work for a meet and confer call to discuss Lambda's discovery responses?
If so, let us know what works best and we can all use the following dial-in: 800.782.1473, Code 8475157.
Best,
Andrew

---

**From:** Simpson, Todd [mailto:Todd.Simpson@ropesgray.com]
**Sent:** Thursday, March 01, 2012 4:20 PM
**To:** 'Phillips, Robin L.'; Perito, Andrew; Felix, Victor M.
**Cc:** sbalick@ashby-geddes.com; lmaguire@ashby-geddes.com; amayo@ashby-geddes.com; Dain, Anthony J.; Joseph, Lenore A.; Fuger, Michele L.; Chavez Riley, Janell; rhorwitz@potteranderson.com; dmoore@potteranderson.com; dwang@orrick.com; alanchen@orrick.com; acaridis@orrick.com; jshaw@ycst.com; msquire@ycst.com; McCabe, William, J.; Sasha.Rao@ropesgray.com; Brandon.Stroy@ropesgray.com; jbbefiling@mnat.com; Reines, Edward; Mehta, Sonal; sokelly@oelegal.com; Cisco Lambda WGM Service
**Subject:** RE: Lambda Optical Solutions v. Alcatel-Lucent SA, et al.

Robin,
Alcatel-Lucent shares the same corresponding concerns with respect to Lambda's responses to Alcatel-Lucent's interrogatories as Cisco expresses below with respect to Lambda's responses to Cisco's interrogatories. I will not repeat them here.

I add as well that the single "representative" claim chart attached as Appendix A to Lambda's response to Alcatel-Lucent's interrogatory #1 is not actually representative of all five products that Lambda has accused of infringement in its response. Lambda must update its response by providing claim charts supporting its infringement contentions against each accused product.

We will join the meet and confer to discuss Lambda's responses to the common interrogatories and to Alcatel-Lucent's interrogatories.

Sincerely,

Todd

**Todd M. Simpson**
**ROPES & GRAY LLP**
T +1 212 596 9759 | F +1 646 728 2674
1211 Avenue of the Americas
New York, NY 10036-8704
todd.simpson@ropesgray.com
www.ropesgray.com

Circular 230 Disclosure (R&G): To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein. This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**From:** Phillips, Robin L. [mailto:robin.phillips@procopio.com]
**Sent:** Wednesday, February 29, 2012 7:37 PM
**To:** andrew.perito@weil.com; Felix, Victor M.
**Cc:** sbalick@ashby-geddes.com; lmaguire@ashby-geddes.com; amayo@ashby-geddes.com; Dain, Anthony J.; Joseph, Lenore A.; Fuger, Michele L.; Chavez Riley, Janell; rhorwitz@potteranderson.com; dmoore@potteranderson.com; dwang@orrick.com; alanchen@orrick.com; acaridis@orrick.com; jshaw@ycst.com; msquire@ycst.com; McCabe, William, J.; Simpson, Todd; Rao, Sasha; Stroy, Brandon; jbbefiling@mnat.com; edward.reines@weil.com; Mehta, Sonal; sokelly@oelegal.com; Cisco Lambda WGM Service
**Subject:** RE: Lambda Optical Solutions v. Alcatel-Lucent SA, et al.

Andrew,

I think we can resolve these issues with a meet and confer. Please let me know when you are available for a call.

Thanks,

Robin

**Robin Phillips**

**Procopio, Cory, Hargreaves & Savitch LLP**
525 B Street, Suite 2200
San Diego, CA 92101
Direct:  619.525.3824
Fax:  619.398.0154
E-mail:  robin.phillips@procopio.com
Website:  www.procopio.com

**From:** Perito, Andrew [mailto:andrew.perito@weil.com]
**Sent:** Thursday, February 23, 2012 9:12 AM
**To:** Phillips, Robin L.; Felix, Victor M.
**Cc:** sbalick@ashby-geddes.com; lmaguire@ashby-geddes.com; amayo@ashby-geddes.com; Dain, Anthony J.; Joseph, Lenore A.; Fuger, Michele L.; Chavez Riley, Janell; rhorwitz@potteranderson.com;

dmoore@potteranderson.com; dwang@orrick.com; alanchen@orrick.com; acaridis@orrick.com; jshaw@ycst.com; msquire@ycst.com; william.mccabe@ropesgray.com; todd.simpson@ropesgray.com; Sasha.Rao@ropesgray.com; Brandon.Stroy@ropesgray.com; jbbefiling@mnat.com; Reines, Edward; Mehta, Sonal; sokelly@oelegal.com; Cisco Lambda WGM Service
**Subject:** RE: Lambda Optical Solutions v. Alcatel-Lucent SA, et al.

Robin and Victor,

We write concerning certain deficiencies in Lambda Optical Solutions, LLC and Lambda Optical Systems Corp.'s (collectively, "Lambda") objections and responses to Defendants' First Set of Common Interrogatories and Cisco's First Set of Interrogatories.  Based upon our initial review, and without having received the document production referenced in Lambda's responses and your letter sent yesterday, both of these sets of responses are deficient and require supplementation in at least the following ways.  We may identify additional deficiencies as we continue our review and after we receive and consider Lambda's corresponding document production.  But in the interim, please confirm that we will receive supplemental responses that address each of the deficiencies identified below no later than February 29th.

Common Interrogatories

At the outset, as noted in previous correspondence, we disagree with Lambda's division of the individual interrogatories into separate interrogatories for counting purposes.  We stand ready to meet and confer on that issue as necessary.

In addition, Lambda's response to Common Interrogatory #1 has several deficiencies:

> Under 1(a), conception dates are given "as early as" a particular date.  This response fails to provide Defendants with Lambda's contention as to when these claims were conceived.  Indeed, as Lambda purports to remain unconstrained by these answers, this is effectively a non-response, particularly given that Lambda has control of all the information necessary to respond and bears the burden of proof of any early conception date.  Similarly, under 1(b), Lambda gives only the "earliest known" reduction to practice.  As the facts surrounding reduction to practice are within Lambda's control, Lambda has a duty to respond with its concrete contentions as to the dates of conception and reduction to practice.

> Under 1(c), Lambda's response regarding diligence does no more than assert that at one point there was a company in existence, and that it employed "software and hardware engineers."  Again, proof of diligence is Lambda's burden and the facts are within its control.  As long as Lambda intends to assert earlier conception dates, it has an obligation to completely and concretely respond to the interrogatory with facts specific to any alleged diligence performed to reduce to practice each claim of the asserted patent.

> On a related note, under 1(c), Lambda asserts that LOS built a prototype in Summer 2001, but under 1(b) Lambda lists actual reduction to practice in September 2001.  Please clarify.

> Under 1(d)(ii), Lambda responds that contributions to certain claims were made by Abdella Battou "and/or" Anastasios Tzathas.  Lambda must describe, on a claim-by-claim basis, what contributions were made by each individual alleged inventor, including Mr. Battou and Mr. Tzathas, separately and in detail.

> Under 1(e), regarding corroborating documents, Lambda lists documents that "include, but are not limited to" certain documents.  If Lambda is aware of more documentation that corroborates its assertions, it must give a complete list.

In response to Common Interrogatory #2, which requested information for "the Asserted Patent and for each patent or patent application relating to each Asserted Patent," Lambda has unduly limited its response to the Asserted Patents.  Please supplement this response to provide the requested information using the provided definitions for Related Patents and Related Applications.

In response to Common Interrogatory #4, Lambda identifies a number of allegedly embodying products but refuses to provide a "claim chart identifying separately for each asserted claim where each element of the claimed invention is found within the allegedly embodying products."  Instead it relies on Rule 33(d) to suggest that Defendants prepare their own claim charts based on the documents identified in

Appendix A.  Lambda's invocation of Rule 33(d) is inadequate.  Given that these products were designed and manufactured by LOS, a party to this case, and given that individuals that were involved in developing the products are cooperating with Lambda, the burden of preparing a claim chart clearly will not "be substantially the same for either party," as Lambda suggests.  Moreover, the interrogatory seeks Lambda's contentions as to embodying products, which cannot be gleaned from a review of documents.


Common Interrogatory #5 requests the "circumstances surrounding the identification of each piece of prior art, the identity(ies) of each individual(s) or organization(s) who disclosed each piece of prior art to Lambda."  Lambda makes a blanket assertion that all art was either learned of during prosecution, during reexamination, or during this litigation.  Lambda's response does not provide the circumstances surrounding the identification of the prior art, including when during prosecution, reexamination or litigation each reference was identified, by whom, or in what context.  Please provide a complete response to this interrogatory.

In its response to Common Interrogatory #9, Lambda states, "To the extent information responsive to this interrogatory is not privileged, Lambda will provide such information in its privilege log."  This appears to be the opposite of what was intended.  Lambda has a duty to provide in its responses to this interrogatory all information that is not privileged and to identify on its privilege log any information that it claims is privileged.  Please supplement your response to include any information for which Lambda is not claiming a privilege, or confirm that no such information exists and that all responsive information will be included on Lambda's privilege log.

Finally, Lambda has objected to the definition of "Named Inventors" and unilaterally redefined the term to reduce the scope of its discovery obligations.  By refusing to follow the clear and unequivocal definition of this term as it was used in Defendants' Common Interrogatories, Lambda has not properly responded to at least Common Interrogatories #1, #5, and #10.  For the same reasons, Lambda must supplement Cisco Interrogatory #4.  Please supplement these interrogatories using the definition provided in Defendants' interrogatories.

Cisco Interrogatories

In response to Cisco Interrogatory #1 seeking Lambda's infringement contentions, Lambda refuses to provide its contentions on the Doctrine of Equivalents, claiming that "the interrogatory is premature."  Lambda further states that it intends "to finalize contentions regarding the DOE once Cisco's position on claim construction is disclosed."  Obviously Lambda's contentions on infringement under DOE are not be dependent on Cisco's claim construction positions—indeed, Lambda pleaded infringement under the doctrine of equivalents in its Complaint in this case.  Similarly, with respect to the asserted claims, insofar as Lambda's response is intended to reserve its rights to assert other claims at a later date, please know that Defendants would strenuously object to any attempt by Lambda to assert additional claims later.  Defendants are relying on Lambda's identification of asserted claims in the upcoming claim construction disclosures, discovery, and preparation of their case and should not be prejudiced by any subsequent identification of asserted claims.

Lambda has refused to provide any substantive response at all to Cisco Interrogatory #2, which seeks details of Lambda's infringement theory under 35 U.S.C. § 271.  Lambda asserts that the interrogatory is "premature as Cisco has not disclosed its position regarding claim construction and other issues affecting infringement."  Again, Cisco's position on claim construction has no bearing on Lambda's ability to set forth its theory of infringement.  For example, with respect to indirect infringement, Lambda is under an obligation to provide its contentions as to indirect infringement as pleaded in Lambda's Complaint, including, for any claim of indirect infringement, an identification of any underlying claims of direct infringement and the basis for an allegation of intent.  If Lambda has no supportable theory of indirect infringement, it must say so.

In response to Cisco Interrogatory #3, which seeks the "date and manner (including describing the circumstances and the person(s) involved)" in which Lambda became aware of the accused products, Lambda only responds with a year for LOS and a year for Lambda.  In addition to lacking any sort of specificity as to the date, Lambda does not explain the manner, people, or circumstances in which it

became aware of the products.  Please supplement Lambda's response to include a complete response to the interrogatory.

Cisco Interrogatory #4 seeks the date on which Lambda contends that Cisco's alleged infringement began, when Lambda learned of the alleged infringement, and the reasons why Lambda delayed commencement of the suit from that date.  Lambda asserts that "infringement began at some time after Cisco began manufacturing the Cisco ONS 15454"--which, according to its response to Cisco Interrogatory #3, Lambda claims to have been aware of in 2003.  Lambda further asserts it was aware of alleged infringement "in the fourth quarter of 2008."  Lambda does not explain the delay in commencement of suit from either the 2003 date or the 2008 date, but instead asserts privilege and work-product immunity.  Obviously insofar as Lambda intends to offer an explanation for its delay in commencing suit in response to Cisco's laches and estoppel defenses, we are entitled to know that explanation and supporting facts in discovery.   We are relying on Lambda's response as confirmation that Lambda is invoking privilege and work product protection, and has no non-privileged explanation for its delay upon which it will seek to rely.

Best,

Andrew

<image001.jpg>

**Andrew Perito**

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
andrew.perito@weil.com
+1 650 802 3993 Direct
+1 650 802 3100 Fax

---

**From:** Phillips, Robin L. [mailto:robin.phillips@procopio.com]
**Sent:** Wednesday, February 15, 2012 2:39 PM
**To:** Perito, Andrew
**Cc:** sbalick@ashby-geddes.com; lmaguire@ashby-geddes.com; amayo@ashby-geddes.com; Dain, Anthony J.; Felix, Victor M.; Joseph, Lenore A.; Fuger, Michele L.; Chavez Riley, Janell; rhorwitz@potteranderson.com; dmoore@potteranderson.com; dwang@orrick.com; alanchen@orrick.com; acaridis@orrick.com; jshaw@ycst.com; msquire@ycst.com; william.mccabe@ropesgray.com; todd.simpson@ropesgray.com; Sasha.Rao@ropesgray.com; Brandon.Stroy@ropesgray.com; jbbefiling@mnat.com; Reines, Edward; Mehta, Sonal; sokelly@oelegal.com
**Subject:** RE: Lambda Optical Solutions v. Alcatel-Lucent SA, et al.

Andrew,

We are busy finalizing the production, and hope to get it out by Friday.  Alternatively, we will send it out early next week.

--Robin

**Robin Phillips**

**Procopio, Cory, Hargreaves & Savitch LLP**

525 B Street, Suite 2200
San Diego, CA 92101
Direct:   619.525.3824
Fax:      619.398.0154
E-mail:   robin.phillips@procopio.com
Website:   www.procopio.com

---

**From:** Perito, Andrew [mailto:andrew.perito@weil.com]
**Sent:** Wednesday, February 15, 2012 2:23 PM
**To:** Phillips, Robin L.
**Cc:** sbalick@ashby-geddes.com; lmaguire@ashby-geddes.com; amayo@ashby-geddes.com; Dain,

Anthony J.; Felix, Victor M.; Joseph, Lenore A.; Fuger, Michele L.; Chavez Riley, Janell;
rhorwitz@potteranderson.com; dmoore@potteranderson.com; dwang@orrick.com; alanchen@orrick.com;
acaridis@orrick.com; jshaw@ycst.com; msquire@ycst.com; william.mccabe@ropesgray.com;
todd.simpson@ropesgray.com; Sasha.Rao@ropesgray.com; Brandon.Stroy@ropesgray.com;
jbbefiling@mnat.com; Reines, Edward; Mehta, Sonal; sokelly@oelegal.com
**Subject:** RE: Lambda Optical Solutions v. Alcatel-Lucent SA, et al.

Robin,

Lambda's interrogatory responses (to both common and defendant-specific interrogatories) cite to
bates-stamped documents--apparently drawn from a range of nearly 60,000 stamped pages--that do not
appear to have been produced.  This includes citation to such documents under FRCP 33(d), in response
to Common Interrogatory No. 4.   Please confirm that Lambda will produce these documents by the end
of the week.

Thank you,

Andrew

<image001.jpg>
**Andrew Perito**

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
andrew.perito@weil.com
+1 650 802 3993 Direct
+1 650 802 3100 Fax

---

**From:** Chavez Riley, Janell [mailto:janell.chavezriley@procopio.com]
**Sent:** Monday, February 13, 2012 6:46 PM
**To:** rhorwitz@potteranderson.com; dmoore@potteranderson.com; dwang@orrick.com;
alanchen@orrick.com; acaridis@orrick.com; jshaw@ycst.com; msquire@ycst.com;
william.mccabe@ropesgray.com; todd.simpson@ropesgray.com; Sasha.Rao@ropesgray.com;
Brandon.Stroy@ropesgray.com; jbbefiling@mnat.com; Reines, Edward; Mehta, Sonal; Perito, Andrew;
sokelly@oelegal.com
**Cc:** sbalick@ashby-geddes.com; lmaguire@ashby-geddes.com; amayo@ashby-geddes.com; Dain,
Anthony J.; Felix, Victor M.; Phillips, Robin L.; Joseph, Lenore A.; Fuger, Michele L.
**Subject:** Lambda Optical Solutions v. Alcatel-Lucent SA, et al.

Dear Counsel,

Attached are Lambda's Responses to Cisco's Interrogatories.  Please contact me with any concerns
regarding this email transmission.

Regards,

**Janell Chavez Riley**
*Legal Secretary*

<image002.jpg>
Procopio, Cory, Hargreaves & Savitch LLP
525 B Street, Suite 2200
San Diego, CA 92101
*direct dial:  (619) 238-1900 x3321*
janell.chavezriley@procopio.com
www.procopio.com

Please consider the environment before printing this e-mail. 

mailgw01.procopio.com made the following annotations
-----------------------------------------------------------------------
Mon Feb 13 2012 18:45:50

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This email and any attachments hereto may contain information that is confidential and/or protected by the attorney-client privilege and attorney work product doctrine. This email is not intended for transmission to, or receipt by, any unauthorized persons. Inadvertent disclosure of the contents of this email or its attachments to unintended recipients is not intended to and does not constitute a waiver of attorney-client privilege or attorney work product protections. If you have received this email in error, immediately notify the sender of the erroneous receipt and destroy this email, any attachments, and all copies of same, either electronic or printed. Any disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.

Federal tax regulations require us to notify you that any tax advice in this electronic message was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties.

------------------------------------------------------------------

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

mailgw01.procopio.com made the following annotations
------------------------------------------------------------------
Wed Feb 15 2012 14:38:42

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This email and any attachments hereto may contain information that is confidential and/or protected by the attorney-client privilege and attorney work product doctrine. This email is not intended for transmission to, or receipt by, any unauthorized persons. Inadvertent disclosure of the contents of this email or its attachments to unintended recipients is not intended to and does not constitute a waiver of attorney-client privilege or attorney work product protections. If you have received this email in error, immediately notify the sender of the erroneous receipt and destroy this email, any attachments, and all copies of same, either electronic or printed. Any disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.

Federal tax regulations require us to notify you that any tax advice in this electronic message was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties.

------------------------------------------------------------------

mailgw01.procopio.com made the following annotations
------------------------------------------------------------------
Wed Feb 29 2012 16:36:52

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This email and any attachments hereto may contain information that is confidential and/or protected by the attorney-client privilege and attorney work product doctrine. This email is not intended for transmission to, or receipt by, any unauthorized persons. Inadvertent disclosure of the contents of this email or its attachments to unintended recipients is not intended to and does not constitute a waiver of attorney-client privilege or attorney work product protections. If you have received this

email in error, immediately notify the sender of the erroneous receipt and destroy this email, any attachments, and all copies of same, either electronic or printed. Any disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.

Federal tax regulations require us to notify you that any tax advice in this electronic message was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties.

------------------------------------------------------------------

mailgw01.procopio.com made the following annotations
------------------------------------------------------------------
Thu Mar 01 2012 18:50:11

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This email and any attachments hereto may contain information that is confidential and/or protected by the attorney-client privilege and attorney work product doctrine. This email is not intended for transmission to, or receipt by, any unauthorized persons. Inadvertent disclosure of the contents of this email or its attachments to unintended recipients is not intended to and does not constitute a waiver of attorney-client privilege or attorney work product protections. If you have received this email in error, immediately notify the sender of the erroneous receipt and destroy this email, any attachments, and all copies of same, either electronic or printed. Any disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.

Federal tax regulations require us to notify you that any tax advice in this electronic message was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties.

------------------------------------------------------------------

mailgw01.procopio.com made the following annotations
------------------------------------------------------------------
Wed Mar 07 2012 09:00:12

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This email and any attachments hereto may contain information that is confidential and/or protected by the attorney-client privilege and attorney work product doctrine. This email is not intended for transmission to, or receipt by, any unauthorized persons. Inadvertent disclosure of the contents of this email or its attachments to unintended recipients is not intended to and does not constitute a waiver of attorney-client privilege or attorney work product protections. If you have received this email in error, immediately notify the sender of the erroneous receipt and destroy this email, any attachments, and all copies of same, either electronic or printed. Any disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.

Federal tax regulations require us to notify you that any tax advice in this electronic message was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties.

------------------------------------------------------------------

mailgw01.procopio.com made the following annotations
------------------------------------------------------------------
Fri Mar 16 2012 11:01:55

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This email and any

attachments hereto may contain information that is confidential and/or protected by the attorney-client privilege and attorney work product doctrine. This email is not intended for transmission to, or receipt by, any unauthorized persons. Inadvertent disclosure of the contents of this email or its attachments to unintended recipients is not intended to and does not constitute a waiver of attorney-client privilege or attorney work product protections. If you have received this email in error, immediately notify the sender of the erroneous receipt and destroy this email, any attachments, and all copies of same, either electronic or printed. Any disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.

Federal tax regulations require us to notify you that any tax advice in this electronic message was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties.

---------------------------------------------------------------------

REDACTED

E
X
H
I
B
I
T

E

**E X H I B I T**

**F**

**Nair, Meera**

| | |
|---|---|
| **From:** | George Pazuniak <gp@del-iplaw.com> |
| **Sent:** | Wednesday, January 09, 2013 10:02 PM |
| **To:** | Simpson, Todd |
| **Cc:** | McCabe, William, J.; John Shaw (jshaw@shawkeller.com); Felix, Victor M. (victor.felix@procopio.com); Phillips, Robin L. (robin.phillips@procopio.com) |
| **Subject:** | RE: Lambda v. Alcatel-Lucent -- Deposition Scheduling |

Not even close.

My email was on December 10, or three weeks before discovery cut-off.  No one was talking about extending the discovery date at the time.
I was not part of the discussions between Alcatel and Lambda, and so whatever agreements you folks make is not my business, but it also does not concern my business.
The parties by their course of conduct agreed that Tzathas would not depose Alcatel, and vice versa.

Tzathas has been sufficiently aggrieved by Alcatel's inexcusable decision to sue him, and Alcatel's imposition of "corporate" cost of litigation upon an individual who does not even employed.  I do not see how in good conscience I can agree to extend that unjustified aggravation by retroactively extending the period of my client's damages for no benefit whatsoever.

George

---

**From:** Simpson, Todd [mailto:Todd.Simpson@ropesgray.com]
**Sent:** Wednesday, January 09, 2013 8:50 PM
**To:** George Pazuniak
**Cc:** McCabe, William, J.; John Shaw (jshaw@shawkeller.com); Felix, Victor M. (victor.felix@procopio.com); Phillips, Robin L. (robin.phillips@procopio.com)
**Subject:** RE: Lambda v. Alcatel-Lucent -- Deposition Scheduling

George,

Lambda and Alcatel-Lucent have agreed to take properly noticed depositions past the close of fact discovery by agreement, as needed and within a reasonable timeframe.

I believe we had the same understanding with you, as evidenced by the attached email which clearly contemplates that both the 30(b)(6) witness for Mr. Tzathas' notice and Mr. Tzathas himself would be produced in January (to which you raised no objection).  So I am surprised to receive your email as well, and I am not sure what exchanges you are referring to.

Todd

**Todd M. Simpson**
**ROPES & GRAY LLP**
T +1 212 596 9759 | F +1 646 728 2674
1211 Avenue of the Americas
New York, NY 10036-8704
todd.simpson@ropesgray.com
www.ropesgray.com

---

**From:** George Pazuniak [mailto:gp@del-iplaw.com]
**Sent:** Wednesday, January 09, 2013 8:32 PM

**To:** Simpson, Todd
**Cc:** McCabe, William, J.; John Shaw (jshaw@shawkeller.com); Felix, Victor M. (victor.felix@procopio.com); Phillips, Robin L. (robin.phillips@procopio.com)
**Subject:** RE: Lambda v. Alcatel-Lucent -- Deposition Scheduling

Todd,

I am appreciative of your offer to pay the cost of travel to NYC or NJ for depositions, but I am still surprised to receive your note.  Alcatel never provided a witness in response to Tzathas' notice of deposition of Alcatel under rule 30b6 (despite several exchanges in which Alcatel said it would provide a witness before the end of December), and, in the meantime, discovery is over as to Defendant Tzathas.  The Court extended the fact discovery deadline until December 31, 2012, which is long past, and Tzathas never agreed to any extensions of that deadline.  Or, did I miss a court order extending discovery?

BTW – I still do not have a response to my request for usable CDs as to Alcatel's first document production.

George

---

**From:** Simpson, Todd [mailto:Todd.Simpson@ropesgray.com]
**Sent:** Wednesday, January 09, 2013 8:14 PM
**To:** Felix, Victor M. (victor.felix@procopio.com); Phillips, Robin L. (robin.phillips@procopio.com); George Pazuniak
**Cc:** McCabe, William, J.; John Shaw (jshaw@shawkeller.com)
**Subject:** Lambda v. Alcatel-Lucent -- Deposition Scheduling

Victor, to follow up on our December 14th call regarding deposition scheduling, we are still awaiting available dates for the following depositions:

- 30(b)(6) Notices to Lambda Solutions.  We understand that the individual will likely be Marc Frechette, so we would take the deposition noticed in his personal capacity on the same day.
- 30(b)(6) Notice to Procopio

George, we still need to schedule Mr. Tzathas' deposition.  Please provide available dates in the last two weeks of January.

Alcatel-Lucent offers the following depositions on the following dates:

- Chris Allyn – January 30 in Ropes' NYC office in his personal capacity and as a 30(b)(6) designee on topic 1 of Lambda's 30(b)(6) notice regarding MONET
- Virginia Nichols – January 29 in Ropes' Silicon Valley office in her personal capacity and as a 30(b)(6) designee on topic 1 of the 30(b)(6) notice regarding MONET
- Linden Mercer – January 22 in Ropes' DC office
- Bernard Zucker – January 25 in Ropes' NYC office in his personal capacity and as a 30(b)(6) designee on topic 10 of Mr. Tzathas's 30(b)(6) notice
- Bill Thompson – February 1 in NJ in his personal capacity and as the 30(b)(6) designee on topics 2, 10, and 18 of Lambda's 30(b)(6) notice regarding financials for LambdaXtreme and topics 1-12 of Lambda's 30(b)(6) notice regarding the accused products for LambdaXtreme
- Dave Einstein – January 31 in NJ in his personal capacity and as a 30(b)(6) designee on topic 1 of Lambda's 30(b)(6) Notice regarding MONET, on topics 2, 10, and 18 of Lambda's 30(b)(6) notice regarding financials for the Metropolis EON/1695 WSM, on topics 1-12 of Lambda's 30(b)(6) notice regarding the accused products for the Metropolis EON/1695 WSM, and on topics 15-17 of Mr. Tzathas's 30(b)(6) notice
- Nicci Ackerman – February 1 in Plano, TX as the 30(b)(6) designee on topics 3, 4, 5, and 17 of Lambda's 30(b)(6) notice regarding financials for the LambdaXtreme, 1696 ROADM, and Metropolis EON/1695 WSM

Please note that we had previously offered dates in December for most of these depositions (i.e., Bernard Zucker, Bill Thompson, Dave Einstein, Chris Allyn, and Virginia Nichols). Alcatel-Lucent is not amenable to unnecessary delay in completing these depositions.

In light of the relevance of these depositions to some issues in the opening expert reports due on January 18th, we offer to extend the expert deadlines by three weeks.

George, with respect to location of depositions, in an effort to compromise and for the convenience of the witnesses, Alcatel-Lucent offers to pay for your travel costs to NY and/or NJ.

Please let me know if you would like to schedule a call to discuss. Your prompt response is appreciated so that we can confirm dates with the witnesses.


Regards,
Todd


**Todd M. Simpson**
**ROPES & GRAY LLP**
T +1 212 596 9759 | F +1 646 728 2674
1211 Avenue of the Americas
New York, NY 10036-8704
todd.simpson@ropesgray.com
www.ropesgray.com

Circular 230 Disclosure (R&G): To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**E X H I B I T**

**G**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAMBDA OPTICAL SOLUTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALCATEL-LUCENT USA INC. and<br>ALCATEL-LUCENT HOLDINGS INC.,<br><br>Defendants. | C.A. No. 10-487-RGA-CJB |
| ALCATEL-LUCENT USA INC., and<br>ALCATEL-LUCENT HOLDINGS INC.,<br><br>Counter-Claimants,<br><br>v.<br><br>LAMBDA OPTICAL SOLUTIONS LLC,<br>LAMBDA OPTICAL SYSTEMS CORP., and<br>ANASTASIOS TZATHAS,<br><br>Counter-Defendants. | |

## **NOTICE OF DEPOSITION OF ANASTASIOS TZATHAS**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30 of the Federal Rules of

Civil Procedure, Defendants Alcatel-Lucent USA Inc., and Alcatel-Lucent Holdings Inc.,

(collectively "Alcatel-Lucent") will take the deposition upon oral examination of Mr. Anastasios

Tzathas, on August 31, 2012, at the law offices of Shaw Keller LLP, 300 Delaware Avenue,

Suite 1120, Wilmington, DE  19801, beginning at 9:00 a.m., or at such other time and place as

may be agreed upon by the parties or ordered by the Court.  The deposition will be taken before

an officer, notary public, or other person authorized to administer oaths.  All counsel of record

are invited to attend and cross-examine.

SHAW KELLER LLP

/s/ Andrew E. Russell
John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
300 Delaware Avenue, Suite 1120
Wilmington, DE  19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com

OF COUNSEL:
ROPES & GRAY LLP
William J. McCabe
Todd M. Simpson
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000

Attorneys for Defendants Alcatel-Lucent USA
Inc. and Alcatel-Lucent Holdings Inc.

Sasha G. Rao
Brandon H. Stroy
1900 University Ave.
East Palo Alto, CA 94303
(650) 617-4000

Dated: August 2, 2012

## CERTIFICATE OF SERVICE

I, Andrew E. Russell, hereby certify that on August 2, 2012, this document was served on

the persons listed below in the manner indicated:

### BY E-MAIL:

Andrew Colin Mayo
Steven J. Balick
Lauren E. Maguire
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
amayo@ashbygeddes.com
sbalick@ashbygeddes.com
lmaguire@ashbygeddes.com

Anthony Dain
Victor Felix
Robin Phillips
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
530 B Street Suite 2100
San Diego, CA 92101
ajd@procopio.com
vmf@procopio.com
rlp@procopio.com

Sean T. O'Kelly
O'KELLY, ERNST, BIELLI
 & WALLEN, LLC
1000 N. West Street, Suite 1200
Wilmington, DE 19801
(302) 295-4905
sokelly@oebwlegal.com

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON, LLP
1313 N. Market St., 6th Flr.
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

David E. Wang
ORRICK, HERRINGTON
 & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 289-7181
dwang@orrick.com

SHAW KELLER LLP

_/s/ Andrew E. Russell_
John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
300 Delaware Avenue, Suite 1120
Wilmington, DE  19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com

*Attorneys for Defendants Alcatel-Lucent USA Inc. and Alcatel-Lucent Holdings Inc.*

Dated: August 2, 2012

**E X H I B I T**

**H**

**Nair, Meera**

| | |
|---|---|
| **From:** | Simpson, Todd |
| **Sent:** | Thursday, August 16, 2012 12:46 PM |
| **To:** | 'Sean O'Kelly' |
| **Subject:** | RE: Lambda Optical Solutions LLC v. Alcatel Lucent SA et al. C.A. No. 10-487-RGA-CJB |

Thanks Sean. █████████████████████████████████████████████████

We will await alternative date proposals, preferably later September or early October.

Best, Todd

**Todd M. Simpson**
**ROPES & GRAY LLP**
T +1 212 596 9759 | F +1 646 728 2674
1211 Avenue of the Americas
New York, NY 10036-8704
todd.simpson@ropesgray.com
www.ropesgray.com

**From:** Sean O'Kelly [mailto:sokelly@oebwlegal.com]
**Sent:** Thursday, August 16, 2012 12:38 PM
**To:** Simpson, Todd
**Subject:** FW: Lambda Optical Solutions LLC v. Alcatel Lucent SA et al. C.A. No. 10-487-RGA-CJB

Todd,

I suppose it's moot now, but below was my email regarding Mr. Tzathas's availability for deposition.

Sean

*** Please note our new contact information ***

**Sean T. O'Kelly**
O'Kelly Ernst Bielli & Wallen, LLC
901 N. Market Street
Suite 1000
Wilmington, Delaware 19801
Direct (302) 778-4001
Main (302) 778-4000
Fax (302) 295-2873
www.oebwlegal.com

*IRS Circular 230 Notice: As required by United States Treasury Regulations, You are hereby informed that unless otherwise specifically stated, any United States federal tax advice contained in this e-mail or any attachments is not intended to be used, and cannot be used, for the purposes of avoiding penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any transaction or matter addressed herein or in the attachments hereto.*

*This communication including all attachments may be subject to the attorney-client privilege or the attorney work product privilege or may be otherwise confidential. Any dissemination, copying or use of this communication by or to anyone other than the designated and intended recipient(s) is unauthorized. If you are not the intended recipient, please delete or destroy this communication immediately.*

**From:** Sean O'Kelly [mailto:sokelly@oebwlegal.com]
**Sent:** Friday, August 10, 2012 11:31 AM
**To:** 'Andrew Russell'; 'dwang@orrick.com'; 'amayo@ashbygeddes.com'; 'sbalick@ashbygeddes.com'; 'lmaguire@ashbygeddes.com'; 'vmf@procopio.com'; 'ajd@procopio.com'; 'rlp@procopio.com'; 'rhorwitz@potteranderson.com'; 'dmoore@potteranderson.com'
**Subject:** RE: Lambda Optical Solutions LLC v. Alcatel Lucent SA et al. C.A. No. 10-487-RGA-CJB

Counsel,

Please be aware that my client, Anastasios Tzathas, is <u>not</u> available on August 31st for his deposition.  I have asked him to provide me with dates when he is available.  I will forward them to you once I receive them.

My regards,
Sean

**\*\*\* Please note our new contact information \*\*\***

**Sean T. O'Kelly**
O'Kelly Ernst Bielli & Wallen, LLC
901 N. Market Street
Suite 1000
Wilmington, Delaware 19801
Direct (302) 778-4001
Main (302) 778-4000
Fax (302) 295-2873
www.oebwlegal.com

*IRS Circular 230 Notice: As required by United States Treasury Regulations, You are hereby informed that unless otherwise specifically stated, any United States federal tax advice contained in this e-mail or any attachments is not intended to be used, and cannot be used, for the purposes of avoiding penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any transaction or matter addressed herein or in the attachments hereto.*

*This communication including all attachments may be subject to the attorney-client privilege or the attorney work product privilege or may be otherwise confidential.  Any dissemination, copying or use of this communication by or to anyone other than the designated and intended recipient(s) is unauthorized.  If you are not the intended recipient, please delete or destroy this communication immediately.*

**From:** Andrew Russell [mailto:arussell@shawkeller.com]
**Sent:** Thursday, August 02, 2012 11:23 PM
**To:** 'dwang@orrick.com'; 'sokelly@oebwlegal.com'; 'amayo@ashbygeddes.com'; 'sbalick@ashbygeddes.com'; 'lmaguire@ashbygeddes.com'; 'vmf@procopio.com'; 'ajd@procopio.com'; 'rlp@procopio.com'; 'rhorwitz@potteranderson.com'; 'dmoore@potteranderson.com'
**Subject:** Lambda Optical Solutions LLC v. Alcatel Lucent SA et al. C.A. No. 10-487-RGA-CJB

All,

Please find attached:

1.  Notice of Deposition of Irfan Ali

2.  Notice of Deposition of Abdella Battou

3. Notice of Deposition of Anastasios Tzathas

4. Notice of Service

Andrew E. Russell
Shaw Keller LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0704 (work)
(302) 650-9191 (cell)
arussell@shawkeller.com

**E X H I B I T**

**I**

**Nair, Meera**

| | |
|---|---|
| **From:** | Phillips, Robin L. <robin.phillips@procopio.com> |
| **Sent:** | Wednesday, October 31, 2012 12:04 PM |
| **To:** | Simpson, Todd; Felix, Victor M.; Sean O'Kelly; sokelly@oelegal.com |
| **Cc:** | McCabe, William, J.; rernst@oebwlegal.com |
| **Subject:** | RE: Lambda v. ALU -- Depositions Next Week |

Todd,

I hope that you were okay during the storm, and that you have emerged safely.

Our clients inform us that they cannot get transportation into New York City on Friday or next Tuesday, and that the power is still out in many parts of the city as a result of the storm.  I understand that Alcatel is also experiencing travel difficulties regarding these depositions.
Given the situation, I see no choice but to cancel the depositions of Mr. Ali and Dr. Battou, and meet and confer to reschedule the depositions once basic services and transportation are restored in New York.

Regards,

Robin

-----Original Message-----
From: Simpson, Todd [mailto:Todd.Simpson@ropesgray.com]
Sent: Tuesday, October 30, 2012 12:49 PM
To: Phillips, Robin L.; Felix, Victor M.; Sean O'Kelly; sokelly@oelegal.com
Cc: McCabe, William, J.; rernst@oebwlegal.com
Subject: RE: Lambda v. ALU -- Depositions Next Week

Robin,

I am still trying to get a response and will let you know as soon as possible.  We are trying to deal with conflicts and travel problems.

Thanks, Todd



Todd M. Simpson
ROPES & GRAY LLP
T +1 212 596 9759 | F +1 646 728 2674
1211 Avenue of the Americas
New York, NY 10036-8704
todd.simpson@ropesgray.com
www.ropesgray.com

-----Original Message-----
From: Phillips, Robin L. [mailto:robin.phillips@procopio.com]
Sent: Monday, October 29, 2012 11:33 AM
To: Simpson, Todd; Felix, Victor M.; Sean O'Kelly; sokelly@oelegal.com
Cc: McCabe, William, J.; rernst@oebwlegal.com
Subject: RE: Lambda v. ALU -- Depositions Next Week

1

Todd,

In light of the hurricane, Mr. Ali can be available for deposition this Friday (November 2), and we can move Dr. Battou's deposition to Tuesday (November 6).  Please let us know whether this works for Alcatel.

Thanks,

Robin


-----Original Message-----
From: Simpson, Todd [mailto:Todd.Simpson@ropesgray.com]
Sent: Sun 10/28/2012 11:03 AM
To: Felix, Victor M.; Sean O'Kelly; sokelly@oelegal.com
Cc: McCabe, William, J.; Phillips, Robin L.; rernst@oebwlegal.com
Subject: RE: Lambda v. ALU -- Depositions Next Week

Public transportation in NYC is shut down tomorrow, and it seems pretty certain the same will be true on Tuesday.  It will be very difficult, if not impossible, for our team to get into the office on Monday or Tuesday (assuming it is even open) especially because most of us are outside of Manhattan.  We are going to go ahead and cancel Mr. Ali's deposition on Tuesday.  Please let us know the flexibility for rescheduling this Thursday or next week.



I hope everyone weathers the storm well if you are affected.



Best, Todd




Todd M. Simpson
ROPES & GRAY LLP
T +1 212 596 9759 | F +1 646 728 2674
1211 Avenue of the Americas
New York, NY 10036-8704
todd.simpson@ropesgray.com <mailto:todd.simpson@ropesgray.com>
www.ropesgray.com




From: Felix, Victor M. [mailto:victor.felix@procopio.com]
Sent: Friday, October 26, 2012 6:47 PM
To: Simpson, Todd; Sean O'Kelly; sokelly@oelegal.com
Cc: McCabe, William, J.; Phillips, Robin L.; rernst@oebwlegal.com
Subject: RE: Lambda v. ALU -- Depositions Next Week

Todd,


Yes, we would like to have a dial in number.  We may attend telephonically.


Best regards,


Victor M. Felix
Partner



Procopio, Cory, Hargreaves & Savitch LLP
525 B Street, Suite 2200
San Diego, CA 92101
direct dial:  (619) 515-3229
direct fax:  (619) 744-5409
victor.felix@procopio.com
www.procopio.com



Please consider the environment before printing this e-mail. P



_____

From: Simpson, Todd [mailto:Todd.Simpson@ropesgray.com]
Sent: Friday, October 26, 2012 3:06 PM
To: Sean O'Kelly; sokelly@oelegal.com
Cc: McCabe, William, J.; Felix, Victor M.; Phillips, Robin L.; rernst@oebwlegal.com <mailto:rernst@oebwlegal.com>
Subject: RE: Lambda v. ALU -- Depositions Next Week

Our offices are 1211 Ave. of the Americas, the corner of 6th ave. and 47th street.


I don't believe we have set a start time.  Robin, please let me know if you object to 9:30 a.m.

If you would like to dial-in, I will get that set up.


Thanks, Todd



Todd M. Simpson
ROPES & GRAY LLP
T +1 212 596 9759 | F +1 646 728 2674
1211 Avenue of the Americas
New York, NY 10036-8704
todd.simpson@ropesgray.com <mailto:todd.simpson@ropesgray.com>
www.ropesgray.com <http://www.ropesgray.com>

From: Sean O'Kelly [mailto:sokelly@oebwlegal.com]
Sent: Friday, October 26, 2012 5:59 PM
To: Simpson, Todd; sokelly@oelegal.com
Cc: McCabe, William, J.; 'Felix, Victor M.'; 'Phillips, Robin L.'; rernst@oebwlegal.com <mailto:rernst@oebwlegal.com>
Subject: RE: Lambda v. ALU -- Depositions Next Week


Thanks, Todd.  We in fact hadn't gotten notice.  I appreciate you letting me know.  At a minimum, I would like to dial-in and I might in fact take a trip up to be there in person.  I'll consider that over the weekend and let you know on Monday. Can you send me the details when you get a moment (time, address, etc.)?  Thanks in advance.


Regards,

Sean



Sean T. O'Kelly

O'Kelly Ernst Bielli & Wallen, LLC

901 N. Market Street

Suite 1000

Wilmington, Delaware 19801

Direct (302) 778-4001

Main (302) 778-4000

4

Fax (302) 295-2873

www.oebwlegal.com

IRS Circular 230 Notice: As required by United States Treasury Regulations, You are hereby informed that unless otherwise specifically stated, any United States federal tax advice contained in this e-mail or any attachments is not intended to be used, and cannot be used, for the purposes of avoiding penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any transaction or matter addressed herein or in the attachments hereto.

This communication including all attachments may be subject to the attorney-client privilege or the attorney work product privilege or may be otherwise confidential.  Any dissemination, copying or use of this communication by or to anyone other than the designated and intended
recipient(s) is unauthorized.  If you are not the intended recipient, please delete or destroy this communication immediately.

From: Simpson, Todd [mailto:Todd.Simpson@ropesgray.com]
Sent: Friday, October 26, 2012 5:54 PM
To: 'sokelly@oelegal.com'
Cc: McCabe, William, J.; Felix, Victor M.; Phillips, Robin L.
Subject: Lambda v. ALU -- Depositions Next Week

Sean,

I realized you might not have gotten notice of the final dates for the depositions of Messrs. Ali and Battou, Lambda Systems' 30(b)(6) designees.  The depositions are going forward next week at Ropes' NYC office, Mr. Ali on Tuesday and Dr. Battou on Friday.  Further to my other email, as you are probably aware, there are potential weather considerations at play.

Please let me know if you (or someone from your firm) plans to attend in person or if you would like to dial-in.

Thanks, Todd

Todd M. Simpson

ROPES & GRAY LLP
T +1 212 596 9759 | F +1 646 728 2674
1211 Avenue of the Americas
New York, NY 10036-8704
todd.simpson@ropesgray.com <mailto:todd.simpson@ropesgray.com>
www.ropesgray.com <http://www.ropesgray.com>

Circular 230 Disclosure (R&G): To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S.
tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

mailgw01.procopio.com made the following annotations
---------------------------------------------------------------------
Fri Oct 26 2012 15:47:12

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This email and any attachments hereto may contain information that is confidential and/or protected by the attorney-client privilege and attorney work product doctrine. This email is not intended for transmission to, or receipt by, any unauthorized persons.
Inadvertent disclosure of the contents of this email or its attachments to unintended recipients is not intended to and does not constitute a waiver of attorney-client privilege or attorney work product protections. If you have received this email in error, immediately notify the sender of the erroneous receipt and destroy this email, any attachments, and all copies of same, either electronic or printed. Any disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.

Federal tax regulations require us to notify you that any tax advice in this electronic message was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties.

---------------------------------------------------------------------

mailgw01.procopio.com made the following annotations
---------------------------------------------------------------------
Mon Oct 29 2012 08:33:17

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This email and any attachments hereto may contain information that is confidential and/or protected by the attorney-client privilege and attorney work product doctrine. This email is not intended for transmission to, or receipt by, any unauthorized persons.
Inadvertent disclosure of the contents of this email or its attachments to unintended recipients is not intended to and does not constitute a waiver of attorney-client privilege or attorney work product protections. If you have received this email in error, immediately notify the sender of the erroneous receipt and destroy this email, any attachments, and all copies of same, either electronic or printed. Any disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.

Federal tax regulations require us to notify you that any tax advice in this electronic message was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties.

-------------------------------------------------------------------

mailgw01.procopio.com made the following annotations
-------------------------------------------------------------------
Wed Oct 31 2012 09:03:39

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This email and any attachments hereto may contain information that is confidential and/or protected by the attorney-client privilege and attorney work product doctrine. This email is not intended for transmission to, or receipt by, any unauthorized persons. Inadvertent disclosure of the contents of this email or its attachments to unintended recipients is not intended to and does not constitute a waiver of attorney-client privilege or attorney work product protections. If you have received this email in error, immediately notify the sender of the erroneous receipt and destroy this email, any attachments, and all copies of same, either electronic or printed. Any disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.

Federal tax regulations require us to notify you that any tax advice in this electronic message was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties.

-------------------------------------------------------------------

**E
X
H
I
B
I
T

J**

**Nair, Meera**

| | |
|---|---|
| **From:** | Simpson, Todd |
| **Sent:** | Friday, December 07, 2012 9:41 AM |
| **To:** | George Pazuniak |
| **Cc:** | victor.felix@procopio.com |
| **Subject:** | RE: Lambda v. Alcatel-Lucent -- Alferness Depo, Notice of 30(b)(6) Designation and Location Change |

Correct.  We will let you know if anything changes.


**Todd M. Simpson**
**ROPES & GRAY LLP**
T +1 212 596 9759 | F +1 646 728 2674
1211 Avenue of the Americas
New York, NY 10036-8704
todd.simpson@ropesgray.com
www.ropesgray.com

**From:** George Pazuniak [mailto:gp@del-iplaw.com]
**Sent:** Friday, December 07, 2012 9:33 AM
**To:** Simpson, Todd
**Cc:** victor.felix@procopio.com
**Subject:** RE: Lambda v. Alcatel-Lucent -- Alferness Depo, Notice of 30(b)(6) Designation and Location Change

Thank you.

I assume that Plaintiff and Defendant agreed on December 10th date, starting at 9:30 am Pacific Time.


George

**From:** Simpson, Todd [mailto:Todd.Simpson@ropesgray.com]
**Sent:** Friday, December 07, 2012 9:25 AM
**To:** George Pazuniak
**Cc:** victor.felix@procopio.com
**Subject:** RE: Lambda v. Alcatel-Lucent -- Alferness Depo, Notice of 30(b)(6) Designation and Location Change

Here is the call-in information George:

*Telephonic - 877-311-2008,   Passcode 589983*


**Todd M. Simpson**
**ROPES & GRAY LLP**
T +1 212 596 9759 | F +1 646 728 2674
1211 Avenue of the Americas
New York, NY 10036-8704
todd.simpson@ropesgray.com
www.ropesgray.com

**From:** George Pazuniak [mailto:gp@del-iplaw.com]
**Sent:** Tuesday, December 04, 2012 2:27 PM
**To:** Simpson, Todd
**Cc:** victor.felix@procopio.com
**Subject:** RE: Lambda v. Alcatel-Lucent -- Alferness Depo, Notice of 30(b)(6) Designation and Location Change

Thank you for your offer of providing telephone participation.  Please let me know what number to call in on.  Or, if you wish, you can have the call made to me.

George

---

**From:** Simpson, Todd [mailto:Todd.Simpson@ropesgray.com]
**Sent:** Tuesday, December 04, 2012 2:23 PM
**To:** George Pazuniak
**Cc:** victor.felix@procopio.com
**Subject:** RE: Lambda v. Alcatel-Lucent -- Alferness Depo, Notice of 30(b)(6) Designation and Location Change

George,

While we disagree with your position, we will proceed with the deposition of Dr. Alferness as planned in his individual capacity and as a 30(b)(6) witness on Lambda's topics.   We will address the Tzathas 30(b)(6) topics separately and, to the extent they are not objectionable, designate a different witness.  As previously offered, participation by phone can be made available for Dr. Alferness' deposition.

Regards,
Todd

**Todd M. Simpson**
**ROPES & GRAY LLP**
T +1 212 596 9759 | F +1 646 728 2674
1211 Avenue of the Americas
New York, NY 10036-8704
todd.simpson@ropesgray.com
www.ropesgray.com

---

**From:** George Pazuniak [mailto:gp@del-iplaw.com]
**Sent:** Monday, December 03, 2012 9:07 PM
**To:** Simpson, Todd
**Cc:** victor.felix@procopio.com
**Subject:** RE: Lambda v. Alcatel-Lucent -- Alferness Depo, Notice of 30(b)(6) Designation and Location Change

Todd,

In re-reading your email, I thought it possible that you were suggesting that the individual counter-defendant would depose Alcatel as an add-on to the deposition noticed by Lambda.  If that was intended or suggested, I want to confirm that the individual counter-defendant  intends to depose Alcatel-Lucent based on its notice of deposition, and not as an add-on to whatever discovery is sought by Lambda.  It is of no consequence to us of who Alcatel-Lucent designates as its Rule 30b6 deponent (so long as the requirements of Rule 30b6 are complied with), or whether that deponent is being produced in response to another party's depositions notice, or if that deponent is being produced in California for the benefit or convenience of other parties and their counsel.

George

---

**From:** George Pazuniak
**Sent:** Monday, December 03, 2012 9:39 PM
**To:** 'Simpson, Todd'
**Cc:** victor.felix@procopio.com
**Subject:** RE: Lambda v. Alcatel-Lucent -- Alferness Depo, Notice of 30(b)(6) Designation and Location Change

Todd,

Plaintiffs are required to bring their corporate designees to the forum where they chose to file suit, and in this case to sue an individual who resides in the forum area.  Defendant is under no obligation to suffer the prejudice of taking a telephone deposition as opposed to taking the deposition in person, or , alternatively, to bear the cost of travelling to the opposite side of the continent to make it convenient for the counter-plaintiff that sued him.  The fact that a huge corporation is demanding that an individual that they sued bear the prejudice and/or cost of convenience for the party that sued the individual is rather preposterous.

Please advise if you will honor the notice of deposition.  If you refuse to comply and produce your 30b6 witness in the forum at a mutually convenient time, we will take the matter up with the Court.

George

**From:** Simpson, Todd [mailto:Todd.Simpson@ropesgray.com]
**Sent:** Monday, December 03, 2012 9:26 PM
**To:** George Pazuniak
**Subject:** FW: Lambda v. Alcatel-Lucent -- Alferness Depo, Notice of 30(b)(6) Designation and Location Change

George,

I write to follow up on our emails of last Friday.  Below we designated Dr. Alferness with respect to MONET issues to the extent they relate to the Tzathas 30(b)(6) topics.

It was not clear to me whether you were objecting to Alcatel-Lucent's designation of Dr. Alferness on the Tzathas topics.  Dr. Alferness is a third party (not an Alcatel-Lucent employee) and lives and works in the Santa Barbara, CA area.  The scheduling order entered in this case (D.I. 142) establishes a preference for having depositions in locations convenient to the witnesses.  The Court has encouraged the parties to complete discovery in a timely manner.  In order to do that, we are proceeding with the deposition as scheduled.  You are invited to participate by phone if you are unable to attend in person.

Regards,
Todd

**Todd M. Simpson**
**ROPES & GRAY LLP**
T +1 212 596 9759 | F +1 646 728 2674
1211 Avenue of the Americas
New York, NY 10036-8704
todd.simpson@ropesgray.com
www.ropesgray.com

**From:** Simpson, Todd
**Sent:** Thursday, November 29, 2012 9:12 PM
**To:** George Pazuniak; Felix, Victor M.; David Fry; amayo@ashby-geddes.com; sbalick@ashby-geddes.com; lmaguire@ashby-geddes.com; Dain, Anthony J.; Phillips, Robin L.
**Cc:** McCabe, William, J.; Rao, Sasha; Stroy, Brandon; Nair, Meera; SKAlcatelLambda
**Subject:** Lambda v. Alcatel-Lucent -- Alferness Depo, Notice of 30(b)(6) Designation and Location Change

Counsel:

Thank you for confirming the December 10th date (9:30 am) for the deposition of Dr. Alferness.  Alcatel-Lucent designates Dr. Alferness as a witness to testify on behalf of Alcatel-Lucent for Topic 1 of Lambda's 30(b)(6) Notice

Regarding MONET ("The contributions made by YOU or YOUR employees to the MONET Project."). With respect to Mr. Tzathas' 30(b)(6) deposition notice, given that certain topics touch on MONET (often indirectly), Alcatel-Lucent designates Dr. Alferness for the same subject matter, i.e., contributions made by Alcatel-Lucent to MONET.

Please note that the location of the deposition has changed from the notice. It will now be held at:

Pacifica Suites Santa Barbara
5490 Hollister Avenue
Santa Barbara, CA 93111
Phone: 805-683-6722

Please verify if you would like accommodations to participate remotely and we will work with the court reporter and hotel to provide them.

Regards,
Todd

**Todd M. Simpson**
**ROPES & GRAY LLP**
T +1 212 596 9759 | F +1 646 728 2674
1211 Avenue of the Americas
New York, NY 10036-8704
todd.simpson@ropesgray.com
www.ropesgray.com

---

**From:** George Pazuniak [mailto:gp@del-iplaw.com]
**Sent:** Monday, November 26, 2012 2:23 PM
**To:** Felix, Victor M.; Simpson, Todd; David Fry; amayo@ashby-geddes.com; sbalick@ashby-geddes.com; lmaguire@ashby-geddes.com; Dain, Anthony J.; Phillips, Robin L.
**Cc:** McCabe, William, J.; Rao, Sasha; Stroy, Brandon; Nair, Meera; SKAlcatelLambda
**Subject:** RE: C.A. No. 10-cv-00487-RGA-CJB Lambda Optical Solutions LLC v. Alcatel Lucent SA et al - NOTICE to Take Deposition of ROD C. ALFERNESS on DECEMBER 10, 2012 by Alcatel Lucent Holdings Inc., Alcatel Lucent USA Inc..(Fry, David)

I am not sure whether Tzathas will attend the deposition.
Please go ahead.

George

George Pazuniak
Pazuniak Law Office LLC
1201 North Orange Street
7th floor, Suite 7114
Wilmington, DE 19801-1186
Tel: 302-478-4230

---

**From:** Felix, Victor M. [mailto:victor.felix@procopio.com]
**Sent:** Monday, November 26, 2012 2:14 PM
**To:** Simpson, Todd; David Fry; amayo@ashby-geddes.com; sbalick@ashby-geddes.com; lmaguire@ashby-geddes.com; Dain, Anthony J.; Phillips, Robin L.; George Pazuniak
**Cc:** McCabe, William, J.; Rao, Sasha; Stroy, Brandon; Nair, Meera; SKAlcatelLambda; Felix, Victor M.

4

**Subject:** RE: C.A. No. 10-cv-00487-RGA-CJB Lambda Optical Solutions LLC v. Alcatel Lucent SA et al - NOTICE to Take Deposition of ROD C. ALFERNESS on DECEMBER 10, 2012 by Alcatel Lucent Holdings Inc., Alcatel Lucent USA Inc..(Fry, David)

Todd,

Lambda will attend the deposition on December 10, likely telephonically but there is a chance we may be able to attend in person.

Best regards,

**Victor M. Felix**
*Partner*



Procopio, Cory, Hargreaves & Savitch LLP
525 B Street, Suite 2200
San Diego, CA 92101
*direct dial:  (619) 515-3229*
*direct fax:  (619) 744-5409*
victor.felix@procopio.com
www.procopio.com

Please consider the environment before printing this e-mail.  

---

**From:** Simpson, Todd [mailto:Todd.Simpson@ropesgray.com]
**Sent:** Sunday, November 25, 2012 12:05 PM
**To:** David Fry; amayo@ashby-geddes.com; sbalick@ashby-geddes.com; lmaguire@ashby-geddes.com; Dain, Anthony J.; Felix, Victor M.; Phillips, Robin L.; gp@del-iplaw.com
**Cc:** McCabe, William, J.; Rao, Sasha; Stroy, Brandon; Nair, Meera; SKAlcatelLambda
**Subject:** RE: C.A. No. 10-cv-00487-RGA-CJB Lambda Optical Solutions LLC v. Alcatel Lucent SA et al - NOTICE to Take Deposition of ROD C. ALFERNESS on DECEMBER 10, 2012 by Alcatel Lucent Holdings Inc., Alcatel Lucent USA Inc..(Fry, David)

Counsel,

I still have not heard back from anyone regarding the deposition date of December 10th for Dr. Alferness which was noticed on November 12th.  Dr. Alferness is not an Alcatel-Lucent employee; he is the Dean of the College of Engineering at UCSB.  Accordingly, potential dates for his deposition are very restricted.  Please provide a response regarding this deposition as soon as possible, and no later than this Tuesday.

Regards,
Todd

**Todd M. Simpson**
**ROPES & GRAY LLP**
T +1 212 596 9759 | F +1 646 728 2674
1211 Avenue of the Americas
New York, NY 10036-8704
todd.simpson@ropesgray.com
www.ropesgray.com

Circular 230 Disclosure (R&G): To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

---

**From:** Simpson, Todd
**Sent:** Sunday, November 18, 2012 9:12 PM
**To:** David Fry; amayo@ashby-geddes.com; sbalick@ashby-geddes.com; lmaguire@ashby-geddes.com; ajd@procopio.com; vmf@procopio.com; rlp@procopio.com; gp@del-iplaw.com
**Cc:** McCabe, William, J.; Rao, Sasha; Stroy, Brandon; Nair, Meera; SKAlcatelLambda
**Subject:** RE: C.A. No. 10-cv-00487-RGA-CJB Lambda Optical Solutions LLC v. Alcatel Lucent SA et al - NOTICE to Take Deposition of ROD C. ALFERNESS on DECEMBER 10, 2012 by Alcatel Lucent Holdings Inc., Alcatel Lucent USA Inc..(Fry, David)

Counsel,

To follow up on the email below, Dr. Alferness has limited availability.  Please confirm the date or let us know if you wish to attend this deposition but are not available on December 10th.

Regards,
Todd

**Todd M. Simpson**
**ROPES & GRAY LLP**
T +1 212 596 9759 | F +1 646 728 2674
1211 Avenue of the Americas
New York, NY 10036-8704
todd.simpson@ropesgray.com
www.ropesgray.com

---

**From:** David Fry [mailto:dfry@shawkeller.com]
**Sent:** Monday, November 12, 2012 3:33 PM
**To:** sokelly@oebwlegal.com; amayo@ashby-geddes.com; sbalick@ashby-geddes.com; lmaguire@ashby-geddes.com; ajd@procopio.com; vmf@procopio.com; rlp@procopio.com
**Cc:** McCabe, William, J.; Simpson, Todd; Rao, Sasha; Stroy, Brandon; Nair, Meera; SKAlcatelLambda
**Subject:** FW: C.A. No. 10-cv-00487-RGA-CJB Lambda Optical Solutions LLC v. Alcatel Lucent SA et al - NOTICE to Take Deposition of ROD C. ALFERNESS on DECEMBER 10, 2012 by Alcatel Lucent Holdings Inc., Alcatel Lucent USA Inc..(Fry, David)

Counsel,

Please see the attached Notice of Deposition of Rod Alferness, which was filed today.  If you decide to subpoena Dr. Alferness, please contact us and we will accept service on his behalf.  Also, please let us know if there are any issues with the noticed date or time of the deposition.

Best regards,

David Fry
Shaw Keller LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE  19801
(302) 298-0705

dfry@shawkeller.com

---

**From:** ded_nefreply@ded.uscourts.gov [mailto:ded_nefreply@ded.uscourts.gov]
**Sent:** Monday, November 12, 2012 3:21 PM
**To:** ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:10-cv-00487-RGA-CJB Lambda Optical Solutions LLC v. Alcatel Lucent SA et al Notice to Take Deposition


**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of Delaware**

## Notice of Electronic Filing

The following transaction was entered by Fry, David on 11/12/2012 at 3:20 PM EST and filed on 11/12/2012
**Case Name:**          Lambda Optical Solutions LLC v. Alcatel Lucent SA et al
**Case Number:**        1:10-cv-00487-RGA-CJB
**Filer:**              Alcatel Lucent Holdings Inc.
                        Alcatel Lucent USA Inc.
**Document Number:** 262


**Docket Text:**
**NOTICE to Take Deposition of ROD C. ALFERNESS on DECEMBER 10, 2012 by Alcatel Lucent Holdings Inc., Alcatel Lucent USA Inc..(Fry, David)**


**1:10-cv-00487-RGA-CJB Notice has been electronically mailed to:**

Andrew Russell     arussell@shawkeller.com, cal@shawkeller.com

Andrew Colin Mayo     amayo@ashby-geddes.com, jday@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, nmyers@ashby-geddes.com, nstarzi@ashby-geddes.com, sbalick@ashby-geddes.com, sfinnegan@ashby-geddes.com, tlydon@ashby-geddes.com

Anthony Dain     ajd@procopio.com, laj@procopio.com

Brandon H. Stroy     brandon.Stroy@ropesgray.com

David E. Wang     dwang@orrick.com

David Ellis Moore    dmoore@potteranderson.com, lfernandes@potteranderson.com, ntarantino@potteranderson.com, shamlin@potteranderson.com

John W. Shaw    jshaw@shawkeller.com, cal@shawkeller.com

Lauren E. Maguire    lmaguire@ashby-geddes.com, jday@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, nmyers@ashby-geddes.com, sfinnegan@ashby-geddes.com

Richard L. Horwitz    rhorwitz@potteranderson.com, iplitigation@potteranderson.com, lfernandes@potteranderson.com, mbaker@potteranderson.com, shamlin@potteranderson.com

Robin Phillips    rlp@procopio.com, nah@procopio.com

Sasha G. Rao    sasha.rao@ropesgray.com

Sean T. O'Kelly    sokelly@oebwlegal.com

Steven J. Balick    sbalick@ashby-geddes.com, amayo@ashby-geddes.com, jday@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, nmyers@ashby-geddes.com, nstarzi@ashby-geddes.com, sfinnegan@ashby-geddes.com, tlydon@ashby-geddes.com

Todd M. Simpson    todd.simpson@ropesgray.com, courtalert@ropesgray.com

Victor Felix    vmf@procopio.com, mlf@procopio.com

William J. McCabe    william.mccabe@ropesgray.com

**1:10-cv-00487-RGA-CJB Filer will deliver document by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=11/12/2012] [FileNumber=1629818-0] [4ccc8d713b74b4cfbc970bd443930bb047c5d52330b8a4fa9137b0ba9c3f912754 e669c7a0101d13e656fa6b3a43832b464396f57254e0481b4bf45463662376]]

mailgw01.procopio.com made the following annotations
-------------------------------------------------------------------
Mon Nov 26 2012 11:13:59

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This email and any attachments hereto may contain information that is confidential and/or protected by the attorney-client privilege and attorney work product doctrine. This email is not intended for transmission to, or receipt by, any unauthorized persons. Inadvertent disclosure of the contents of this email or its attachments to unintended recipients is not intended to and does not constitute a waiver of attorney-client privilege or attorney work product protections. If you have received this email in error, immediately notify the sender of the erroneous receipt and destroy this email, any attachments, and all copies of same, either electronic or printed. Any

disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.

Federal tax regulations require us to notify you that any tax advice in this electronic message was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties.

----------------------------------------------------------------------

**EXHIBIT K**

**Nair, Meera**

| | |
|---|---|
| **From:** | Phillips, Robin L. <robin.phillips@procopio.com> |
| **Sent:** | Thursday, December 06, 2012 7:04 PM |
| **To:** | Simpson, Todd |
| **Cc:** | McCabe, William, J.; George Pazuniak; John Shaw; Felix, Victor M. |
| **Subject:** | RE: Lambda v. Alcatel-Lucent -- Offer of Dates for Depositions |

Todd:

We are presently focusing our efforts on providing you with amended infringement contentions by December 17, pursuant to the Court's order.  Moreover, we have also scheduled the depositions of Mr. Ali and Dr. Battou for December 18th and 21st (respectively), so we cannot accept your proposed dates for depositions on December 14th, 17th and 18th.  Given our agreement permitting outstanding discovery to be completed subsequent to the new discovery deadline of December 31st, there is no immediate urgency to complete these depositions.  Since we have already scheduled depositions for the week before Christmas, I expect that the remaining depositions will proceed in the new year.  However, we do need to meet and confer with you to arrange the deposition schedule.

Please also note that Victor will be attending the deposition of Dr. Alferness on Monday in person.

Thanks,

Robin

**Robin Phillips**


**Procopio, Cory, Hargreaves & Savitch LLP**
525 B Street, Suite 2200
San Diego, CA 92101
Direct:  619.525.3824
Fax:     619.398.0154
E-mail:  robin.phillips@procopio.com
Website:  www.procopio.com


---

**From:** Simpson, Todd [mailto:Todd.Simpson@ropesgray.com]
**Sent:** Tuesday, December 04, 2012 1:16 PM
**To:** Felix, Victor M.; Phillips, Robin L.
**Cc:** McCabe, William, J.; 'George Pazuniak'; 'John Shaw'
**Subject:** Lambda v. Alcatel-Lucent -- Offer of Dates for Depositions

Victor and Robin,

We offer the following dates for depositions:

Bernard Zucker -- December 14 in R&G NYC offices

Dave Einstein -- December 17 in NJ (possible choices for Lambda are http://www.hotelmurrayhill.com/ or http://grandsummit.com/)

Bill Thompson -- December 18 in NJ (possible choices for Lambda are http://www.hotelmurrayhill.com/ or http://grandsummit.com/)

I will follow up with any corresponding 30(b)(6) designations for these individuals.

Regards,
Todd

**Todd M. Simpson**
**ROPES & GRAY LLP**
T +1 212 596 9759 | F +1 646 728 2674
1211 Avenue of the Americas
New York, NY 10036-8704
todd.simpson@ropesgray.com
www.ropesgray.com

Circular 230 Disclosure (R&G): To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

mailgw01.procopio.com made the following annotations
-----------------------------------------------------------------
Thu Dec 06 2012 16:04:25

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This email and any attachments hereto may contain information that is confidential and/or protected by the attorney-client privilege and attorney work product doctrine. This email is not intended for transmission to, or receipt by, any unauthorized persons. Inadvertent disclosure of the contents of this email or its attachments to unintended recipients is not intended to and does not constitute a waiver of attorney-client privilege or attorney work product protections. If you have received this email in error, immediately notify the sender of the erroneous receipt and destroy this email, any attachments, and all copies of same, either electronic or printed. Any disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.

Federal tax regulations require us to notify you that any tax advice in this electronic message was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties.

-----------------------------------------------------------------

**E X H I B I T L**

**Nair, Meera**

| | |
|---|---|
| **From:** | George Pazuniak <gp@del-iplaw.com> |
| **Sent:** | Monday, December 10, 2012 9:08 PM |
| **To:** | Simpson, Todd |
| **Cc:** | Felix, Victor M. (victor.felix@procopio.com) |
| **Subject:** | RE: Lambda v. Alcatel-Lucent -- Scheduling Mr. Tzathas' Deposition |

Let's schedule right after Alcatel produces its 30b6 witness, so that the California folks need to come over only once.

Unless you have reason to believe that anything is missing, you have all Mr. Tzathas' document production.

George

---

**From:** Simpson, Todd [mailto:Todd.Simpson@ropesgray.com]
**Sent:** Monday, December 10, 2012 8:19 PM
**To:** George Pazuniak
**Cc:** Felix, Victor M. (victor.felix@procopio.com)
**Subject:** Lambda v. Alcatel-Lucent -- Scheduling Mr. Tzathas' Deposition

George,

Please let us know Mr. Tzathas' general availability in January for a deposition.  I do not believe we can fit one into December yet.  Also, please confirm that Mr. Tzathas has completed all document search and production in response to Alcatel-Lucent's requests for production.

Best,
Todd

**Todd M. Simpson**
**ROPES & GRAY LLP**
T +1 212 596 9759 | F +1 646 728 2674
1211 Avenue of the Americas
New York, NY 10036-8704
todd.simpson@ropesgray.com
www.ropesgray.com

Circular 230 Disclosure (R&G): To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**E X H I B I T M**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LAMBDA OPTICAL SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 10-487-LPS |
| ALCATEL-LUCENT SA, *et al.*, | ) ) ) | |
| Defendants. | ) | |
| | ) | |
| ALCATEL-LUCENT USA INC., and ALCATEL-LUCENT HOLDINGS INC., | ) ) ) | |
| Counter-Claimants, | ) ) | |
| v. | ) ) ) | |
| LAMBDA OPTICAL SOLUTIONS LLC, LAMBDA OPTICAL SYSTEMS CORP., and ANASTASIOS TZATHAS, | ) ) ) ) | |
| Counter-Defendants. | ) | |

## DEFENDANTS' DISCLOSURE OF TERMS TO BE CONSTRUED

Pursuant to the Court's Scheduling Order (D.I. 142 and 2-17-2012 Docket Text Order) Defendants Alcatel-Lucent USA Inc., Alcatel-Lucent Holdings Inc., Cisco Systems Inc., and Fujitsu Network Communications Inc. (collectively, "Defendants") hereby disclose the below list of terms to be construed from the asserted claims of the patent-in-suit -- U.S. Patent No. 6,973,229 (the "'229 patent").

Defendants reserve the right to modify this list of terms as discovery progresses, after having received the disclosure of terms to be construed from Plaintiff Lambda Optical

Solutions, LLC, ("Lambda") and at the time when the parties meet-and-confer on their proposed terms and constructions in an attempt reduce and narrow the number of claim construction issues.  To the extent Lambda identifies a term that is not included in the below disclosure of Defendants' terms, Defendants reserve the right to propose a construction for any such term. Defendants further reserve the right to supplement these terms if Lambda amends its list of asserted claims.[1]  Defendants' inclusion of terms in this list does not mean that Defendants contend that any of these terms should be given a meaning other than its ordinary meaning or that Defendants believe at this time that the meaning of any of these terms necessarily will be disputed by the parties.

| **Proposed Term(s) for Construction** | **Claim(s)** |
|---|---|
| "optical access ingress subsystem" / "optical access ingress subsystem which is adapted to receive an optical signal associated with an access network" | All Asserted Claims |
| "optical access egress subsystem" / "optical access egress subsystem which is adapted to direct the optical signal toward an access network" | All Asserted Claims |
| "transport ingress subsystem" | All Asserted Claims |
| "transport egress subsystem" | All Asserted Claims |
| "adapted to selectively provide optical coupling between the transport ingress subsystem and at least one of (1) the optical access egress subsystem, and (2) the transport egress subsystem" | Independent Claim 1 and asserted claims that depend thereon |
| "adapted to selectively provide optical coupling between the transport egress subsystem and at least one of (1) the optical access ingress subsystem and (2) the transport ingress subsystem" | Independent Claim 25 |
| "specified optical input" / "specified optical output" | Dependent Claims 4, 5, 7 and 8 |

---

[1] Lambda asserts '229 patent, claims 1, 2, 4-7, 11, 12, 18, and 25 against all Defendants.  It additionally asserts '229 patent, claim 8 against both Cisco and Fujitsu and '229 patent, claim 3 against Fujitsu.

Dated: March 1, 2012

POTTER ANDERSON & CORROON LLP

*/s/ David E. Moore*

OF COUNSEL:
David E. Wang
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Alyssa Caridis
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
(949) 567-6700

Richard L. Horwitz (No. 2246)
David E. Moore (No. 3983)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
*Attorneys for Defendant Fujitsu Network
Communications, Inc*

SHAW KELLER LLP

*/s/ John W. Shaw*

OF COUNSEL:
William J. McCabe
Todd M. Simpson
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000

Sasha G. Rao
Brandon H. Stroy
ROPES & GRAY LLP
1900 University Avenue
6th Floor
East Palo Alto, CA 94303
(650) 617-4000

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com*Attorneys for
Defendants Alcatel-Lucent USA Inc. and
Alcatel-Lucent Holdings Inc.*

MORRIS, NICHOLS, ARSHT &
 TUNNELL LLP

*/s/ Jack B. Blumenfeld*

OF COUNSEL:
Edward R. Reines
Sonal N. Mehta
Andrew L. Perito
WEIL, GOTSHAL & MANGES, LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Jack B. Blumenfeld (No. 1014)
Karen Jacobs Louden (No. 2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
*Attorneys for Defendant Cisco Systems, Inc.*

## CERTIFICATE OF SERVICE

I, John W. Shaw, hereby certify that on March 1, 2012, this document was served on the

persons listed below in the manner indicated:

### E-MAIL:

Andrew Colin Mayo
Steven J. Balick
Lauren E. Maguire
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
amayo@ashbygeddes.com
sbalick@ashbygeddes.com
lmaguire@ashbygeddes.com
*Attorney for Lambda Optical Systems Corporation*
*Attorneys for Lambda Optical Solutions LLC*

Jack B. Blumenfeld
MORRIS NICHOLS ARSHT & TUNNELL
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
*Attorney for Cisco Systems Inc.*

Karen Jacobs Louden
MORRIS NICHOLS ARSHT & TUNNELL
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
klouden@mnat.com
*Attorney for Tellabs Inc.*

Richard L. Horowitz
David E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899
rhorowitz@potteranderson.com
dmoore@potteranderson.com
*Attorneys for Fujitsu Network Communications Inc.*

Elizabeth Rui He
Jeffrey L. Moyer
RICHARDS, LAYTON & FINGER PA
One Rodney Square
920 N King Street
Wilmington, DE 19801
he@rlf.com
moyer@rlf.com
*Attorneys for Nokia Siemens Networks*

Anthony Dain
Victor Felix
Robin Phillips
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
530 B Street Suite 2100
San Diego, CA 92101
ajd@procopio.com
vmf@procopio.com
rlp@procopio.com
*Attorneys for Lambda Optical Solutions LLC*

Edward R. Reines
Matthew D. Powers
Sonal N. Mehta
WEIL GOTSHAL & MANGES
201 Redwood Shores Parkway
Redwood Shores, CA 94065
edward.reines@weil.com
matthew.powers@weil.com
sonal.mehta@weil.com
*Attorneys for Cisco Systems Inc.*

Allison H. Altersohn
Robert F. Perry
KING & SPALDING
1185 Avenue of the Americas
New York, NY 10036
aaltersohn@kslaw.com
rperry@kslaw.com
*Attorneys for Nokia Siemens Networks*

Daniel N. Christus
Amol Parikh
MCDERMOTT WILL & EMERY
227 West Monroe Street
Chicago, IL 60606
dchristus@mwe.com
amparikh@mwe.com
*Attorneys for Tellabs Inc.*

Amy Elizabeth Evans
CROSS & SIMON, LLC
913 North Market Street, 11th Floor
Wilmington, DE 19801
aevans@crosslaw.com
*Attorney for Anastasios Tzathas*

SHAW KELLER LLP

*/s/ John W. Shaw*
John W. Shaw (No. 3362)
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com

*Attorney for Alcatel-Lucent USA Inc.,*
*Alcatel Lucent Holdings, Inc. and Alcatel Lucent*