IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LAMBDA OPTICAL SOLUTIONS, :
LLC, :
      Plaintiff, :
 :
v. :     Civil Action No. 10-487-RGA-CJB
 :
ALCATEL-LUCENT USA INC. and :
ALCATEL-LUCENT HOLDINGS INC.,:
      Defendants. :

## MEMORANDUM OPINION

Stephen J. Balick, Esq., Lauren E. Maguire, Esq., Andrew C. Mayo, Esq., Ashby & Geddes, Wilmington, DE; Anthony Dain, Esq. Victor M. Felix, Esq., Robin L. Phillips, Esq., Procopio, Cory, Hargreaves & Savitch LLP, San Diego, CA, Attorneys for Plaintiffs.

John W. Shaw, Esq., Shaw Keller LLP, Wilmington, DE; Sasha G. Rao, Esq., Brandon H. Stroy, Ropes & Gray, LLP, East Palo Alto, CA; William J. McCabe, Esq., Todd M. Simpson, Esq., Meera Nair, Esq., Ropes & Gray, LLP, New York, NY, Attorneys for Defendants.

April 11, 2013

ANDREWS, U.S. DISTRICT JUDGE:

The Plaintiff has filed objections (D.I. 241) to a decision of the United States Magistrate Judge. (D.I. 234). The Defendant has responded. (D.I. 248). The matter is now before this Court for a decision.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and FED. R. CIV. P. 72(b) (3), the Court may accept, reject, or modify the recommendations of the magistrate judge. The court may also receive further evidence or return the matter to the magistrate judge with instructions for proceeding. Objections to the Magistrate Judge's conclusions with regard to the legal issue of claim construction are reviewed de novo. 28 U.S.C. § 636(b)(1). The Court assumes familiarity with U.S. Patent No. 6,973,229 and context based on the Magistrate Judge's lengthy opinion.

*1. "Optical access ingress subsystem" / "optical access ingress subsystem which is adapted to receive an optical signal associated with an access network" and "optical access egress subsystem" / "optical access egress subsystem which is adapted to direct the optical signal toward an access network"*

The Magistrate construed the "ingress" terms to mean "a subsystem for receiving one or more optical signals, originating from an access network, which are compliant with the optical network." (D.I. 234 at 45). The Magistrate construed the "egress" terms to mean "a subsystem for directing one or more optical signals, which are compliant with the optical network, toward an access network." *Id.* at 45. Plaintiff objects to the limitation "compliant with the optical network" as limiting the subsystems to receiving and sending only compliant signals. (D.I. 241 at 2).

Whether the optical access subsystems handle only compliant signals depends upon whether the Access Line Interface ("ALI"), which converts non-compliant signals into compliant

2

signals, is part of the optical access subsystems or a separate component. Plaintiff's first argument is generally that the claim language does not restrict the access subsystems to only compliant signals. I agree that the claim language does not describe the signals as compliant or non-compliant. It does not follow, however, that what the inventor invented is *not* limited to compliant signals. The specification, when read carefully, shows throughout that the inventor only contemplated compliant signals. To read the claims as broadly as the Plaintiff does would be to construe the claims to describe something that the inventor did not invent.

Plaintiff next argues that because dependent claims 13 and 14 claim the ALI module that converts non-compliant signals to compliant signals, claim differentiation mandates that the subsystems claimed in independent claim 1 include non-compliant functionality without the ALI module. In fact, claim 1 remains broader than claims 13 and 14 as the Magistrate Judge construed it, by requiring the creation of compliant signals without explicitly requiring an ALI to do it. Therefore, the claim differentiation argument is unpersuasive.

Plaintiff's third argument relies on the PTO's following statement during prosecution, confirming claims 1-26:

> [The prior art does] not specifically disclose that the ingress and egress subsystems are connected to an access network as defined by the ['229 Patent] because [the prior art does] not disclose providing output signals from the egress subsystem via non-ITU-compliant interfaces. Therefore, [the prior art does] not specifically disclose an optical access ingress subsystem, which is adapted to receive an optical signal associated with an access network; or an optical access egress subsystem, which is adapted to direct the optical signal toward an access network as recited in claims 1-26.

(D.I. 242-3 at 8) (Reexamination Office Action dtd. Aug. 25, 2011). Plaintiff asserts that by this statement, the PTO found ALI functionality (referred to as non-ITU-compliant interfaces)

3

to be present in independent claim 1's optical access subsystems even though ALI functionality is only claimed explicitly in dependent claims. Defendant responds that the PTO's statement refers to the access network, not the ALI subsystem, and that Plaintiff agreed to a construction of "access network" that does not address non-compliant wavelengths, which is at odds with Plaintiff's argument here. (D.I. 248 at 6-7). Defendant also responds that the dependent claims' explicit claim of ALI functionality does not mean that functionality is not encompassed by the broader independent claim. *Id.*

The Magistrate's Report and Recommendation does not address this part of the prosecution history. *See* (D.I. 234 at 11-18). The Report discusses the possibility of including the ALI functionality in the optical access subsystems, but that discussion is based on the specification's disclosure of redesigning the switch fabric. *Id.* at 18 (citing '299 Patent, col.23 ll.30-35). This is likely because Plaintiff did not raise this argument in front of the Magistrate. *See* (D.I. 207 at 1-6). The Court will consider it as new evidence under FED. R. CIV. P. 72(b)(3).

In the reexamination office action Plaintiff cites, the Examiner discusses whether ITU-compliant interfaces connect the access network to the claimed ingress/egress subsystems. The Examiner describes prior art references Gottlieb and Johnson as disclosing providing output signals from the egress subsystem via ITU-compliant interfaces, *i.e.*, with ALI functionality, in the context of connecting the ingress/egress subsystems to an access network. (D.I. 242-3 at 8). The Examiner describes the '299 Patent specification as disclosing ingress/egress cards connected to an access network with ITU-compliant and non-compliant wavelengths. In the statement Plaintiff quotes, the Examiner distinguishes Gottleib and Johnson from the '299 Patent "because they do not disclose providing output signals from the egress subsystem via non-ITU-

compliant interfaces." The Examiner concludes Gottleib and Johnson therefore do not disclose the claimed ingress/egress subsystems.

I read this to mean that the claimed access network includes ingress/egress subsystems connected to the access network in such a way that noncompliant output signals can be used; *i.e.*, that there is ALI functionality in the access network or in its connection to the subsystems, not necessarily in the subsystems themselves. The Examiner's point of distinction regards the access network's connection to the subsystems, not the subsystems' functionality as standalone components. This is consistent with the Magistrate Judge's construction, in which the ingress/egress subsystems work with noncompliant signals by working in tandem with the ALI subsystem. The noncompliant functionality is included implicitly in claim 1 by the fact that the whole system works even though the ingress/egress subsystems only directly handle compliant signals. It is also consistent with dependent claims specifying that the noncompliant signals are handled by the ALI subsystem.

Plaintiff's fourth argument points to the patent's use of the labels "ALI/OA" and "OA/ALI" (with "OA" referring to optical access) in Figures 28 and 29 to argue that the patent discloses combined ALI and optical access functionality. The Magistrate Judge addressed these labels, reasoning that they depict functions rather than constituent subsystems and that they depict that the subsystems are independent. (D.I. 234 at 16-18). The Court adopts that analysis in its entirety after reviewing it de novo.

Upon de novo review of the Magistrate Judge's construction of the optical access ingress and egress terms, in addition to the reasoning here, this Court adopts the Magistrate Judge's construction and reasoning.

5

*2. "At least one of"*

The Magistrate construed "adapted to selectively provide optical coupling between the transport ingress subsystem and at least one of (1) the optical access egress subsystem, and (2) the transport egress subsystem" to mean "capable of switching optical signals from the transport ingress subsystem to (1) the optical access egress subsystem and to (2) the transport egress subsystem." The Magistrate construed "adapted to selectively provide optical coupling between the transport egress subsystem and at least one of (1) the optical access ingress subsystem and (2) the transport ingress subsystem" to mean "capable of switching optical signals to the transport egress subsystem from (1) the optical access ingress subsystem, and from (2) the transport ingress subsystem." (D.I. 234 at 34-42, 46). Plaintiff objects to each construction of "at least one of" to mean "and," instead of "at least one of." Plaintiff also objects to the construction of "selectively provide optical coupling" to mean "switching," in which "selectively" modifies the subsystems, instead of the optical coupling.[1] (D.I. 241 at 9-10).

Under Plaintiff's construction, the switching subsystem can connect to *either* the transport egress ("TP") subsystem *or* the optical access egress ("OA") subsystem, *or both*. (D.I. 241 at 8). Under the Magistrate Judge's construction, the switching subsystem is able to connect to *both* the TP subsystem *and* the OA system *and to either one*. (D.I. 234 at 39). Under Plaintiff's construction of "at least one of," the capability of connecting to only one subsystem would be

---

[1] This objection does not seem to change Plaintiff's proposed constructions in any way other than construing "at least one of" to mean "at least one of (1) . . . and (2)." Plaintiff's constructions still include "switching" to at least one of the OA and TP subsystems. (D.I. 241 at 10). Plaintiff's proposed construction is confusing, as "switching" indicates changing from one option to another, which seems to be what Plaintiff seeks to avoid in its proposed construction of "at least one of."

6

sufficient; Plaintiff's construction does not require the switching subsystem to have the capacity to connect alternatively to the TP subsystem and the OA subsystem, and to both. Plaintiff's argument relies entirely upon constructions from other courts and a hypothetical example of Plaintiff's own making. (D.I. 241 at 7-10). This does not disturb the Magistrate Judge's construction, which is based on intrinsic evidence, and which upon de novo review is adopted in its entirety.

An appropriate order will be entered.