# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAMBDA OPTICAL SOLUTIONS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ALCATEL-LUCENT USA INC. and ) | |
| ALCATEL-LUCENT HOLDINGS INC., ) | |
| ) | C.A. No. 10-487-RGA-CJB |
| Defendants. ) | |
| ) | |
| ) | |
| ALCATEL-LUCENT USA INC. and ) | |
| ALCATEL-LUCENT HOLDINGS INC., ) | |
| ) | |
| Counterclaimants, ) | |
| ) | |
| v. ) | |
| ) | |
| LAMBDA OPTICAL SOLUTIONS LLC, ) | |
| LAMBDA OPTICAL SYSTEMS CORP., and ) | |
| ANASTASIOS TZATHAS, ) | |
| ) | |
| Counter-Defendants. ) | |

**LAMBDA OPTICAL SOLUTIONS, LLC'S AND LAMBDA OPTICAL SYSTEMS CORP.'S JOINT BRIEF PURSUANT TO JANUARY 9, 2014, ORDER (D.I. 419)**

*Of Counsel*:

Anthony J. Dain
Victor M. Felix
Robin L. Phillips
PROCOPIO, CORY, HARGREAVES &
   SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101-4469
(619) 238-1900

Dated: January 15, 2014

ASHBY & GEDDES
Steven J. Balick (#2114)
Lauren E. Maguire (#4261)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Lambda Optical Solutions, LLC and Lambda Optical Systems Corp.*

{00822877;v1 }

Lambda Optical Solutions, LLC ("Lambda") and Lambda Optical Systems, Corp. ("LOS") submit the following brief pursuant to the Court's January 9, 2014, Order (D.I. 419):

## I. ARGUMENT

### A. Legal Standard.

Rule 13 governs filing of counterclaims and cross claims; Rule 13(h) specifically governs the addition of a new party to a counterclaim or crossclaim. *Alltech Comms., LLC v. Brothers*, 601 F.Supp.2d 1255, 1260 (N.D. Okla. 2008). Rule 13(h) cannot be used to assert a counterclaim or crossclaim solely against a new party. *Id.*, at 1260-1261; *see also F.D.I.C. v. Bathgate*, 27 F.3d 850, 873 (3rd Cir. 1994); *Brown v. Int'l Union*, 85 F.R.D. 328, 333 (D. Mich. 1980) ["It is well established … that the cross-claim *must include as cross-defendant at least one existing co-party*. An additional party ... may not be brought in where the cross-claim is directed solely against the new party."]; *U.S. ex rel. Branch Consults., L.L.C. v. Allstate Ins. Co.*, 265 F.R.D. 266, 269-270 (E.D. La. 2010); *Microsoft Corp. v. Ion Techs. Corp.*, 484 F.Supp.2d 955, 965 (D. Minn. 2007). Counterclaims asserted solely against a new party must be dismissed even if the new party was properly joined in other counterclaims already asserted against an original party. *CNH Capital America, LLC v. S.E. Aggregate, Inc.*, 2009 WL 1759572, at *5 (S.D. Ga. June 18, 2009). Dismissal of a counterclaim asserted against an original opposing party requires the dismissal of said counterclaim against all non-original parties joined in the dismissed counterclaim. *Shared Diag. Serv., Inc. v. Henningsen*, 602 F. Supp. 428, 430 (E.D. Pa. 1984).

### B. ALU Improperly Asserts Counterclaims Solely Against LOS And Tzathas.

ALU does not dispute that its counterclaims for Breach of Contract (no. 1), Breach of Fiduciary Duty (no. 4), Interference with Contractual Relations (no. 5), and Misappropriation of Trade Secrets (no. 6) are improper as they are asserted *solely* against LOS and Tzathas, non-parties to Lambda's complaint. D.I. 411, pp. 1-2; *Alltech*, 601 F. Supp. 2d at 1260-61; *Bathgate*, 27 F.3d at 873; *Brown*, 85 F.R.D. at 333; *Allstate*, 265 F.R.D. at 269-70; *Microsoft*, 484 F. Supp. 2d at 965; *CNH Capital*, 2009 WL 1759572, at *5. Rather, ALU asks that it be allowed to maintain the claims as it would be time

barred if forced to refile. D.I. 411, p. 2-3. However, there is no legal basis to allow the claims and, in either event, since the claims are conceded to be permissive, they are time barred. D.I. 411, p. 2.

Other than counterclaims, which are not appropriate here, the Federal Rules allow only two other types of claims that may be asserted by a defendant: (1) a third-party claim against "a person not a party;" and (2) a cross-claim against "co-parties," neither of which are applicable here. FRCP 13, 14. A third-party claim pursuant to Rule 14 is limited to instances where the third-party defendant is liable for all or part of the claim against the defendant (i.e., indemnity or contribution claims). FRCP 14; *Schwab v. Erie Lackawanna Railroad Co.*, 438 F.2d 62, 68 (3d Cir. 1971). ALU's claims against Tzathas and LOS are not derivative in nature, i.e., for indemnity or contribution. ALU's claims against LOS and Tzathas are affirmative claims for damages *independent of the outcome of the claims between Lambda and ALU*. A cross-claim may be asserted against co-parties, i.e. parties on the same side of a lawsuit. FRCP 13(g); *Schwab*, 438 F.2d at 65-66. ALU cannot assert cross-claims against LOS and Tzathas, because they are not "co-parties" on the same side of the litigation as ALU.

*CNH Capital* illustrates the point. There, plaintiff filed a breach of contract suit against defendant, SAI. *CNH* Capital, 2009 WL 1759572 at *1. SAI answered and filed fraud and conspiracy counterclaims against CNH and attempted to assert several fraud, RICO, and conspiracy third-party claims against a new party, ACE, under Rule 14. *Id.*, at *2. ACE moved to dismiss the third party claims. *Id.* The Court held that SAI's claims against ACE did not qualify as "third party claims" under Rule 14 because ACE's liability on SAI's claims was not derivative of SAI's liability to CHN's claims, *even if SAI's claims arose out of the same general set of facts as the plaintiff's claims* (i.e., were "inextricably intertwined"). *Id.* at *3-*4. The court also held that SAI's fraud and RICO claims *solely* asserted against new party ACE could not be brought as counterclaims under Rule 13 and dismissed the claims. *Id.*, at *5. The court only allowed SAI to join ACE in its conspiracy counterclaim against CNH pursuant to Rule 13(h) based on the common allegations against CNH and ACE. *Id.* at *1, *4-*5.

Similarly, here the "counterclaims" asserted solely against LOS and Tzathas are not allowed. *Id.*, at *4-*5; *Allstate*, 265 F.R.D. at 269-70. It does not matter that one of the counterclaims at issue (Misappropriation of Trade Secrets) was originally also asserted against Lambda. ALU's dismissal of

this claim against Lambda required the dismissal of this counterclaim against the joined new parties as well. *Henningsen*, 602 F.Supp. at 430. Accordingly, "counterclaims" against LOS and Tzathas that are not also asserted against Lambda must be dismissed.[1]

### C. Rule 18 Does Not Permit Joinder Of New Claims Against LOS And Tzathas.

ALU admits its counterclaims are procedurally infirm, but contends Rule 18 would allow joinder of these additional claims "even if they do not satisfy the rules governing assertion of counterclaims, cross-claims, or third party claims." D.I. 411, p. 2. ALU asserts that Rule 13, when read together with Rule 18, provides a procedural vehicle to assert all its claims against LOS and Tzathas. However, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has *against an opposing party*." FRCP 18(a) [emphasis added]. Rule 18 thus only permits ALU to join whatever claims it has *against Lambda*, the "opposing party." FRCP 13(a)-(b); *Sony Finan. Serv., LLC v. Multi Video Group, LTD.*, 2003 WL 22928602, at *4 (S.D.N.Y. Dec. 12, 2003); *Redd v. Jackson*, 2013 WL 3199690, at *1, fn.1, *3-*4 (E.D. Va. June 21, 2013 ["A defendant can only assert a proper counterclaim against *an opposing party to the original claim*."]; *Allstate*, *supra*, 265 F.R.D. at 269-70; *see also* FRCP 18 (Committee Notes on Rules – 2007 Amendment ["The language of Rule 18 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and *to make style and terminology consistent throughout the rules.*" (emphasis added)]. LOS and Tzatahs, non-parties to the original suit, may only be joined in counterclaims brought against Lambda in order to adjudicate the counterclaims under Rule 13(h). *Allstate Ins. Co.*, 265 F.R.D. at 269-70. The only case cited by ALU in its letter (D.I. 411), *Schwab,* in fact supports this conclusion:

> A counterclaim must, by definition, arise 'out of the transaction or occurrence that is the subject matter of the opposing party's claim'. [citation omitted]. Erie's claim against the third-party defendants was not in response to an 'opposing party's claim' since none of the 'opposing' third-party defendant lodged any claim against Erie.

---

[1] As discussed infra, Tzathas is also improperly joined in ALU's counterclaims for Unfair Competition (no. 8) and Inequitable Conduct (no. 12) asserted against Lambda. The wrongful conduct alleged against Lambda (post-litigation conduct) arises out of a different occurrence and set of facts from the wrongful conduct alleged against Tzathas (pre-litigation conduct) and thus the claims are different (i.e., different "counts" or causes of action) even though titled the same.

*Schwab,* 438 F.2d at 64. Here, LOS and Tzathas do not assert any claims against ALU. D.I. 228, 229. Therefore, Rule 18(a) does not provide a procedural device that would allow ALU to assert additional claims solely against LOS and Tzathas, who are *not* opposing parties.

ALU's reliance on *Schwab* is misguided. In *Schwab*, the Court held it was proper for the defendant to join an additional claim for damages under Rule 18 "for injuries which he received in the same transaction or occurrence" against the third-party defendant because the defendant had properly asserted a *derivative third-party claim* against the third-party defendant pursuant to Rule 14. *Id.*, at 70. *Schwab* found the additional claim to be jurisdictionally proper because "the claim [arose] out of the same set of facts as the claim for liability." *Id.,* at 70-71. Here, ALU has not asserted, and cannot assert, a third-party derivative claim against LOS or Tzathas, or a claim where LOS and Tzathas are deemed an "opposing party" under Rule 18(a).

Moreover, the claims against LOS and Tzathas arise out of a different occurrence and set of facts, i.e., LOS' and Tzathas' alleged misappropriation of trade secrets and their failure to disclose certain MONET articles to the PTO during the original prosecution of the '229 patent (*pre-litigation* conduct); whereas ALU's claims against Lambda are based solely on Lambda's licensing of the '229 patent and alleged misconduct before the PTO during reexamination (*post-litigation* conduct). D.I. 390, pp. 14-20; D.I. 388, pp. 26-27. Because the claims against LOS and Tzathas are not the same as the claims asserted against Lambda, there is no procedural device that permits ALU to assert these additional claims against LOS and Tzathas. See, e.g., *Harris v. Werholtz*, 2012 WL 113607, *4 (D. Kan. 2012) ["While joinder is encouraged for purposes of judicial economy, the 'Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues.'"]; *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007) [under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits."]

    **D.    The Inequitable Conduct And Unfair Competition Claims Against Tzathas Are Based On Different Facts And Therefore Also Impermissible.**

Even though Tzathas is named in two counterclaims asserted against Lambda (i.e., unfair competition and inequitable conduct) the claims against Tzathas are different from the claims asserted

against Lambda. The counterclaims against Tzathas must be dismissed because the allegations against him arise out a transaction and set of facts different from the transaction and facts that form the basis of the claims against Lambda. *See* FRCP 10(b) ["each claim founded on *a separate transaction or occurrence ... must be stated in a separate count*"], 13(h), 19, 20; *Bautista v. L.A. County*, 216 F.3d 837, 840-41 (9th Cir. 2000). The unfair competition and inequitable conduct claims against Tzathas are based on his alleged misappropriation of trade secrets and failure to disclose MONET prior art during original prosecution of the '229 patent. *See, e.g.*, D.I. 390, pp. 14-20. Conversely, the unfair competition and inequitable conduct claims against Lambda are based on Lambda's licensing of the '229 patent, "misrepresentation" of MONET references to the PTO in reexamination, and enforcement of the '229 patent. *See, e.g.*, D.I. 388, pp. 26-27. The adjudication of the claims against Tzathas has no impact on the adjudication of the counterclaims asserted against Lambda in the "common" claims, and therefore Tzathas was improperly joined in these counterclaims.

E. **ALU's Procedural Quandary Is Self-Inflicted.**

ALU concedes its "counterclaims" are permissive[2], but argues that forcing it to dismiss them and re-file them in a new lawsuit would result in claims barred by the statute of limitations. D.I. 411, p. 2-3. ALU self-inflicted its wounds. Lambda, LOS and Tzathas were not required to move to dismiss as they asserted the failure to state a claim as an affirmative defense. Even if the Court were to grant ALU leave to amend its Answer and Counterclaims, Delaware's three year statute of limitations[3] would bar ALU's amended claims. Further, ALU's improper filing was not merely a technical misnaming of the species of claim, it is jurisdictionally defective and there is no vehicle that would allow amendment (i.e., ALU's claims are not counterclaims, third-party claims for contribution, or cross-claims). The only vehicle available is dismissal of these permissive claims. In either event, ALU concedes its claims are permissive; and therefore time barred by the statute of limitations.

---

[2] ALU acknowledges that "[a]dditional claims *may* be joined under Rule 18 . . ." D.I. 411, p. 2; *see* FRCP 18(a). ALU further concedes these claims are not even counterclaims, admitting that its "pleadings may have used the wrong terminology for the additional claims, which were labeled 'counterclaims . . .'" *Id.*

[3] ALU's concession that its claims are permissive, renders ALU's "forum shopping" argument without merit and Delaware's Borrowing Statute and shorter 3-year statute of limitations apply.

|  |  |
|---|---|
| *Of Counsel*:<br><br>Anthony J. Dain<br>Victor M. Felix<br>Robin L. Phillips<br>Procopio, Cory, Hargreaves & Savitch LLP<br>525 B Street, Suite 2200<br>San Diego, CA 92101-4469<br>(619) 238-1900<br><br>Dated: January 15, 2014 | ASHBY & GEDDES<br><br>*/s/ Lauren E. Maguire*<br>_____<br>Steven J. Balick (#2114)<br>Lauren E. Maguire (#4261)<br>Andrew C. Mayo (#5207)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>sbalick@ashby-geddes.com<br>lmaguire@ashby-geddes.com<br>amayo@ashby-geddes.com<br><br>*Attorneys for Lambda Optical Solutions LLC, and Lambda Optical Systems Corp.* |