# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAMBDA OPTICAL SOLUTIONS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ALCATEL-LUCENT USA INC. and ) | |
| ALCATEL-LUCENT HOLDINGS INC., ) | |
| ) | |
| Defendants. ) | |
| ) | Civil Action No. 10-487-RGA-CJB |
| ALCATEL-LUCENT USA INC. and ) | |
| ALCATEL-LUCENT HOLDINGS INC., ) | |
| ) | |
| Counter-Claimants, ) | |
| ) | |
| v. ) | |
| ) | |
| LAMBDA OPTICAL SOLUTIONS, LLC, ) | |
| LAMBDA OPTICAL SYSTEMS CORP., and ) | |
| ANASTASIOS TZATHAS, ) | |
| ) | |
| Counter-Defendants. ) | |

## REPORT AND RECOMMENDATION

In this patent case filed by Plaintiff Lambda Optical Solutions, LLC ("Lambda" or "Plaintiff") against Defendants Alcatel-Lucent USA Inc. and Alcatel-Lucent Holdings Inc. (collectively, "Alcatel" or "Defendants"), Plaintiff alleges infringement of U.S. Patent No. 6,973,229 ("the '229 patent"). Alcatel timely answered Plaintiff's Complaint, and asserted counterclaims against Lambda, Lambda Optical Systems Corporation ("LOS"), and Anastasios Tzathas (collectively, "Counter-Defendants"), one of the named inventors of the '229 patent. Presently before the Court are: (1) Lambda and LOS' Motion to Exclude the Expert Opinions of Dr. Wayne H. Knox Regarding Misappropriation of Trade Secrets (D.I. 374) (the "Knox Motion"); (2) Mr. Tzathas' Motion for Summary Judgment (D.I. 355); and (3) Mr. Tzathas'

Response and Motions Regarding the Redacted Version of Expert Report and Disclosures of Melissa A. Bennis (D.I. 352) (the "Bennis Motion"). For the reasons set out below, the Court orders that the Knox Motion be DENIED as MOOT, recommends that Mr. Tzathas' Motion for Summary Judgment be DENIED, and orders that the Bennis Motion be DENIED as MOOT.

## I. BACKGROUND

### A. The Parties

Lambda is a Delaware limited liability company with its principal place of business in Newport Beach, California. (D.I. 1 at ¶ 1) Defendants are Delaware corporations, with their principal places of business in New Jersey and Texas, respectively. (D.I. 74 at 9 at ¶¶ 1-2) Counter-Defendant LOS is a Delaware corporation with its principal place of business in Reston, Virginia. (*Id.* at ¶ 5) Counter-Defendant Mr. Tzathas is an individual residing in New Market, Maryland. (*Id.* at 10 at ¶ 6)

### B. The '229 Patent

The '229 patent is entitled "Node Architecture for Modularized and Reconfigurable Optical Networks, and Methods and Apparatus Therefor," and was issued on December 6, 2005. (D.I. 178, ex. B)[1] The '229 patent lists three inventors: Mr. Tzathas, Moon W. Kim, and Abdella Battou. (*Id.*) Counter-Defendant LOS is the sole assignee of the '229 patent, and Plaintiff is its exclusive licensee. (D.I. 1 at ¶¶ 32-33) The '229 patent is based on U.S. Application No. 09/795,950, which was filed on February 28, 2001. The '229 patent contains thirty claims, four of which are independent (i.e., claims 1, 25, 26 and 27), and forty-nine figures. The patent

---

[1] The '229 patent appears several times on the docket, including as an exhibit to the parties' Joint Claim Construction Chart. (D.I. 178, ex. B) Further citations will simply be to the "'229 patent."

2

relates to the field of optical networking, which involves transmitting voice, Internet traffic, and other digital data over fiber-optic cables.

### C. Procedural Posture

Plaintiff's Complaint, which was filed on June 4, 2010, originally alleged infringement against 20 Defendants (D.I. 1); other than Alcatel, all of the other originally named Defendants have been dismissed by stipulation. On January 24, 2011, Alcatel timely answered Plaintiff's Complaint, and asserted counterclaims against Counter-Defendants. (D.I. 74) On March 28, 2012, this case was referred by Judge Richard G. Andrews for hearing and resolving all pretrial matters, up to and including the resolution of case-dispositive motions. Briefing on the pending motions was completed by January 8, 2014, and the Court held oral argument on certain of the motions on March 5, 2014. (D.I. 436 (hereinafter, "Tr."))

## II. STANDARD OF REVIEW

A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585 n.10 (1986). If the moving party meets this burden, the nonmovant must then "come forward with specific facts showing that there is a *genuine issue for trial.*" *Id.* at 587 (emphasis in original) (internal quotation marks omitted). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). During this process, the Court will "draw all reasonable inferences in

favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

However, in order to defeat a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586-87; *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks and citation omitted). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Facts that could alter the outcome are "material," and a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted). A party asserting that a fact cannot be—or, alternatively, is—genuinely disputed must support the assertion either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B).

## III. DISCUSSION

### A. The Knox Motion

Dr. Knox's opinions and testimony are only relevant to Alcatel-Lucent's counterclaims for breach of contract (Counterclaim 1), breach of the duty of loyalty (Counterclaim 4), misappropriation of trade secrets (Counterclaim 6), and unfair competition (Counterclaim 8). (D.I. 389 at 7) The Court has previously recommended that summary judgment be granted in Lambda and LOS's favor regarding these counterclaims. (*See* D.I. 445 at 25) Consequently, the Knox Motion is moot.

### B. Mr. Tzathas' Motion for Summary Judgment

The only counterclaims against Mr. Tzathas that were not dismissed prior to the Court's rulings regarding summary judgment were Counterclaims 1, 4, 6, 8, and 12. (D.I. 386) The Court has now recommended that summary judgment be granted in Mr. Tzathas' favor as to Counterclaims 1, 4, 6, and 8. (*See* D.I. 445 at 25) If the recommendation is adopted, only Counterclaim 12 would remain pending against Mr. Tzathas.

With the filing of his Motion for Summary Judgment, (D.I. 355), Mr. Tzathas argues that the Court lacks personal jurisdiction over him, (D.I. 356 at 1-2, 6-7). However, the issue of personal jurisdiction was previously resolved by Chief Judge Leonard P. Stark, (D.I. 139; D.I. 151 at 32-34), in response to Mr. Tzathas' Motion to Dismiss For Lack of Personal Jurisdiction, (D.I. 92). Here, Mr. Tzathas re-raises the same arguments as to the lack of personal jurisdiction that Chief Judge Stark has rejected in the past—and he does so by exclusively pointing to the same prior briefing that Chief Judge Stark reviewed on the issue (briefing that addressed only counterclaims that the Court has since recommended be dismissed via summary judgment). (D.I. 356 at 6-7 (citing D.I. 93, 102))

The law of the case doctrine "limits relitigation of an issue once it has been decided." *In re Continental Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002). Mr. Tzathas may not bring a duplicative motion contesting personal jurisdiction in light of that doctrine. *See, e.g., Chase Bank USA N.A. v. Hess*, Civil Action No. 08-121-LPS, 2011 WL 45132, at *5 (D. Del. Jan. 6, 2011) ("Under the law of the case doctrine, [the District Court's prior] rulings govern the same issues which [the] [d]efendant [] has reiterated in the instant Motion; and, in any event, the Court finds no reason to depart from those rulings."). That is what his request here appears to be, and thus it would be barred by the law of the case doctrine.

Additionally, in regard to the inequitable conduct counterclaim, Mr. Tzathas asserts that he did not participate in prosecution of the '229 patent. (D.I. 356 at 6, 8) Nevertheless, as an inventor, Mr. Tzathas owed a "'duty of candor and good faith'" to the PTO, one that included a duty to disclose material information thereto. *See Bruno Independent Living Aids, Inc. v. Acorn Mobility Servs., Ltd.*, 394 F.3d 1348, 1351 & n.3 (Fed. Cir. 2005) (quoting 37 C.F.R. § 1.56(a) (2004)). Indeed, pursuant to this duty, Mr. Tzathas signed a declaration "acknowledg[ing] the duty to disclose information which is material to patentability[,]" which was submitted to the Patent Office. (D.I. 391, ex. 34 at A190-92) Therefore, at a minimum, a material dispute of fact remains as to whether Mr. Tzathas engaged in inequitable conduct because of his duty to the Patent Office.[2]

---

[2] In his Motion, Mr. Tzathas also argues generally that Alcatel "has failed to produce any evidence" in support of each of the counterclaims brought against him. (D.I. 356 at 8) In response, with respect to its counterclaim for inequitable conduct, Alcatel points to several pieces of evidence in the record, including, *inter alia*: (1) the above-referenced declaration; (2) Mr. Tzathas' admissions that he was a "'leading contributor'" to the '229 patent and (3) made "'significant contributions'" to the MONET project during his time at Lucent; (4) Princeton Optical Systems' ("Princeton") description of itself as being a "'logical outgrowth'" of the

Therefore, to the extent that Mr. Tzathas' arguments regarding summary judgment are not moot, the Court recommends that his Motion for Summary Judgment be denied.

### C. The Bennis Motion

All of the counterclaims evaluated by Ms. Bennis in her expert report that were brought against Mr. Tzathas, (D.I. 361, ex. 1 at 2-3), were either dismissed by stipulation (D.I. 386), or are counterclaims as to which the Court has now recommended that summary judgment be granted in favor of Lambda. LOS and/or Mr. Tzathas, (see D.I. 445 at 25). Therefore, the Bennis Motion is moot.

## IV. CONCLUSION

For the reasons set out above, the Court orders that the Knox Motion (D.I. 374) be DENIED as MOOT, recommends that Mr. Tzathas' Motion for Summary Judgment (D.I. 355) be DENIED, and orders that the Bennis Motion (D.I. 352) be DENIED as MOOT.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.

---

MONET project; (5) Mr. Tzathas' biography on the Princeton website which referred to his MONET experience; (6) the numerous articles and papers published regarding the MONET project, one such paper having been authored by Mr. Tzathas; and (7) expert testimony opining that MONET prior art invalidates the patent. (D.I. 390 at 16-17 (internal citations omitted)) This evidence is sufficient to raise a genuine issue of material fact as to whether Mr. Tzathas committed inequitable conduct by failing to disclose MONET prior art to the PTO during prosecution of the '229 patent. *Cf. TVIIM, LLC v. McAfee, Inc.*, Case No. 13-cv-04545-HSG, 2015 WL 3956313, at *7-9 (N.D. Cal. June 28, 2015) (finding that summary judgment of no inequitable conduct was precluded where defendant alleged that the patentee failed to disclose prior art software programs that certain inventors of the asserted patent had helped to develop and pointed to sufficient record evidence in support thereof, including evidence suggesting that materials on the prior software program disclosed some of the same functions claimed in the patent).

Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: August 7, 2015

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE