IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAMBDA OPTICAL SOLUTIONS LLC, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 10-487-RGA |
| ALCATEL LUCENT USA INC., et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

The Magistrate Judge issued a Report and Recommendation (D.I. 445) concerning the motion for partial summary judgment filed by Plaintiff Lambda Optical Solutions and Counter-Defendant Lambda Optical Systems Corp.[1] (D.I. 359). The Magistrate Judge recommended that the motion be granted. Objections were taken by Defendants, to which Plaintiff and Counter-Defendant have responded. (D.I. 451, 457).

I review the contested issues *de novo*.

The overall issue is whether Defendants' remaining state law counterclaims are barred by the statute of limitations.

The first sub-issue is whether Delaware's three-year statute of limitations, or New Jersey's six-year statute of limitations, should apply. The parties agree that this is an issue to be decided under Delaware law. Further, it is, in my opinion, pretty clear that the Delaware Supreme Court's relevant precedent is not closely enough on point to make the

---

[1] No objection has been taken the Magistrate Judge's recommendation that Mr. Tzathas *sua sponte* be treated as having also moved for summary judgment.

answer an easy one. (*See* D.I. 445 at 10). Nevertheless, I agree with the Magistrate Judge's prediction as to how the Delaware Supreme Court would resolve the issue.

To me, the most important consideration is that the relevant statute literally and expressly results in the three-year statute of limitations being the appropriate statute of limitations. I do not think the Delaware Supreme Court would find a reason to deviate from the plain language of the statute. It is undisputed that Plaintiff did not choose to bring this lawsuit in Delaware for the forum-shopping reasons that Delaware's borrowing statute was designed to prevent.[2] This is thus completely unlike the situation in *Saudi Basic*, where Plaintiff appeared to have brought a declaratory judgment action in Delaware for forum-shopping reasons, and, in particular, to take advantage of Delaware's shorter statute of limitations. It is also difficult to say that using Delaware's statute of limitations "subverts" the "statute's fundamental purpose." As Plaintiff and Counter-Defendant point out (D.I. 457 at p.6), Defendants could have brought their state law counterclaims as a new action in New Jersey (and thereby have obtained the benefits of the New Jersey statute of limitations). Thus, to the extent Defendants object to the application of the Delaware statute of limitations, it is a product of their own choice, not of abuse by Plaintiff. Taken to its logical extreme, Defendants' position would seem to result in a determination that the Delaware borrowing statute does not apply to counterclaims. *Cf. B. Lewis Productions, Inc. v. Bean*, 2005 WL 273298, *2 (D. Del. Jan. 28, 2005) (noting that counterclaims are "actions" under Delaware law, but hinting that maybe they are not for purposes of the borrowing statute). Since I do not anticipate that the Delaware Supreme Court would rewrite a clear statute to benefit Defendants

---

[2] Nor is there any suggestion that Defendants brought their counterclaims in Delaware for some improper purpose.

when Defendants' problems are simply the result of litigation choices they made, I will adopt the Magistrate Judge's recommended legal analysis.

The second sub-issue concerns the application of the three-year statute of limitations to various of Defendants' counterclaims. I agree with the Magistrate Judge, for the reasons he stated, that Defendants, through the "exercise of reasonable diligence," had constructive notice of the trade secret theft no later than December 6, 2005. (D.I. 445 at 18). As for Defendants' claims of tortious interference and unfair competition, I accept, as did the Magistrate Judge, that neither inequitable conduct nor bad faith litigation provides a basis for a New Jersey state law claim of tortious interference or unfair competition. I do not agree with Defendants' argument (D.I. 451 at 15) that the combination of inequitable conduct and bad faith litigation is somehow greater than the sum of the parts as a basis for tortious interference or unfair competition.

Therefore, this 17 day of September 2015, the Report and Recommendation (D.I. 445) is **ADOPTED**. The Motion for Partial Summary Judgment (D.I. 359) is **GRANTED**. Judgment is **GRANTED** against Defendants on Counterclaim Counts 1, 4, 5, 6, 7 and 8. (*See* D.I. 445 at 25; *id.* at 6 n.2).

IT IS SO ORDERED.

<span style="text-align:right;">*Richard G. Andrews*
United States District Judge</span>