IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LAMBDA OPTICAL SOLUTIONS LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 10-487-RGA |
| ALCATEL LUCENT USA INC., et al., | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

The Magistrate Judge issued a Report and Recommendation (D.I. 442) concerning the motion for summary judgment of invalidity filed by Defendants. (D.I. 363). The Magistrate Judge recommended that the motion be denied. Objections were taken by Defendants, to which Plaintiff has responded. (D.I. 446, 452).

I review the contested issues *de novo*.

The main issue decided by the Magistrate Judge is whether Plaintiff presented sufficient evidence to raise an issue whether the asserted anticipatory prior art – the MONET printed publications – are enabling. The Magistrate Judge held that Plaintiff had presented sufficient evidence to raise the issue, and that was therefore a disputed material issue of fact, with the consequence that anticipation could not be decided on summary judgment.

Two preliminary points. One, the briefing before the Magistrate Judge barely focused on the issue. (D.I. 365 [Alcatel's opening brief not addressing it at all]; D.I. 392 at pp. 7-8 [two paragraphs about the law] & at p. 14 [one paragraph about the facts of this

1

case]; D.I. 414 at p.5 & n.5). Two, I suspect the thin briefing was because neither party had focused on the issue. For example, it appears that with the possible exception of the 1996 MONET article, referred to by the parties as "Wagner," neither party's expert offered an opinion on whether the MONET publications are enabling. (As to Plaintiff, *see* D.I. 446, p. 6 n.3 (citing D.I. 395-4 at 11-13 [Plaintiff's expert's enablement opinion only on Wagner]); as to Defendants, *see* D.I. 446 & 452, neither of which cites any expert opinion from Defendants; *see also* D.I. 442 at 13 n.10).

As the Magistrate Judge held, and as I held in a prior case, *see Robocast, Inc. v. Apple, Inc.*, 39 F. Supp. 3d 552, 565 (D. Del. 2014), I presume a prior art printed publication is enabling. In *Robocast*, there were expert opinions that the prior art printed publication at issue was not enabling. If Plaintiff raises a factual issue sufficient to create a disputed issue about enablement, the accused infringer must prove the printed publication is enabling by clear and convincing evidence. *See id.* at 566.

Plaintiff cites *In re Morsa*, 713 F.3d 104 (Fed. Cir. 2013), *cert. denied*, 134 S.Ct. 1317 (2014), in which the Federal Circuit described how the issue should be analyzed, albeit in the context of patent prosecution rather than district court litigation. I do not think the different venue makes any difference, however, to the analysis, with perhaps one caveat, noted in footnote one *infra* The Court of Appeals held:

> The presumption ... is a procedural one—designed to put the burden on the applicant in the first instance to challenge cited prior art; the PTO need not come forward with evidence of enablement before it may rely upon a prior art reference as grounds for a rejection. Once an applicant makes a non-frivolous argument that cited prior art is not enabling, however, the examiner must address that challenge. While an applicant must generally do more than state an unsupported belief that a reference is not enabling, and may proffer affidavits or declarations in support of his position, we see no reason to require such submissions in all cases. When a reference appears to not be enabling on its face, a challenge may be lodged without

2

> resort to expert assistance. Here, [applicant] identified specific, concrete reasons why he believed the short press release at issue was not enabling, and the Board and the examiner failed to address these arguments.
> ....
> First, an examiner must determine if prior art is enabling by asking whether a person of ordinary skill in the art could make or use the claimed invention without undue experimentation based on the disclosure *of that particular document.* While reference to the patent application is appropriate for purposes of determining what the claimed invention is, i.e., what falls within the scope of the claims, the anticipation exercise must assess the enabling nature of a prior art reference in light of the proposed claims.

*Id.* at 110-11 (citations omitted) (emphasis in original).

As Plaintiff notes, whether something is enabling depends upon whether one of ordinary skill in the art could practice the invention without undue experimentation. *Elan Pharms., Inc. v. Mayo Found. For Med. Educ. & Research*, 346 F.3d 1051, 1054-55 (Fed. Cir. 2003). Factors relevant to this determination are the *Wands* factors. *See In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988):

> Factors to be considered in determining whether a disclosure would require undue experimentation ... include (1) the quantity of experimentation necessary, (2) the amount of direction or guidance presented, (3) the presence or absence of working examples, (4) the nature of the invention, (5) the state of the prior art, (6) the relative skill of those in the art, (7) the predictability or unpredictability of the art, and (8) the breadth of the claims.

Thus, I think the dispositive issue for purpose of ruling on the objections is what sort of showing Plaintiff raised about lack of enablement to create a disputed factual issue. Without any relevant expert opinion on enablement,[1] what the record shows is

---

[1] To me, a significant point in *Morsa* is that a POSITA (which, generally-speaking, patent examiners are) was the person being asked to conduct the enablement analysis (of a two-paragraph press release, at that) without the benefit of any relevant expert opinions. Here, the 2000 MONET article, besides for being lengthy, was published in the "Journal of Lightwave Technology," which appears to be a scientific journal, and which currently describes itself as "covering work in all aspects of optical guided-wave science,

3

argument about possibly relevant facts. One possibly relevant fact is that the four MONET articles were published in 1996, 1999, 1999, and December, 2000. (*See* D.I. 446, p. iii, citing to D.I. 370-1, 370-3, 370-4 & 370-5). The Wagner article, which is the one that Plaintiff's expert opines is not enabling, is the 1996 article, and is seven pages long. By contrast, the 2000 article, which is titled, *The MONET Project – A Final Report*, is twenty-two pages long. The five accused products were "launched by" 2001, 2002, 2002, 2002, and 2004. (D.I. 222 at 20, ¶ 64).[2]

The Magistrate Judge concluded that since it was undisputed Defendants "had the benefit of the 'information disclosed in the MONET articles' starting in November 1999," and yet did not launch a commercial product until 2002, that this was evidence of "failures" by Defendants to be able to produce a "commercial optical networking project," thereby suggesting that the disclosures in the MONET articles were non-enabling. (D.I. 442 at 13-14). The other piece of evidence cited by Plaintiff, and relied upon by the Magistrate Judge, was the deposition testimony that, "As of October 30th, 2000, [Lucent] did not have a reconfigurable optical networking product in answer to [the] question [of whether Lucent then had a 'commercially available WDM optical net product'])." (D.I. 397-4 at 99).

In my view, we have an admission that Defendants did not have a particular commercial product at the end of October 2000, a December 2000 document of what is

---

technology, and engineering." In my opinion, I cannot, and a jury could not, make sense of the MONET articles on the enablement question without expert assistance.
[2] It appears that one of the accused products, the LambdaXtreme, was launched in March 2002. (D.I. 395-6 at 25). When the others were more precisely launched is not clear to me. It is also not clear to me what happened to the accused 2001 product so as to make it irrelevant to the enablement discussion. Both parties appear to accept that the 2001 product is irrelevant to the enablement issue.

4

claimed to be an anticipating disclosure, and the introduction of a commercial product in March 2002. The subject matter is complex, and I do not think, under the circumstances of this case, that attorney argument is an adequate substitute for an analysis by a qualified expert. Expert testimony is, without a doubt, needed on the ultimate issue, should we get there, but I think it is also needed to raise the issue.

Thus, on anticipation, I am not going to accept the Magistrate Judge's recommended disposition. I will instead return the matter to the Magistrate Judge, for such handling as he deems appropriate. One possibility would be to consider the enablement challenge resolved, and proceed to the merits of the anticipation arguments. Another possibility would be to allow the parties to amend their expert reports to address the enablement issue. By suggesting these as possibilities, I do not mean to suggest a preference for one or the other, particularly given the Magistrate Judge's greater familiarity with the proceedings in this case.

The Magistrate Judge acknowledged, in connection with obviousness, "In light of the complex technology at issue here, the Court is not prepared to jump to conclusions as to what a [POSITA] would 'readily conclude' on attorney argument alone." (D.I. 442 at 18). I agree with the Magistrate Judge on this. Thus, on obviousness, I will accept the Magistrate Judge's recommended disposition.

Therefore, this 30th day of September 2015, the Report and Recommendation

(D.I. 442) is **ADOPTED IN PART**. The Motion for Summary Judgment of Invalidity (D.I. 363) is **DENIED IN PART AND RETURNED IN PART.**

IT IS SO ORDERED.

United States District Judge