IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAMBDA OPTICAL SOLUTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALCATEL-LUCENT USA, INC. and<br>ALCATEL-LUCENT HOLDINGS INC.,<br><br>Defendants. | Civil Action No. 1:10-cv-00487-RGA-CJB |
| ALCATEL-LUCENT USA, INC., and<br>ALCATEL-LUCENT USA HOLDINGS INC.<br><br>Counter-Claimants,<br><br>v.<br><br>LAMBDA OPTICAL SOLUTIONS LLC,<br>LAMBDA OPTICAL SYSTEMS CORP., and<br>ANASTASIOS TZATHAS,<br><br>Counter-Defendants. | |

**MEMORANDUM ORDER**

The Magistrate Judge issued a Report and Recommendation (D.I. 505) recommending that Defendants' Motion for Summary Judgment of Invalidity (D.I. 363) be denied. Defendants objected to the Report and Recommendation. (D.I. 509). The Report concluded that Plaintiff presented sufficient evidence to raise a dispute of material fact as to whether the asserted prior art MONET references enabled a person of ordinary skill to make the claimed switch subsystem. (D.I. 505 at 25).

I review the contested issues *de novo*. 28 U.S.C. § 636(b) (2012); FED. R. CIV. P. 72(b)(3).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247–49 (1986).

The primary issue is whether any of the prior art MONET references discloses the capability of the switch subsystem to send optical signals to or to receive optical signals from an access network, so as to enable a person of ordinary skill to make the claimed invention. (D.I. 509 at 5).

The parties agree that the Anderson MONET reference does not disclose connections to an optical access network, but they disagree about whether Anderson summarizes the entire MONET project and informs the scope of the other MONET references. (D.I. 392 at 17; D.I. 509 at 9–11). Plaintiff asserts that Anderson summarizes the whole MONET project and discloses that "actual SONET equipment necessary to connect to access networks was never used" in the MONET project. (D.I. 452 at 16; D.I. 392 at 17). Plaintiff also argues that its expert Dr. Smith demonstrates in his report "the lack of disclosure of an access network" for each of the MONET references. (D.I. 392 at 18 (citing D.I. 395 at A142, A156, A166, A168, A170)). Defendants counter that during deposition, Dr. Smith admitted "that MONET is designed to drop signals to an 'access network,'" and that some of the MONET references disclose that "MONET 'could be

2

connected to an access network.'" (D.I. 509 at 12). Relying on Dr. Smith's admission that "client side meant access side," Defendants also assert that the MONET references contain "clear disclosures" of the capability of the switch subsystem to direct optical signals to and to receive optical signals from an access network because they disclose connections to "client networks." (D.I. 509 at 9–10). Dr. Smith's assertions, they contest, "cannot defeat summary judgment by contradicting th[is] plain language [in] the prior art." (D.I. 509 at 9).

These disclosures, however, are not so "clear." None of the references mention an "access network," define "client network," or otherwise explicitly indicate the client network as being external to MONET. Viewing the evidence in the light most favorable to Plaintiff, a reasonable jury could credit Dr. Smith's discussions of the MONET references in his report over the isolated admissions that Defendants present. Thus, I agree with the Magistrate Judge that Plaintiff has presented sufficient evidence to raise a genuine dispute of material fact as to whether the prior art MONET references were enabling.

Therefore, the Report and Recommendation (D.I. 505) is **ADOPTED**. Defendants' Motion for Summary Judgment of Invalidity (D.I. 363) is **DENIED**. The Motion to Strike Expert Report Produced After Deadline (D.I. 492) is **DISMISSED** as moot.

I request a status report from the parties within two weeks addressing how the case should proceed, including how procedurally the enablement issue should be decided in light of the underlying fact dispute.

IT IS SO ORDERED.          Entered this 11 day of September, 2017.

Richard G. Andrews
United States District Judge

3